Tanya N. Lewis (8855)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone:  801.257.1900
tlewis@swlaw.com

*Attorneys for Defendant Synchrony Bank*

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DARRELL CLINT BLOOMQUIST, | **DEFENDANT SYNCHRONY BANK'S NOTICE OF REMOVAL** |
| Plaintiff, | (Removed from Third Judicial District – Salt Lake County District Court, Case No. 269902203) |
| vs. | |
| SYNCHRONY BANK, | Case No. 26-234 |
| Defendant. | Judge |

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Synchrony Bank ("Synchrony") hereby notices removal of the state court civil action known as *Darrell Clint Bloomquist v. Synchrony Bank,* Case No. 269902203 (the "State Court Action"), from the Third Judicial District, Salt Lake County District Court, Salt Lake County, State of Utah (the "State Court"), to the United States District Court for the District of Utah, and in support thereof states as follows.

### I.    BACKGROUND

1.    On or about January 23, 2026, Plaintiff filed a Summons and Complaint in the Third Judicial District, Salt Lake County District Court, Salt Lake County, State of Utah,

4924-3307-4840

captioned *Darrell Clint Bloomquist v. Synchrony Bank,* Case No. 269902203 (the "State Court Action").

2.      The Complaint seeks relief pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

3.      By filing this Notice of Removal, Synchrony does not waive and specifically reserves any and all defenses, exceptions, rights, and motions with respect to the claims asserted in the Complaint, including lack of proper service.  No statement or omission in this Notice shall be deemed an admission of any of the allegations of or relief sought in the Complaint.

4.      As set forth below, this case is properly removed to this Court based on federal question.

## II.      THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1331

5.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

6.      Pursuant to 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

7.      Specifically, this Court has original jurisdiction of this action because Plaintiff's allegations arise under the FDCPA.

## III.      ALL OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED.

8.      Pursuant to 28 U.S.C. § 1441(a), removal to this Court is appropriate because the State Court Action is currently pending in Third Judicial District, Salt Lake County District

2

Court, Salt Lake County, which is located within the geographical boundaries of the United States District Court for the District of Utah.

9.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Synchrony in the State Court Action are attached hereto as Exhibit A.

10.      This Notice of Removal is timely filed with this Court within thirty (30) days of receipt of the Complaint through service as required by 28 U.S.C. § 1446(b), because this Notice of Removal is being filed within thirty (30) days from the date of the filing of the Complaint.

11.      Pursuant to 28 U.S.C. § 1446(b)(2)(a), there are no other defendants so no consent to the removal of the action is required.

12.      Pursuant to 28 U.S.C. § 1446(d), Synchrony has promptly given written notice to Plaintiff by contemporaneously serving this Notice of Removal on counsel for Plaintiff, and Synchrony has filed a Notice of Removal with the Salt Lake County District Court.  A copy of Synchrony's Notice to State Court of Removal to Federal Court without exhibits is attached hereto as Exhibit B.

13.      This case is not precluded from being removed under 28 U.S.C. § 1445 because: (a) it is not brought against a railroad or its receivers or trustees, arising under 45 U.S.C. 51–54, 55–60; (b) it is not brought against a carrier or its receivers or trustees to recover damages for delay, loss or injury of shipments arising under section 11706 or 14706 of title 49; (c) it does not arise under the workmen's compensation laws; and (d) it does not arise under Section 40302 of the Violence Against Women Act of 1994.

WHEREFORE, Synchrony, by counsel, respectfully requests that the above-referenced action, originally filed in the Third Judicial District, Salt Lake County District Court, Salt Lake County, State of Utah, be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

4924-3307-4840

DATED this 23rd day of March, 2026.

SNELL & WILMER L.L.P.


/s/ Tanya N. Lewis
Tanya N. Lewis

*Attorneys for Defendant Synchrony Bank*

4

4924-3307-4840

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, District of Utah by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system and/or to be email or to be mailed, via U.S. first class mail, postage prepaid, addressed to the following

Darrell Clint Bloomquist
1471 S. 200 E.
Salt Lake City, Utah 84115
darrellbloomquist05@gmail.com

Date: March 23, 2026.

/s/ Susan Ballif
An Employee of SNELL & WILMER L.L.P.

4924-3307-4840