# EXHIBIT A

Exhibit A Index

| Date | Document | Exhibit No. |
|---|---|---|
| | Docket – Third Judicial District – County of Salt Lake, State of Utah | Exhibit A-1 |
| 01/23/26 | Filed: Complaint for Violation of the Fair Debt Collection Practices Act | Exhibit A-2 |
| 01/23/26 | Filed: Summons | Exhibit A-3 |
| 02/05/26 | Filed: Certificate of Service | Exhibit A-4 |
| 02/13/26 | Filed: Motion For Default Judgment | Exhibit A-5 |
| 02/13/26 | Filed: Request For Entry of Default | Exhibit A-6 |
| 02/13/26 | Filed: ***PROPOSED*** Order Granting Default Judgment | Exhibit A-7 |
| 02/13/26 | Filed: Notice of Default | Exhibit A-8 |
| 02/17/26 | Filed: Declaration of Darrell Clint Bloomquist | Exhibit A-9 |
| 02/18/26 | Filed: Default Rejection Notice | Exhibit A-10 |
| 02/19/26 | Filed: AMENDED Complaint for Violation of the Fair Debt Collection Practices Act w/ COS | Exhibit A-11 |
| 02/19/26 | Filed: Certificate of Service | Exhibit A-12 |
| 02/25/26 | Filed: Copy of tracking information | Exhibit A-13 |
| 02/25/26 | Filed: Exhibit A - Damages Summary Chart | Exhibit A-14 |
| 03/02/26 | Filed: Request for Order to Show Cause | Exhibit A-15 |
| 03/13/26 | Filed: Motion for Structured Evaluation Protocol | Exhibit A-16 |
| 03/13/26 | Filed: Motion for Judicial Bias Acknowledgment and Mitigation Procedures | Exhibit A-17 |
| 03/13/26 | Filed: Exhibit C Federal Docket | Exhibit A-18 |
| 03/18/26 | Filed: Request for Hearing Date on Motion for Default Judgment | Exhibit A-19 |

| 03/18/26 | Filed: Motion For Default Judgment | Exhibit A-20 |
|---|---|---|
| 03/18/26 | Filed: Updated Declaration In Support of Damages | Exhibit A-21 |
| 03/18/26 | Filed: Correspondence | Exhibit A-22 |

# EXHIBIT A-1

**CASE NUMBER**   269902203 - Debt Collection

CURRENT ASSIGNED JUDGE: AMANDA MONTAGUE

**Parties**

| Relationship | Party | Represented By |
|---|---|---|
| Plaintiff | DARRELL CLINT BLOOMQUIST | |
| Defendant | SYNCHRONY BANK | |

**Events**

| Date | Event |
|---|---|
| January 23, 2026 | Case filed by sophiab |
| January 23, 2026 | Filed: Complaint for Violation of the Fair Debt Collection Practices Act |
| January 23, 2026 | Fee Account created |
| January 23, 2026 | Fee Account created |
| January 23, 2026 | Fee Payment |
| January 23, 2026 | Filed: Summons |
| February 05, 2026 | Filed: Certificate of Service |
| February 13, 2026 | Filed: Motion For Default Judgment |
| February 13, 2026 | Filed: Request For Entry of Default |
| February 13, 2026 | Filed: ***PROPOSED*** Order Franting Default Judgment |
| February 13, 2026 | Filed: Notice of Default |
| February 17, 2026 | Filed: Declaration of Darrell Clint Bloomquist |
| February 18, 2026 | NOTICE for Case 269902203 ID 26065750 |
| February 18, 2026 | Filed: Default Rejection notice |
| February 19, 2026 | Filed: AMENDED Complaint for Violation of the Fair Debt Collection Practices Act w/CoS |
| February 19, 2026 | Filed: Certificate of Service |
| February 25, 2026 | Fee Account created |
| February 25, 2026 | Fee Payment |
| February 25, 2026 | Filed: Copy of tracking information |
| February 25, 2026 | Filed: Exhibit A - Damages Summary Chart |
| March 02, 2026 | Filed: Request for Order to Show Cause |
| March 13, 2026 | Filed: Motion for Structured Evaluation Protocol |
| March 13, 2026 | Filed: Motion for Judicial Bias Acknowledgment and Mitigation Procedures |
| March 13, 2026 | Filed: Exhibit C Federal Docket |
| March 18, 2026 | Filed: Request for Hearing Date on Motion for Default Judgment |
| March 18, 2026 | Filed: Motion For Default Judgment |
| March 18, 2026 | Filed: Updated Declaration In Support of Damages |
| March 18, 2026 | Filed: Correspondence |

**Account Summary**

| Account | Details | | |
|---|---|---|---|
| REVENUE DETAIL - TYPE: COMPLAINT - NO AMT S | Amount Due: | $ | 375.00 |
| | Amount Paid: | $ | 375.00 |
| | Amount Credit: | $ | 0.00 |
| | **Balance:** | | **\* $ 0.00** |

| REVENUE DETAIL - TYPE: COPY FEE | Amount Due: | $ | 0.75 | | |
|---|---|---|---|---|---|
| | Amount Paid: | $ | 0.75 | | |
| | Amount Credit: | $ | 0.00 | | |
| | | | | **Balance:** | **\* $ 0.00** |
| REVENUE DETAIL - TYPE: COPY FEE | Amount Due: | $ | 1.00 | | |
| | Amount Paid: | $ | 1.00 | | |
| | Amount Credit: | $ | 0.00 | | |
| | | | | **Balance:** | **\* $ 0.00** |

# EXHIBIT A-2

Darrell Clint Bloomquist
1471 S. 200 E.
Salt Lake City, Utah 84115
Darrellbloomquist05@gmail.com
801-259-5161

## IN THE THIRD DISTRICT COURT

## SALT LAKE CITY, UTAH 84111

Darrell Clint Bloomquist

Plaintiff,

v.

Synchrony Bank

Defendant.

COMPLAINT

FOR VIOLATION OF THE FAIR DEBT

COLLECTION PRACTICES ACT

CASE# 269902203

JUDGE# Montague

Plaintiff Darrell Clint Bloomquist, by and through his prose counsel and within this Complaint will be referring to himself as the (Plaintiff) or by his proper name (Darrell Clint Bloomquist or Mr. Bloomquist) ...

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

Corporate Disclosure Statement:

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant Synchrony Bank is requested to disclose the following parent corporations and any publicly held corporation owning 10% or more of its stock: Vanguard owns 12.5% of Synchrony Bank's stock as of December 2025, and Capital World Investors owns 10.2% since at least December 2025.

1. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occur here, Plaintiff Darrell Clint Bloomquist resides here, and Defendant Synchrony Bank conducts business here.

3. Plaintiff, Darrell Clint Bloomquist, is a natural person residing in Salt Lake City, Utah, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant, Synchrony Bank and its third-party affiliate Raush Sturm LLP Attorney in this matt are business entities operating as a debt collectors as defined by 15 U.S.C. § 1692a(6).

## COMPLAINT

For this complaint against Defendant Synchrony Bank, Mr. Bloomquist alleges as follows:

## Factual

1. On or about 11/03/2020 Plaintiff was contacted by mail regarding payment due by Synchrony Bank. Plaintiff contacted Synchrony Bank by phone and talked about

cease and desist, explaining the court issues and unlawful arrest that was causing the payment to be late.

2. Defendants contacted the Plaintiff again on 01/25/2021 in an attempt to collect payment again.

3. On 02/05/2021, Plaintiff resent the Cease and desist by certified mail, again requesting the bank follow Federal Debt Collection Practices according to 15 U.S.C. 1692, of which the Defendants failed to do so, placing conflicting interests on the Plaintiffs matters before the Uintah County Utah court.

4. On 08/26/2021 Defendants again contacted the Plaintiff by way of Raush Sturm LLP, Attorney at Law, again placing conflicting interests before an already condemning situation for the Plaintiff.

5. Plaintiff once again on 08/31/2021 immediately sent by certified U.S. mail record of cease and desist sent on 02/05/2021 reminding the financial giant of his need to address his judicial issues in Uintah County.

6. On 05/04/2023, Defendants again while Plaintiff was in Federal Court attempting to governor a very bad, very serious allegation of falsification and fabrication of evidence by the Uintah County, Naples Utah Police Department and State of Utah under case# 2:22-cv-00659 DAK/DBP, *SUMMONS* the Plaintiff by way of the same Attorney Rausch Sturm LLP, imposing conflicts of interest on the Plaintiff and the Federal Court Central Division of Utah, and its Pretrial Court Orders.

7. The Defendant Synchrony Bank though its affiliated third-party Attorney Raush Sturm LLP, threatened the Plaintiff with time limits, judgements, and Rule 60(b) for excusable neglect, a rule the Plaintiff needed to vacate his dismissal.

8. Plaintiff declares that given the situation in the Federal Courts these acts by the Defendant compromised his chances of reinstating his Federal Civil case by Rule 60 of FRCP, and Federal Chief Justice orders for Pretrial Conference.

9. Plaintiff on 05/18/2023 sent a letter via. U.S. certified mail to the Defendant informing them that he received the Summons and informed the Defendant (Synchrony Bank) and their third-party affiliate Rausch Sturm LLP of the multiply times they ignored the cease-and-desist requests and violated the Federal Law and Fair Debt Collection Acts.

10. On July 9, 2024, while trying to recover from the physical and mental disability caused by the Defendants and the State of Utah's Falsified and fabricated charges, Third District court Judge Teresa Welch sent a Notice of Intent to Dismiss, again placing conflicts of interest on the plaintiff.

## Count 1

### Violation of the Fair Debt Collection Practices Act (FDCPA)- Repeated Communication After Cease and Desist

1. On 02/05/2021, the Plaintiff sent a cease-and-desist letter to the Defendant via certified mail, requesting that all communications regarding the alleged debt cease immediately.

2. Despite this, Plaintiff continued to communicate with the Defendant on multiple occasions, including 08/31/2021 by certified mail, 09/08/22 by phone, 05/18/2023 by certified mail.

3. Legal Basis of the Defendants conduct violates 15 U.S.C. § 1692c(c), which prohibits debt collectors from continuing to communicate with a consumer after receiving a cease-and-desist letter.

4. As a result of the Defendant's actions, the Plaintiff has suffered from exacerbated physical, medical and emotional distress, financial harm, and defamatory public relations.

5. The Plaintiff seeks medical, financial, defamatory, and injunction relief on disrupted Federal case#2:22-cv-00659 DAK/DBP, and any other relief deemed necessary by the courts. *Rotkiske v. Klemm 589__2019*

## Count 2

## Violation of the Fair Debt Collection Practices Act (FDCPA) - Unlawful Summons After Cease and Desist

1. On 02/05/2021, the Plaintiff sent a cease-and-desist letter to the Defendant via certified mail, requesting that all communications regarding the alleged debt cease immediately.

2. Despite acknowledging receipt of these letters, the Defendant proceeded to summon the Plaintiff to court regarding the alleged debt, and in doing so placed conflicting interest in the Plaintiffs' Federal civil case.

3. The Legal Basis of the Defendants action violates 15 U.S.C. § 1692e, which prohibits the use of false, deceptive, or misleading representation or means in connection with the collection of any debt.

4. The Harm Caused by the Defendants to the Plaintiff has caused the Plaintiff to experience emotional distress, financial harm, and mental and physical impairment and exacerbated cancerous conditions.

5. As a result of the Defendant's actions, the Plaintiff seeks financial losses regarding Federal Court case#2:22-cv-00659 DAK/DBP specify legal costs and unawarded civil claims in the amount specified in Federal Court, mental and physical destress from exacerbated medical conditions, and defamatory public relations.

## In Conclusion

Plaintiff states respectfully by the Laws and Rules of the court, Defendants Violated his rights to Fair Debt Collection Practices Act (FDCPA):

1. By continued Communication After Cease and Desist: Despite multiple attempts by the Plaintiff to inform Synchrony Bank to cease all communications regarding the

debt respectfully through certified mail, and phone conversations, the Defendant continued to contact the Plaintiff. This action constitutes a violation of 15 U.S.C. § 1692(c), which prohibits debt collectors from communicating with a consumer after receiving a cease-and-desist letter.

2. In the repeated attempts to collect the debt despite being notified not to do so is considered harassment under 15 U.S.C. § 1692d, which prohibits any conduct by the natural consequence of which is to harass, oppress, or abuse any person.

3. In unlawfully summoning the Plaintiff after being informed of the cease and desist violated 15 U.S.C. § 1692e, which prohibits the use of false, deceptive, or misleading representation or means in connection with the collection of any debt.

4. In allowing Third Parties to namely "Rausch Sturm LLP" to collectively demonstrate a disregard for the Plaintiff's rights under the FDCPA and cause greater undue stress and inconvenience.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant for:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d. Such other and further relief as may be just and proper.

Dated: 1/22/26

Darrell Clint Bloomquist

# EXHIBIT 1

Synchrony bank letter 11/03/2020

Synchrony bank letter 01/25/2021

Cease and Desist letter 01/27/2021

Certified mail receipt     Feb 05, 2021

Letter from Raush Sturm LLP dated August 26, 2021

Letter from Darrell Bloomquist dated August 30, 2021

Certified mail receipt for August 30, 2021

Summons by Synchrony Bank 05/04/23

Complaint by Synchrony Bank

Letter to Synchrony Bank from Darrell Bloomquist May 18, 2023

Certified mail receipt 05/18/23

Notice of Intent to dismiss third district court

USPS missed delivery from Synchrony Bank 2/28

Synchrony Bank
P.O. Box 965033
Orlando, FL 32896-5033

11/03/2020

DARRELL C BLOOMQUIST
1471 S 200 E
S SALT LAKE UT 84115-1613

ıl|||ı|ı|ı|ı|ıpı·ı|pııı|İlıııp|ı|ıı|ı|İlı·|·|İlıpı|İlı·|ı||||İlı

**Account Number Ending In: 0433**

Dear DARRELL C BLOOMQUIST,

We are contacting you regarding your CARECREDIT REWARDS MASTERCARD account referenced above.

Our records indicate we did not receive the required payment prior to your most recent due date. Your account is past due and at risk of incurring additional fees and finance charges due to nonpayment.

If this is an oversight, your immediate attention is appreciated. For your convenience, payments can be made online. It is secure and free of charge.

**Log-on to: www.carecredit.com/mastercard**

Mail payments to:

CARECREDIT REWARDS MASTERCARD
PO BOX 960061
ORLANDO, FL 32896-0061

If you cannot make payment of the past due amount today, please call us so we can discuss options and how we can help. Our toll free number is **1-866-793-0872**.

If you have already made this payment, we thank you for bringing your account up to date.

Thank you for being our cardholder.

Sincerely,

Synchrony Bank
1-866-793-0872

Call us Weekdays 8 a.m.- Midnight Weekends 8 a.m.- 6:30 p.m. ET

This is an attempt to collect a debt and any information obtained will be used for that purpose.
Account is owned by Synchrony Bank

Synchrony Bank
P.O. Box 965033
Orlando, FL 32896-5033

107225

F301

01/25/2021

DARRELL C BLOOMQUIST
1471 S 200 E
S SALT LAKE UT 84115-1613

CARECREDIT REWARDS MASTERCARD Account ending in: 0433
Total balance as of 01/25/2021: $4,562.90
Amount due as of 01/25/2021: $1,022.00

## We Need to Hear from You
### Call Us Today 1-866-793-0872

Hello DARRELL C BLOOMQUIST,

Your CARECREDIT REWARDS MASTERCARD account remains seriously delinquent. We need to hear from you by 02/07/2021 to discuss options and prevent further steps to collect this debt.

Your total minimum payment of $1,022.00 is due on 02/07/2021.

**Here's how to make your payment:**

- Log in to your account online at www.carecredit.com/mastercard
- Call us toll-free at 1-866-793-0872
- Mail your payment to:

CARECREDIT REWARDS MASTERCARD
PO BOX 960061
ORLANDO, FL 32896-0061

If you have disputed this debt, please disregard this letter.

If you cannot pay the past due amount today, please call us at 1-866-793-0872 to discuss options and how we may be able to help.

*Please see reverse side for important information*

This is an attempt to collect a debt and any information obtained will be used for that purpose.
Account is owned by Synchrony Bank

# REQUEST TO CEASE AND DISIST
# DEBT COLLECTION ATTEMPT

1/27/2021

Mr. Darrell Bloomquist
1471 s 200 e
Salt Lake City, Utah 84115

To Whom it may concern,

On 05/26/2020 I was contacted by your agency regarding and alleged debt owed. Be it known that I hereby dispute the validity of said debt.

In accordance with the Federal Debt Collection Act 15 USC & 1692, you are hereby ordered to CEASE AND DISIST any and all further attempts to collect this alleged debt. I will work with alleged original creditor, Synchrony Bank, to resolve this matter, as warranted. Please take note that I am declining any attempt from Synchrony Bank or any other collection agency with regards to this matter.

In addition you are hereby requested to inform and/or remove from any reporting agencies this alleged debt that is currently in dispute. I will require documentation that you have complied with this request.

You are also requested to cease and desist contacting me with regards to this matter, unless it is to notify me via U.S. mail that you will be terminating all attempt to collect this alleged debt.

Sincerely,

Darrell Bloomquist

Note: This letter serves as an attempt to compel a debt collector to obey federal law, and any information garnered from this debt used for that sole purpose.

Notice: This agreement form is provided for general information purposes, Before you utilize and/or finalize any legal form, you should contact a lawyer within your jurisdiction to ensure it meets your legal needs, and meets all legal statutes regulations within your jurisdiction.

*Darrell Bloomquist*

account # 5243 0620 0524 0

ostal Service™

# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

Birmingham AL 35210

| Certified Mail Fee | $3.60 | | 0019 |
| $ | | $0.00 | 1° |
| Extra Services & Fees *(check box, add fee as appropriate)* | | | |
| ☐ Return Receipt (hardcopy) | $ | $0.00 | |
| ☐ Return Receipt (electronic) | $ | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 | Here |
| ☐ Adult Signature Required | $ | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $0.55 | | |
| $ | | | 02/05/2021 |
| Total Postage and Fees | $4.15 | | |
| $ | | | |

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 · · · · · · · · · · · · See Reverse for Instructions

7020 0090 0000 5055 5235

# RAUSCH STURM LLP

### ATTORNEYS AT LAW
250 N. SUNNYSLOPE ROAD, SUITE 300
BROOKFIELD WI 53005

CT LICENSE NOS. 1089110; 1606669; 1942762
NYC LICENSE NOS. 2085641; 2081310; 2081311;
2081313; 2093070
YONKERS LICENSE NOS. 10209; 10211; 10210; 10267; 10347
BUFFALO LICENSE NO. CAG19-10049866
NORTH CAROLINA PERMIT NOS.
114083 (WI OFFICE); 114084 (CO OFFICE)

COLORADO ADDRESS:
5500 S. QUEBEC ST., STE. 260
GREENWOOD VILLAGE CO 80111

TOLL FREE: (877) 215-2552 TTY: 711
Fax: (877) 396-4464
LAWFIRMUT@RSIEH.COM
WWW.RAUSCHSTURM.COM
HOURS OF OPERATION:
M-TH 8AM-8PM; F 8AM-6PM CST

August 26, 2021

DARRELL BLOOMQUIST
1471 S 200 E
S SALT LAKE UT 84115-1613

Re: DARRELL BLOOMQUIST
Creditor to Whom the Debt is Owed: Synchrony Bank
Our File Number: 4288393
Account #: ***********0433
Account Balance: $4,738.51

Dear DARRELL BLOOMQUIST:

The above referenced account has been referred to our office. The amount due as of the date of this letter is $4,738.51. Any payments you make on the account should be directed to our office at **250 North Sunnyslope Road, Suite 300, Brookfield, WI 53005**. Checks or money orders should be made payable to SYNCHRONY BANK. Payments can be mailed, made by telephone or made at our website. You can also review information regarding your account at our website. Our website address is https://www.rauschsturm.com.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receipt of this letter that you dispute the validity of the debt or any portion thereof, we will obtain verification of the debt or a copy of a judgment, if any, and mail you a copy of such verification or judgment. Upon your written request within 30 days after receipt of this letter we will provide the name and address of the original creditor, if different from the current creditor.

If you have any questions, please contact us by writing to the address listed above or by calling us at the telephone number listed above.

Yours truly, RAUSCH STURM LLP

ACCREDITED BUSINESS

- DA D060121

*Called on 9/8/22*

# U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Brookfield, WI 53005

| Certified Mail Fee | $3.75 | |
| --- | --- | --- |
| $ | | $0.00 |
| Extra Services & Fees (check box, add fee as appropriate) | | $0.00 |
| ☐ Return Receipt (hardcopy) | $ | $0.00 |
| ☐ Return Receipt (electronic) | $ | $0.00 |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 |
| ☐ Adult Signature Required | $ | $0.00 |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $0.58 | |
| $ | | |
| Total Postage and Fees | $4.33 | |

0020
10

Postmark
Here

08/31/2021

$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3600, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 0640 0001 5212 7803

Darrell C. Bloomquist                                             August 30, 2021

1471 s 200 e

Salt Lake City, Utah 84115

801-949-5114

Darrellbloomquist05@gmail.com


Creditor to whom the debt is owed: Synchrony Bank
File Number 4288393
Account# 5243 0620 0524 0433
Account Balance $4738.51


Dear Rausch Sturm LLP representative for Synchrony Bank,


    We have received your letter regarding the Debt owed to your client Synchrony Bank. The amount is correct respectively $4738.51. We have mailed out a request to cease and disist debt collection letter on 1/27/2021. It is with great misfortune that we are unable to pay the debt at this time. This comes due to falsified and fabricated violations of public trust by the Naples Utah Police Department. These acts of abuse of authority have affected many people, and we are still awaiting proper court management on the issue. Please be aware of our clients' rights and privileges at this time. As of now you and your client are in violation of Federal Law and The Fair Debt Collection Act. We thank you for taking the time to notify us and will be in contact when the issue is resolved.


                Sincerely,

                Darrell C. Bloomquist

Richard A. Russell (Utah Bar #6437)
Attorney for Plaintiff
RAUSCH STURM LLP
9510 W. Sahara Ave., Suite 250
Las Vegas, NV 89117
(877) 215-2552 TTY: 711; **Attorney Direct Phone No. (855)**
**517-6284**
LawfirmUT@rrauschsturm.com

If you do not respond to this document within applicable time limits, judgment could be entered against you as requested. Failure to include the caution language may provide the responding party with a basis under Rule 60(b) for excusable neglect to set aside any resulting judgment or order.

## THIRD JUDICIAL DISTRICT COURT, STATE OF UTAH
## SALT LAKE COUNTY - SALT LAKE

| | |
|---|---|
| Synchrony Bank<br>PLAINTIFF,<br><br>vs.<br><br>DARRELL BLOOMQUIST<br>DEFENDANT(S). | **SUMMONS**<br>**(10 DAY)**<br><br>Case No. 239137151<br>Judge _____<br><br>Our File No. 4288393 |

### THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

You are summoned and required to answer the attached Complaint. Within 21 days after service of this summons, you must file your written answer with the clerk of the court at the following address: 450 SOUTH STATE ST, P.O. BOX 1860, SALT LAKE CITY, UT 84114-1860, and you must mail or deliver a copy to plaintiff's attorneys at the address listed above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint. Within 10 days after service of this summons on you, the Complaint will be filed with the clerk of the court. If the Complaint is not filed with the court within 10 days after service of this summons upon you, then you do not need to file an answer to the Complaint. You may call the clerk of the court at 801/238-7300 at least 14 days after service of this summons upon you to determine if the Complaint has been filed. This is an action to collect for amount owed by you as set forth in the Complaint which is hereby served upon you.

DATED: April 25, 2023

RAUSCH STURM LLP
ATTORNEYS IN THE PRACTICE OF DEBT COLLECTION
/s/ Richard A. Russell
Richard A. Russell (Utah Bar #6437)
Attorney for Plaintiff
RAUSCH STURM LLP

SERVE AT:     DARRELL BLOOMQUIST
1471 S 200 E
S SALT LAKE UT 84115-1613

SERVED
Date: 5/4/23   Time: 7 W PM
By: LR    ID: R112101

Richard A. Russell (Utah Bar #6437)
Attorney for Plaintiff
RAUSCH STURM LLP
9510 W. Sahara Ave., Suite 250
Las Vegas, NV  89117
(877) 215-2552 TTY: 711; **Attorney Direct Phone No. (855) 517-6284**
LawfirmUT@rrauschsturm.com

**If you do not respond to this document within applicable time limits, judgment could be entered against you as requested. Failure to include the caution language may provide the responding party with a basis under Rule 60(b) for excusable neglect to set aside any resulting judgment or order.**

## THIRD JUDICIAL DISTRICT COURT, STATE OF UTAH
## SALT LAKE COUNTY - SALT LAKE

| | |
|---|---|
| Synchrony Bank<br>    PLAINTIFF,<br><br>vs.<br><br>DARRELL BLOOMQUIST<br>    DEFENDANT(S). | **COMPLAINT**<br><br>Case No.<br><br>Judge<br><br>Our File No. 4288393 |

CLAIMS:

### COUNT I

1.  Upon information and belief, Defendant(s) resides in this county. Jurisdiction and venue are proper in this Court.

2.  Plaintiff, or Plaintiff's predecessor in interest, extended credit to Defendant(s) pursuant to a credit account that is currently identified by account number ************0433 (the "credit account").

3.  Plaintiff regularly provided statements to Defendant(s) reflecting activity on the credit account along with the outstanding balances owed on the credit account at the time of the statements.

4.  Defendant(s) expressly, or impliedly promised and agreed to pay the amounts due resulting from use of said account.

5.  The balance agreed to by the parties is $4,738.51.

6.  Plaintiff has made demand upon Defendant(s) for payment of the same, but Defendant(s) failed and/or refused to keep the promise to pay said balance.

## COUNT II

7. Plaintiff hereby re-alleges and incorporates by reference the foregoing allegations in Count I.

8. Equity requires the Defendant(s) to pay the value of the benefits received.

DEMAND:

9. For damages in the amount of $4,738.51;

10. For costs, both pre-judgment and post-judgment; and

11. Any other relief the Court deems just and equitable.

DATED: April 25, 2023

RAUSCH STURM LLP
ATTORNEYS IN THE PRACTICE OF DEBT COLLECTION

BY: _/s/ Richard A. Russell_
Richard A. Russell (Utah Bar #6437)

ATTORNEY CONTACT INFO:
Richard A. Russell
Phone:
E-mail: RRussell2@rauschsturm.com

Darrell C. Bloomquist                                          May 18, 2023
1471 S 200 E.
Salt Lake City, Utah 84115
Darrellbloomquist05@gmail.com


Creditor to whom the debt is owed: Synchrony Bank
File Number 4288393
Account # 5243 0620 0524 0433
Account Balance $4738.51


Dear Rausch Sturm LLP representative for Synchrony Bank,


This letter is to inform you that we have received your Summons on 5/4/23. We have sent a Cease and Disist letter on 1/27/2021, we have also written respectively regarding the matter we are facing at hand that caused the issue of debt on 8/30/2021, it is with great gref that we have to inform you of your violation of the Federal Debt Collection Act 15 USC and 1692. We will continue to work with you in regards to this unfortunate cause of debt. At this time we are in Federal Court under Case # 00659-cv-DAK awaiting jury trial. We will comply with you request and answer the summons with awareness to the correlation of the Rule of Law that are among us. As of now you and your client are in violation of Federal Law and The Fair Debt Collection Act. We thank you for taking the time to notify us and will be in contact according to the laws and rules of the court.


Respectfully,
Darrell C. Bloomquist

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

**For delivery information, visit our website at *www.usps.com®*.**

Las Vegas, NV 89117

| Certified Mail Fee | | | |
|---|---|---|---|
| $ | $4.15 | | 0020 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | | 15 |
| ☐ Return Receipt (hardcopy) | $ | $0.00 | |
| ☐ Return Receipt (electronic) | $ | $0.00 | |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 | Postmark Here |
| ☐ Adult Signature Required | $ | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | $0.00 | |

Postage
$ $0.87

MAY 1 2023
05/18/2023

Total Postage and Fees
$ $5.42

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7022 3330 0000 5435 3923

THIRD JUDICIAL DISTRICT - SALT LAKE COUNTY DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | NOTICE OF INTENT TO DISMISS |
|---|---|
| SYNCHRONY BANK,<br><br>Plaintiff,<br><br><br>VS.<br>DARRELL BLOOMQUIST,<br><br>Defendant. | Case No: 239907151 DC<br><br>Judge: TERESA WELCH<br><br>Date: July 9,2024 |

Notice is hereby given that, due to inactivity, the above entitled matter may be dismissed for lack of prosecution pursuant to Rule 4-103, Code of Judicial Administration. Unless a written statement is received by the court within 20 days of this notice showing good cause why this should not be dismissed, the court will dismiss without further notice.

Date: _____

_____
TERESA WELCH

By _____ District Court Judge _____
ATTORNEY SET AT DIRECTION OF JUDGE

## CERTIFICATE OF NOTIFICATION

I certify that a copy of the attached document was sent to the following people for case 239907151 by the method and on the date specified.

MAIL: DARRELL BLOOMQUIST 1471 S 200 E SOUTH SALT LAKE, UT 84115

EMAIL: RICHARD RUSSELL RRFLORIDALAW@GMAIL.COM

07/09/2024 /s/ LYNETT MCKINNEY

Date: _____ _____

Signature



**UNITED STATES POSTAL SERVICE**

We **Re**Deliver for You!

## Sorry we missed you while you were out.

Date: _2/26_

The item was sent by: _Synchrony Bank_

It was sent to: _Darrell C Bloomquish_

At this address: _14715 200E_

## About the missed delivery:

It was a:

_☒_ Package      _☒_ Letter      _____ Large envelope

Available for pickup after:

Date: _2/28_

This is the:

_☒_ First attempt    ☐ Final notice

We'll hold on to it until: _____

For redelivery, scan the QR code or go to *usps.com/redelivery* and enter the barcode number shown below.

**5293 0604 1026 0985**

## We have item/s for you which we could not deliver because:

☐ It requires a payment of $_____ for:

_____ Postage due    _____ Customs

☐ Receptacle full/item oversized

☐ No secure location available

☐ No authorized recipient available

☒ Signature required (Adult Signature items-must be 21+ years old)

☐ Other: _____

*Please see reverse for redelivery or pickup options.*

PS Form 3849. April 2018

# Utah District Court Cover Sheet for All Civil Actions Except Probate Cases

**Interpretation.** If you do not speak or understand English, the court will provide an interpreter. Contact court staff immediately to ask for an interpreter.

**Interpretación.** Si usted no habla ni entiende el Inglés el tribunal le proveerá un intérprete. Contacte a un empleado del tribunal inmediatamente para pedir un intérprete.

**Plaintiff/Petitioner (First)**
Name: Darrell Clint Bloomquist
Address: 1471 S. 200 E.
City, State, Zip: Salt Lake City, Utah
Phone: 801-259-5161
Email: darrellbloomquist05@Gmail.com

**Defendant/Respondent (First)**
Name: Synchrony Bank
Address: P.O. Box 965033
City, State, Zip: Orlando, Fl 32896-5033
Phone:
Email:

**First Plaintiff/Petitioner's Attorney or Licensed Paralegal Practitioner\***
Name:
Bar Number:

**First Defendant/Respondent's Attorney or Licensed Paralegal Practitioner\***
Name: Richard A. Russell
Bar Number: 6437

**Plaintiff/Petitioner (Second)**
Name:
Address:
City, State, Zip:
Phone:
Email:

**Defendant/Respondent (Second)**
Name: Rausch Sturm LLP, Suite 250
Address: 9570 W. Sahara Ave
City, State, Zip: Las Vegas, NV 89117
Phone: (977) 215-2552

**Second Plaintiff/Petitioner's Attorney or Licensed Paralegal Practitioner\***
Name:
Bar Number:

**Second Defendant/Respondent's Attorney or Licensed Paralegal Practitioner\***
Name: Richard A. Russell
Bar Number: 6437

\*Attorney or LPP addresses provided by Utah State Bar.

**Total Claim for Damages $** Unspecified   **Jury Demand** [ ] Yes [X] No   $250 [ ] Jury Demand

**Schedule of Fees: §78A-2-301** (Choose all that apply. See Page 2 for fees for claims other than claims for damages.)

**CHOOSE ONE:**
[ ] No monetary damages are requested (URCP 26: Tier 2)
[ ] Damages requested are $50,000 or less (URCP 26: Tier 1)
[ ] Damages requested are more than $50,000 and less than $300,000 (URCP 26: Tier 2)
[ ] Damages requested are $300,000 or more (URCP 26: Tier 3)
[ ] Domestic relations (URCP 26: Tier 4)
[X] Damages are unspecified.
    Circle one: Tier 1   Tier 2   (Tier 3)
[ ] This case is exempt from URCP 26. (E)

— — **MOTION TO RENEW JUDGMENT** — —
$45   [ ] Damages $2000 or less

$100   [ ] Damages $2001 - $9,999
$187.50   [ ] Damages $10,000 & over

— — **COMPLAINT OR INTERPLEADER** — —

$90   [ ] Damages $2000 or less
$200   [ ] Damages $2001 - $9999
$375       Damages $10,000 & over
$375   [X] Damages Unspecified

— — **COUNTERCLAIM, CROSS CLAIM, THIRD PARTY CLAIM, OR INTERVENTION** — —
$55   [ ] Damages $2000 or less
$165   [ ] Damages $2001 - $9999
$170   [ ] Damages $10,000 & over

**Choose One**

| Fee | Case Type |
|---|---|
| | **— — — — APPEALS — — — — —** |
| $375 | [ ] Administrative Agency Review |
| Sch | [ ] Tax Court (Appeal of Tax Commission Decision) Court: Refer to Clerk of Court upon filing. |
| $240 | [ ] Civil (78A-2-301(1)(h)) (E) |
| $240 | [ ] Small Claims Trial De Novo (E) |
| $80 | [ ] Municipal Admin. Determination. (E) |
| | **— — — — GENERAL CIVIL — — — —** |
| Sch | [ ] Civil Rights |
| $0 | [ ] Civil Stalking (E) |
| $375 | [ ] Condemnation/Eminent Domain |
| Sch | [ ] Contracts |
| Sch | [ ] Contract: Employment Discrimination |
| Sch | [ ] Contract: Fraud |
| Sch | [X] Debt Collection |
| $375 | [ ] Essential Treatment Intervention (62A-15-1203) |
| Sch | [ ] Eviction/Forcible Entry and Detainer (E) |
| $375 | [ ] Extraordinary Relief/Writs |
| $375 | [ ] Forfeiture of Property (E) |
| Sch | [ ] Interpleader |
| Sch | [ ] Lien/Mortgage Foreclosure |
| Sch | [ ] Miscellaneous Civil |
| $375 | [ ] Post Conviction Relief: Capital (E) |
| $375 | [ ] Post Conviction Relief: Non-capital (E) |
| Sch | [ ] Property Rights |
| $375 | [ ] Registry Removal (Gun/White Collar) |
| Sch | [ ] Sexual Harassment |
| Sch | [ ] Water Rights |
| $375 | [ ] Wrongful Lien |
| Sch | [ ] Wrongful Termination |
| | **— — — — — TORTS — — — — —** |
| Sch | [ ] Automobile Tort |
| Sch | [ ] Intentional Tort |
| Sch | [ ] Malpractice-Medical Tort |
| Sch | [ ] Malpractice-Legal Tort; Other |
| Sch | [ ] Premises Liability |
| Sch | [ ] Asbestos |
| Sch | [ ] Product Liability (NOT Asbestos) |
| Sch | [ ] Slander/Libel/Defamation |
| | **— — — DOMESTIC RELATIONS — — — —** |
| $0 | [ ] Protective Orders (E) |
| $325 | [ ] Marriage Adjudication (T4) |
| $325 | [ ] Divorce/Annulment (T4) |
| | [ ] Check if child support, custody or parent-time will be part of decree |
| | [ ] Check if Temporary Separation filed |

| Fee | Case Type |
|---|---|
| $325 | [ ] Custody/Visitation/Support (T4) |
| $8 | [ ] Vital Statistics §26-2-25 per form |
| $130 | [ ] Counterclaim: Divorce/Separate Maintenance |
| $130 | [ ] Counterclaim: Custody/Visit/Support |
| $170 | [ ] Counterclaim: Paternity/Grandparent Visitation |
| $100 | [ ] Domestic Modification (T4) |
| $100 | [ ] Counter-petition: Domestic Modification |
| $375 | [ ] Grandparent Visitation (T4) |
| $375 | [ ] Paternity/Parentage (T4) |
| $325 | [ ] Separate Maintenance (T4) |
| $35 | [ ] Temporary Separation (E) |
| $35 | [ ] Uniform Child Custody Jurisdiction & Enforcement Act (UCCJEA) (E) |
| $35 | [ ] Uniform Interstate Family Support Act (UIFSA) (E) |
| | **— — — — JUDGMENTS — — — — —** |
| $35 | [ ] Foreign Judgment (Abstract of) (E) |
| $375 | [ ] Foreign Country Judgment (E) |
| $50 | [ ] Abstract of Judgment/Order of Utah Court/Agency (E) |
| $30 | [ ] Abstract of Judgment/Order of Utah State Tax Commission (E) |
| $35 | [ ] Judgment by Confession (E) |
| | **— — — — PROBATE — — — — —** |

Use the **Utah District Court Cover Sheet for Probate Actions for the following:**

Adoptions/foreign adoptions; conservatorships; estate personal rep; foreign probate; gestational agreements; guardianships; minor's settlements; name changes; supervised administration cases; trusts; other probate actions

| Fee | Case Type |
|---|---|
| | **— — — SPECIAL MATTERS — — —** |
| $35 | [ ] Arbitration Award (E) |
| $0 | [ ] Determination Competency-Criminal (E) |
| $0 | [ ] Expungement Petition (E) |
| $0 | [ ] Hospital Lien (E) |
| $35 | [ ] Judicial Approval of Document: Not Part of Pending Case (E) |
| $35 | [ ] Notice of Deposition in Out-of-State Case/Foreign Subpoena (E) |
| $35 | [ ] Open Sealed Record (E) |
| $50 | [ ] Petition for Adjudication of Priority to Funds on Trustee's Sale |
| | **— — — — — —OCAP — — — — — —** (Utah Code §78A-2-501) |
| $20 | [ ] Documents prepared using Online Court Assistance Program (OCAP) |

# EXHIBIT A-3

# SUMMONS

## IN THE THIRD DISTRICT COURT
### SALT LAKE CITY, UTAH 84111

Darrell Clint Bloomquist
Plaintiff,

v.

Synchrony Bank
Defendant.

**SUMMONS**

CASE NO.

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to file an answer in writing to the attached Complaint with the Clerk of the above-entitled Court at 450 South State Street, Salt Lake City, Utah 84111, within 21 days after service of this Summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This Summons is issued pursuant to Rule 4 of the Utah Rules of Civil Procedure.

Date: _1/22/26_

Clerk of Court

_Darrell Clint Bloomquist_
Darrell Clint Bloomquist
1471 S. 200 E.
Salt Lake City, Utah 84115

# EXHIBIT A-4

# CERTIFICATE OF SERVICE

I hereby certify that on the _22_ day of _Jan_ , 2026, I served a true and correct copy of

the foregoing Complaint on the following parties by the method indicated below:

1. Synchrony Bank

   P.O. Box 965033

   Orlando, Fl 32896-5033

   1-866-793-0872

2. Richard A. Russell (Utah Bar #6437)

Attorney for Defendant

9510 W. Sahara Ave, Suite 250

Las Vegas, NV 89117

(855)517-6284

Method of Service: _Certified Mail_

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _Jan 22_ , 2026

FILED District Court
Third Judicial District

FEB 05 2026

Salt Lake County

By: _____
Deputy Clerk

_Darrell C Bloomquist_
Darrell Clint Bloomquist
1471 S. 200 E.
Salt Lake City, Utah 84115
Email: Darrellbloomquist05@gmail.com
Phone: 801-259-5161

269902203
Judg: Montague

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

9589 0710 5270 2531 5904 46

For delivery information, visit our website at *www.usps.com* .

Orlando, FL 32876

| Certified Mail Fee $5.30 | | | |
| $ | | $0.00 | 0019 23 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | | |
| ☐ Return Receipt (hardcopy) | $ | | |
| ☐ Return Receipt (electronic) | $ | $0.00 | |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 | Postmark Here |
| ☐ Adult Signature Required | $ | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage $11.95 | | | JAN |
| $ | | | 01/23/2026 |
| Total Postage and Fees | | | |
| $ | | | |

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9017    See Reverse for Instructions

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

9589 0710 5270 2531 5904 39

For delivery information, visit our website at *www.usps.com* .

Las Vegas, NV 89117

| Certified Mail Fee $5.30 | | | |
| $ | | $0.00 | 0019 23 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | | |
| ☐ Return Receipt (hardcopy) | $ | | |
| ☐ Return Receipt (electronic) | $ | $0.00 | |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 | Postmark Here |
| ☐ Adult Signature Required | $ | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | $0.00 | JAN |
| Postage $11.95 | | | |
| $ | | | 01/23/2026 |
| Total Postage and Fees | | | |
| $ | | | |

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9017    See Reverse for Instructions

# EXHIBIT A-5

## MOTION FOR DEFAULT JUDGMENT

Plaintiff Darrell Bloomquist respectfully moves this Court for entry of Default Judgment against Defendant Synchrony Bank pursuant to Rule 55(b) of the Utah Rules of Civil Procedure.

## RELIEF REQUESTED

Plaintiff requests that the Court enter judgment against Defendant for the relief demanded in the Complaint, including all damages, allowable costs, and any other relief the Court deems just and proper.

## GROUNDS FOR MOTION

1. Defendant Synchrony Bank was properly served with the Summons and Complaint on January 22, 2026.
2. More than twenty-one (21) days have elapsed since service.
3. Defendant has failed to answer, plead, or otherwise defend in this action.
4. The Clerk has entered default pursuant to Rule 55(a) of the Utah Rules of Civil Procedure [or Plaintiff has contemporaneously requested entry of default].

By virtue of Defendant's failure to appear or respond, Defendant is in default, and the factual allegations of the Complaint are deemed admitted for purposes of judgment.

WHEREFORE, Plaintiff respectfully requests that this Court enter Default Judgment against Defendant Synchrony Bank and award Plaintiff the relief requested in the Complaint, together with costs and any further relief deemed appropriate.

DATED this 13th day of February, 2026.

*Darrell Bloomquist*

Darrell Bloomquist

Plaintiff, Pro Se

FILED DISTRICT COURT
Third Judicial District

FEB 13 2026

Salt Lake County

By:_____
Deputy Clerk

26990220 3

# EXHIBIT A-6

# IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

FILED DISTRICT COURT
Third Judicial District

FEB 1 3 2026

By:_____
Salt Lake County

Deputy Clerk

Darrell Bloomquist,

Plaintiff,

v.

Synchrony Bank,

Defendant.

Case No. 269902203

Judge Montague

## REQUEST FOR ENTRY OF DEFAULT

Plaintiff Darrell Bloomquist respectfully requests that the Clerk of Court enter the default of Defendant Synchrony Bank pursuant to Rule 55(a) of the Utah Rules of Civil Procedure.

In support of this request, Plaintiff states as follows:

1. Defendant Synchrony Bank was served with the Summons and Complaint in this action on January 22, 2026, by certified mail.
2. More than twenty-one (21) days have elapsed since service of the Summons and Complaint.
3. Defendant has failed to file an answer or otherwise respond to the Complaint within the time allowed by the Utah Rules of Civil Procedure.
4. Defendant has not appeared in this action.

Accordingly, Plaintiff requests that the Clerk of Court enter the default of Defendant Synchrony Bank.

DATED this 13th day of February, 2026.

_Darrell Bloomquist_

Darrell Bloomquist

Plaintiff, Pro Se

**DECLARATION REGARDING MILITARY STATUS**

I declare under penalty of perjury that Defendant Synchrony Bank is not in military service within the meaning of the Servicemembers Civil Relief Act.

DATED this 13th day of February, 2026.

_Darrell Bloomquist_

Darrell Bloomquist

# EXHIBIT A-7

**PROPOSED ORDER GRANTING DEFAULT JUDGMENT**

This matter having come before the Court on Plaintiff's Motion for Default Judgment pursuant to Rule 55(b) of the Utah Rules of Civil Procedure, and good cause appearing:

IT IS HEREBY ORDERED that Default Judgment is entered in favor of Plaintiff Darrell Bloomquist and against Defendant Synchrony Bank in accordance with the relief requested in the Complaint.

IT IS SO ORDERED.

DATED this ___ day of _____, 2026.

_____

Judge Montague

**Third Judicial District Court**

# EXHIBIT A-8

**NOTICE OF DEFAULT**

TO:
Synchrony Bank
P.O. Box 965033
Orlando, Fl 32896-5033
1-866793-0872

FILED DISTRICT COURT
Third Judicial District

FEB 13 2026

Salt Lake County

By _____
Deputy Clerk

Richard A. Russell (Utah Bar #6437)
Attorney for Defendant
9510 W. Sahara Ave, Suite 250
Las Vegas, Nv 89117
1-855-517-6284

Please take notice that Plaintiff Darrell Bloomquist has filed a Request for Entry of Default with the Clerk of the Third Judicial District Court, Salt Lake County, State of Utah, pursuant to Rule 55(a) of the Utah Rules of Civil Procedure.

The Summons and Complaint in this matter were served upon Defendant on January 22, 2026. More than twenty-one (21) days have elapsed since service, and Defendant has failed to plead or otherwise defend within the time permitted by law.

If the default is entered, Plaintiff may thereafter seek a default judgment against Defendant for the relief requested in the Complaint.

DATED this 13th day of February, 2026.

*Darrell Bloomquist*

Darrell Bloomquist

Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of February, 2026, I caused a true and correct copy of the foregoing Notice of Default to be served upon Synchrony Bank by placing the same in the United States Mail, postage prepaid and certified, addressed as follows:

Synchrony Bank
P.O. Box 965033
Orlando, Fl 32896-5033
1-866793-0872

Richard A. Russell (Utah Bar #6437)
Attorney for Defendant
9510 W. Sahara Ave, Suite 250
Las Vegas, Nv 89117
1-855-517-6284

I declare under penalty of perjury that the foregoing is true and correct.

Darrell Bloomquist

# EXHIBIT A-9

SALT LAKE COUNTY THIRD JUDICIAL DISTRICT COURT
STATE OF UTAH,

Darrell Clint Bloomquist
Plaintiff,

v.

**Synchrony Bank**,
Defendant.


Case No.: 269902203
Judge: MONTAGUE


**DECLARATION OF Darrell Clint Bloomquist IN SUPPORT OF DAMAGESI**, Darrell Clint Bloomquist, declare as follows:


1. I am the Plaintiff in this action pending before the Third Judicial District Court of the State of Utah. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.


**BACKGROUND**


2. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and any applicable Utah law. As a direct and proximate result of Defendant's conduct, I have suffered damages as set forth below.


3. The amounts stated herein are based on civil suite losses, canonical record, unconditional medical conditions, correspondence, case and common law and my personal knowledge. Where exact amounts are still being confirmed, the figures provided are reasonable estimates made in good faith.

**CATEGORIES OF DAMAGES**

1. Actual Damages – Emotional Distress and Mental Anguish

4. Defendant's unlawful debt collection conduct caused me significant stress, anxiety, embarrassment, humiliation, sleep disruption, and emotional distress.

5. As a result, I experienced exacerbated cancerous conditions, anxiety attacks, insomnia, headaches, difficulty concentrating, and strain on family relationships.

6. I estimate the reasonable value of my emotional distress damages to be $10,000,000.00, based on the nature, duration, and severity of the distress experienced and the acts of legislature, courts canons and case and common law.

2. Medical Expenses

7. As a result of the stress and anxiety caused by Defendant's conduct, I sought medical and/or mental health treatment.

8. The estimated cost of such treatment, including office visits, therapy, medication, and related care, is approximately $10,000.00, as reflected in the general public balances of fair treatment.

3. Lost Wages / Loss of Earning Capacity

9. Defendant's conduct caused social disorder effecting person business and cognitive and cognitional relations among the general public and/or reduced my ability to perform my employment duties.

10. I missed approximately 4 years of work at a rate of diminished capacity, resulting in lost wages of irreplaceable living function.

## 4. Property or Economic Losses

11. Defendant's conduct caused additional economic losses, including but not limited to postage, copying costs, credit repair expenses, bank charges, and related out-of-pocket costs.

12. These economic losses total approximately $180.000.00.

## 5. Contractual or Statutory Damages

13. Pursuant to 15 U.S.C. § 1692k(a)(2)(A), I seek statutory damages of up to $1,000.00 for Defendant's violations of the FDCPA.

## 6. Punitive Damages (If Applicable Under State Law)

14. Defendant's conduct was willful, intentional, and/or in reckless disregard of my rights, warranting punitive damages in an amount to be determined by the Court.

## 7. Attorney's Fees and Costs

15. Pursuant to 15 U.S.C. § 1692k(a)(3), I am entitled to recover reasonable attorney's fees and costs. Attorney's fees and costs will be established through a 35% declaration of the requested settlement before the Federal Court Central division of Utah within case #2:22-cv-00659 DAK.

**SUMMARY OF ESTIMATED DAMAGES**

16. Based on the foregoing, my estimated damages are as follows:

- Emotional Distress: $10,000,000.00

- Medical Expenses: $10,000.00

- Lost Wages: $70,000.00

- Economic/Out-of-Pocket Losses: $180,000.00

- Statutory Damages (FDCPA): $1,000.00

- Punitive Damages: To be determined

- Attorney's Fees and Costs: 35% above the settlement awarded

17. I respectfully request that the Court award the above damages, together with any additional relief the Court deems just and proper, at default judgment prove-up, summary judgment, or evidentiary hearing.

## DECLARATION

I declare under criminal penalty of the laws of the State of Utah and the United States of America that the foregoing is true and correct.

Executed on this _17_ day of _Febuary_, 2026, at _Dalt Lake City_.

_Darrell C. Bloomquist_
Darrell Clint Bloomquist

## SUPPLEMENTAL EVIDENTIARY FOUNDATION

18. I am prepared to testify competently at hearing to authenticate the attached exhibits and to provide further detail regarding the computation and basis of each category of damages claimed.

19. The emotional distress described herein is based upon my first-hand experience, contemporaneous observations by family members and associates, and the natural and foreseeable consequences of Defendant's repeated collection activities.

20. The out-of-pocket expenses identified above were actually incurred by me, were reasonably necessary to address issues arising from Defendant's actions, and would not have been incurred but for Defendant's violations of law.

21. My lost wage calculation is based upon my historical earnings, employment records, and my regular rate of pay at the time of the events described, and reflects a reasonable estimate of income actually lost as a direct result of Defendant's conduct.

22. The medical expenses described herein were reasonably necessary for diagnosis and treatment of conditions caused or exacerbated by Defendant's conduct, and the amounts charged are reasonable and customary for similar services in Salt Lake County, Utah.

23. True and correct copies of relevant civil case relations regarding case# 2:22-cv-00659 DAK, Eighth District court Rulings, Complaints of Judicial Misconduct or Disability on Federal Chief Magistrate Dustin B. Pead, Uintah County Attorney's Office requesting record that aligns with violation of cease and desist, billing statements, correspondence, and other supporting documents are attached as exhibits or will be submitted at hearing, and they are maintained in the ordinary course of business by the respective providers.

24. The facts stated in this Declaration are based upon my personal knowledge, my review of records kept in the ordinary course of my personal and business affairs, and documents produced in this action.

25. The exhibits referenced herein are capable of authentication under Rule 901 of the Utah Rules of Evidence through my testimony and/or certification by the respective custodians of records, and I am prepared to authenticate those documents at hearing.

26. To the extent this Declaration relies upon courts canons, medical treatment, and similar documents, such records qualify as records of a regularly conducted activity under Rule 803(6) of the Utah Rules of Evidence, as they were made at or near the time of the events recorded by persons with knowledge and kept in the course of regularly conducted business activity.

27. Pursuant to Rule 701 of the Utah Rules of Evidence, any opinions expressed in this Declaration regarding the value of my damages, including emotional distress and lost income, are rationally based on my perception and are helpful to clearly understanding my testimony and determining facts in issue.

28. Pursuant to Rule 602 of the Utah Rules of Evidence, I have personal knowledge of the matters stated herein, and my testimony is limited to facts and damages of which I have direct knowledge.

**2:22-cv-00659-DAK** Bloomquist v. State of Utah et al
Dale A. Kimball, presiding
**Date filed:** 10/14/2022
**Date terminated:** 09/13/2023
**Date of last filing:** 04/01/2024

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 1 | *Filed & Entered:* 10/14/2022 | ◑ Remark - New Case |
| 2 | *Filed & Entered:* 10/14/2022 | ◑ Notice of Removal |
| 3 | *Filed & Entered:* 10/17/2022 | ◑ Notice of Presiding Magistrate Assignment |
| 4 | *Filed & Entered:* 10/18/2022 | ◑ Order |
| 5 | *Filed & Entered:* 10/20/2022 | ◑ Received Consent to US Magistrate Judge Form |
| 6 | *Filed & Entered:* 10/20/2022 | ◑ Notice of Filing |
| 7 | *Filed & Entered:* 10/21/2022 | ◑ Notice of ADR |
| 8 | *Filed & Entered:* 10/24/2022 | ◑ Received Consent to US Magistrate Judge Form |
| 9 | *Filed & Entered:* 10/25/2022 | ◑ Answer to Complaint (Notice of Removal) |
| 10 | *Filed & Entered:* 11/02/2022 | ◑ Notice of Limited Appearance |
| 11 | *Filed & Entered:* 11/02/2022 <br> *Terminated:* 11/17/2022 | ◑ Motion to Quash |
| 12 | *Filed & Entered:* 11/02/2022 | ◑ Notice of Appearance |
| 13 | *Filed & Entered:* 11/03/2022 | ◑ Notice of Presiding Magistrate Assignment |
| 14 | *Filed:* 11/08/2022 <br> *Entered:* 11/09/2022 | ◑ Received Consent to US Magistrate Judge Form |
| 15 | *Filed & Entered:* 11/09/2022 | ◑ Reassignment to District Judge |
| 16 | *Filed & Entered:* 11/17/2022 | ◑ Order on Motion to Quash |
| 17 | *Filed & Entered:* 11/17/2022 | ◑ Notice From the Court |
| 18 | *Filed & Entered:* 11/21/2022 | ◑ Summons Issued |
| 19 | *Filed & Entered:* 11/21/2022 <br> *Terminated:* 01/31/2023 | ◑ Motion to Remand to State Court |
| 20 | *Filed & Entered:* 11/21/2022 | ◑ Notice of Email Filing and Notification Form |
| 21 | *Filed & Entered:* 11/22/2022 | ◑ Notice of Limited Appearance |
| 22 | *Filed:* 11/22/2022 <br> *Entered:* 11/23/2022 <br> *Terminated:* 01/31/2023 | ◑ Motion for Miscellaneous Relief |
| 23 | *Filed:* 11/22/2022 <br> *Entered:* 11/23/2022 | ◑ Notice of Filing |
| 24 | *Filed:* 11/22/2022 <br> *Entered:* 11/23/2022 <br> *Terminated:* 01/31/2023 | ◑ Motion for Miscellaneous Relief |

| | | | |
|---|---|---|---|
| 25 | Filed:<br>Entered:<br>Terminated: | 11/22/2022<br>11/23/2022<br>01/31/2023 | Motion for Miscellaneous Relief |
| 26 | Filed & Entered: | 11/28/2022 | Return of Service |
| 27 | Filed & Entered: | 12/01/2022 | Summons Issued |
| 28 | Filed & Entered: | 12/01/2022 | Summons Issued |
| 29 | Filed & Entered: | 12/01/2022 | Summons Issued |
| 30 | Filed & Entered: | 12/01/2022 | Summons Issued |
| 31 | Filed & Entered: | 12/02/2022 | Response (NOT to motion) |
| 32 | Filed & Entered:<br>Terminated: | 12/05/2022<br>12/15/2022 | Motion to Quash |
| 33 | Filed:<br>Entered: | 12/05/2022<br>12/07/2022 | Objections |
| 34 | Filed:<br>Entered:<br>Terminated: | 12/05/2022<br>12/07/2022<br>01/13/2023 | Motion to Appoint Counsel |
| 35 | Filed:<br>Entered: | 12/05/2022<br>12/07/2022 | Notice of Filing |
| 36 | Filed:<br>Entered:<br>Terminated: | 12/05/2022<br>12/07/2022<br>01/31/2023 | Motion to Remand to State Court |
| 37 | Filed:<br>Entered:<br>Terminated: | 12/05/2022<br>12/07/2022<br>01/31/2023 | Motion for Entry of Default |
| 38 | Filed:<br>Entered: | 12/05/2022<br>12/07/2022 | Summons Returned Executed |
| 39 | Filed:<br>Entered: | 12/05/2022<br>12/07/2022 | Exhibits |
| 40 | Filed:<br>Entered: | 12/05/2022<br>12/07/2022 | Notice of Filing |
| 41 | Filed & Entered: | 12/12/2022 | Response to Motion |
| 42 | Filed & Entered: | 12/14/2022 | Notice of Withdrawal of Counsel |
| 43 | Filed & Entered: | 12/14/2022 | Waiver of Service Executed |
| 44 | Filed & Entered: | 12/15/2022 | Order on Motion to Quash |
| 45 | Filed & Entered:<br>Terminated: | 12/15/2022<br>01/31/2023 | Motion for Miscellaneous Relief |
| 46 | Filed & Entered: | 12/16/2022 | Notice (Other) |
| 47 | Filed & Entered: | 12/16/2022 | Notice of Deficiency |
| 48 | Filed & Entered: | 12/16/2022 | Notice of Change of Address |
| 50 | Filed:<br>Entered: | 12/16/2022<br>12/19/2022 | Notice of Filing |
| 49 | Filed & Entered:<br>Terminated: | 12/19/2022<br>01/31/2023 | Motion for Miscellaneous Relief |
| 51 | Filed & Entered: | 12/19/2022 | Notice of Appearance |
| 52 | Filed & Entered: | 12/23/2022 | Answer to Complaint (Notice of Removal) |

| | | | |
|---|---|---|---|
| 53 | *Filed:*<br>*Entered:* | 12/24/2022<br>12/27/2022 | Response (NOT to motion) |
| 54 | *Filed:*<br>*Entered:*<br>*Terminated:* | 12/26/2022<br>12/27/2022<br>12/30/2022 | Motion for Entry of Default |
| 55 | *Filed & Entered:* | 12/27/2022 | Memorandum in Opposition to Motion |
| 56 | *Filed:*<br>*Entered:* | 12/28/2022<br>12/29/2022 | Reply Memorandum/Reply to Response to Motion |
| 57 | *Filed & Entered:* | 12/30/2022 | Clerks Order |
| 58 | *Filed & Entered:*<br>*Terminated:* | 01/03/2023<br>01/31/2023 | Motion for Miscellaneous Relief |
| 59 | *Filed & Entered:* | 01/09/2023 | Notice of Filing |
| 60 | *Filed & Entered:* | 01/10/2023 | Order to Propose Schedule |
| 61 | *Filed & Entered:*<br>*Terminated:* | 01/12/2023<br>01/31/2023 | Motion for Miscellaneous Relief |
| 62 | *Filed & Entered:* | 01/13/2023 | Order on Motion to Appoint Counsel |
| 63 | *Filed & Entered:*<br>*Terminated:* | 01/18/2023<br>01/31/2023 | Motion for Miscellaneous Relief |
| 64 | *Filed & Entered:* | 01/23/2023 | Order |
| 65 | *Filed & Entered:*<br>*Terminated:* | 01/25/2023<br>03/16/2023 | Motion to Dismiss for Failure to State a Claim |
| 66 | *Filed & Entered:* | 01/31/2023 | Order on Motion to Remand to State Court |
| 67 | *Filed & Entered:*<br>*Terminated:* | 02/07/2023<br>02/09/2023 | Motion for Scheduling Order |
| 68 | *Filed & Entered:*<br>*Terminated:* | 02/08/2023<br>03/16/2023 | Motion for Judgment on the Pleadings |
| 69 | *Filed & Entered:* | 02/09/2023 | Order on Motion for Scheduling Order |
| 70 | *Filed & Entered:*<br>*Terminated:* | 02/09/2023<br>02/10/2023 | Motion for Miscellaneous Relief |
| 71 | *Filed & Entered:* | 02/10/2023 | Order on Motion for Miscellaneous Relief |
| 72 | *Filed & Entered:* | 02/22/2023 | Reply Memorandum/Reply to Response to Motion |
| 73 | *Filed & Entered:* | 02/22/2023 | Certificate of Service |
| 74 | *Filed & Entered:*<br>*Terminated:* | 03/07/2023<br>03/16/2023 | Report and Recommendations |
| 75 | *Filed & Entered:* | 03/13/2023 | Objection to Report and Recommendations |
| 76 | *Filed & Entered:* | 03/16/2023 | Order Adopting Report and Recommendations |
| 77 | *Filed & Entered:*<br>*Terminated:* | 08/03/2023<br>09/13/2023 | Motion for Summary Judgment |
| 78 | *Filed & Entered:* | 08/03/2023 | Notice of Nonelectronic Filing |
| 79 | *Filed:*<br>*Entered:* | 08/04/2023<br>08/07/2023 | Notice of Filing |
| 80 | *Filed & Entered:* | 08/07/2023 | Notice of Filing |
| 81 | *Filed & Entered:* | 08/07/2023 | Sealed Document |
| 82 | *Filed & Entered:* | 08/07/2023 | Motion for Sanctions |

| | | | |
|---|---|---|---|
| | Terminated: | 09/13/2023 | |
| 83 | Filed:<br>Entered: | 08/07/2023<br>08/08/2023 | Exhibits |
| 84 | Filed & Entered: | 08/21/2023 | Notice of Filing |
| 85 | Filed & Entered: | 09/01/2023 | Response (NOT to motion) |
| 86 | Filed & Entered: | 09/06/2023 | Memorandum in Opposition to Motion |
| 87 | Filed & Entered: | 09/12/2023 | Notice (Other) |
| 88 | Filed & Entered: | 09/12/2023 | Order |
| 89 | Filed & Entered: | 09/12/2023 | Stipulation of Dismissal |
| | Filed & Entered: | 09/13/2023 | Terminated Case |
| 90 | Filed:<br>Entered:<br>Terminated: | 09/14/2023<br>09/15/2023<br>10/17/2023 | Motion to Vacate |
| 91 | Filed & Entered: | 09/18/2023 | Memorandum in Opposition to Motion |
| 92 | Filed & Entered: | 10/06/2023 | Reply Memorandum/Reply to Response to Motion |
| 93 | Filed & Entered:<br>Terminated: | 10/06/2023<br>10/10/2023 | Motion for Entry of Default |
| 94 | Filed & Entered: | 10/10/2023 | Clerks Order |
| 95 | Filed & Entered: | 10/17/2023 | Order on Motion to Vacate |
| 96 | Filed & Entered:<br>Terminated: | 02/28/2024<br>04/01/2024 | Notice of Appeal |
| 97 | Filed & Entered:<br>Terminated: | 02/28/2024<br>04/01/2024 | Transmission of Preliminary Record to USCA |
| 98 | Filed & Entered:<br>Terminated: | 03/04/2024<br>11/13/2024 | Motion for Leave to Appeal in forma pauperis |
| 99 | Filed & Entered:<br>Terminated: | 03/07/2024<br>04/01/2024 | USCA Case Number |
| 100 | Filed & Entered:<br>Terminated: | 03/08/2024<br>04/01/2024 | USCA Order |
| 101 | Filed & Entered: | 04/01/2024 | USCA Mandate |

EIGHTH DISTRICT COURT - VERNAL
UINTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| STATE OF UTAH<br>Plaintiff, | \* **RULING ON DEFENDANTS MOTION**<br>\* **TO SUPPRESS**<br>\* |
| vs. | \* Case 201800034<br>\* Senior Judge: Edwin T. Peterson |
| DARRELL CLINT BLOOMQUIST,<br>Defendant. | \* |

The Court, having heard evidence under oath, having considered the briefs filed by the parties, and having reviewed the video recording of the relevant portions of the body cam video of the interaction between the Arresting Officer (hereinafter "Officer") and the Defendant finds as follows:

### RELEVANT FACTS

1. On 30 December, 2019, the Officer maintains he observed the Defendant's vehicle proceeding northbound on Highway 40 in Naples, Utah, at approximately 2600 or 2700 South in the left lane of travel.

2. The roadway in the area in question consists of two northbound lanes, two southbound lanes and a divider lane marked with solid and dashed lines indicating a turning lane for both north and southbound lanes.

3. The officer maintains he observed the Defendant's vehicle left tire briefly enter the divider lane by approximately two feet. The Officer then maintains the vehicle corrected into the left lane of travel and briefly entered the right lane of travel by one foot. The Vehicle then re-entered the left northbound lane. The Officer testified that he was unsure if there was another vehicle between his patrol truck and the Defendant's vehicle. The Officer then activated his overhead lights and the vehicle pulled over to the right hand side of the roadway, presumably moving from the left northbound lane to the right northbound lane and thence to the right hand shoulder of the road. The Defendant's vehicle stopped prior to reaching 2250 South. The totality of the Officer's observations were therefore between 3.5 and 4.5 blocks including the time and distance it took the Defendant's vehicle to change lanes and to move to the shoulder of the road after having observed the Officers overhead lights. The movement presumably was accomplished in a safe and legal manner (no suggestion being made otherwise by the Officer).

4. The Officer testified that the actual time of day was approximately 3:54 p.m. The Officer testified that the recording time on the body cam video was incorrect, however the Court will rely on those time stamps for purposes of this ruling for time sequence only. The Officer also maintained that his patrol vehicle was not equipped with a dash cam, so there is no evidence for the Court to review regarding the stated driving pattern.

5. The Officer made contact with the Defendant at 22:52:47.

6. The defendant opened the car door less than an inch and attempted to hand the Officer his drivers licence over the top of the window. Instead of taking the offered licence at the top of the window the video body cam shows the Officer reaching inside the vehicle door and pushing the car door open with his right hand to take the drivers licence. At 22:53:47 the Defendant advised the Officer he had come from Colorado. The Officer thereafter maintains that he could smell the odor of "marijuana". The Officer maintained he had 23 years of field experience dealing with marijuana. The Officer, however could not recall if what he perceived was burnt, fresh or some other manifestation of marijuana.

7. The Officer immediately ordered the Defendant out of the vehicle and began questioning the Defendant, not about his driving, but regarding drug use. The Officer maintained that the Defendant was being vague ("...he did use the concept of it's been a while or it's not been recent, which didn't give me the actual time"). When the Defendant did not admit to using marijuana recently the Officer testified " I pushed a little more."

8. The Officer then maintained that the Defendant was "escalating", "rising in attitude, temperature, and demeanor". The Officer's written report, which was created contemporaneously with the event, stated the Defendant "started getting angry and out of control". At 22:55:16 the Defendant was placed in handcuffs for what the Officer described as "his safety and mine" and called for backup. The Officer continued to question the Defendant and based his search of the vehicle on his stated belief he smelled marijuana of some sort.

## ANALYSIS

The facts of the case are based upon two general sources: 1. The objective evidence of the recording of the incident by the Officer's body cam, and; 2. The subjective recollection of the facts presented by the Officer in testimony and his written report. The video body cam footage and the Officer's testimony differ substantially, and thus the Officer's recollection and credibility are at issue. For example, he could not recall if there was a vehicle between his patrol truck and the defendants's vehicle in the period of time before the stop. He also bases his search of the vehicle on the smell of marijuana but does not recall what he smelled. Therefore the best evidence is the recording of the events and the reasonable interpretation thereof.

In the instant case, the Officer's estimate of one quarter of a mile or 3.5 to 4.5 blocks, geographically, wasn't the time of observation until the Officer activated his overheads but the entirety of the time from observation until the Defendants vehicle actually came to a complete

stop. Applying common sense, if the Officer actually observed a less than perfect driving pattern, he couldn't have observed that driving pattern for more than a block of two. Even in a light most favorable to the State, the driving pattern was to a great degree de minimis.

In *State v Van Dyke*, 223 P.3d 465, (Ut. App. 2009), and *State v. Bello*, 871 P. 2d 584, 585 (Ut. Ct App. 1994) the Appellate Courts found that minor traffic movements, without sufficient observation, did not allow a sufficient amount of time or factual basis to provide law enforcement adequate facts to determine if the driver was "engaging in .... criminal behavior". In *Van Dyke*, the observation was over the course of nine and one half blocks and in *Bello* the observation was "two miles". Here the observations of the Officer were therefore so brief and inadequate to create probable cause or reasonable suspicion that the driver was engaging in criminal behavior to the degree a stop of the vehicle was lawful.

After the above referenced stop, the Officer approached the Defendant's vehicle and, as opposed to accepting the drivers license as proffered, over the top of the window (an adequate and reasonable way for a driver to provide law enforcement with documents in a generic traffic situation, particularly on a cold late December afternoon), the Officer reached into the vehicle and fully opened the door with his right hand while taking the license. His entry into the vehicle compartment was without justification.

After the above referenced entry, the Officer claims that he smelled the odor of marijuana and immediately ordered the Defendant out of his vehicle. It is, again, extremely puzzling to the Court that the Officer, who stated he has 23 years of experience and training in narcotics intervention, cannot recall whether he smelled burnt, fresh, or some other kind of marijuana. The Officer then, after having detained the Defendant, began to question him regarding drug use without advising him of his rights pursuant to *Miranda*. The State has conceded that this was a violation of the Defendant's constitutional rights. The Officer testified the Defendant was, in his opinion uncooperative, so he "pushed a little more". When this admittedly unconstitutional behavior did not result in a satisfactory answer the Officer maintained the Defendant was "escalating", "rising in attitude, temperature, and demeanor". The Officer's written report stated the Defendant "started getting angry and out of control". The Officer then arrested the Defendant by placing him in handcuffs.

The Court has carefully reviewed the video body cam of this episode, which from the Defendant being ordered out of his vehicle to handcuffing took approximately 1 minute 30 seconds. During that entire period of time there was absolutely no behavior on the part of the Defendant that was remotely angry or hostile. The Defendant was fully cooperative with the Officer and merely asked what he had done. The Officer's testimony, and most importantly his written report which was made contemporaneously with the incident, are factually untrue and draw into question the credibility of the Officer's entire testimony, including but not limited to the supposed driving pattern.

The Court in making the final determination regarding the issues is required to determine the credibility of the witnesses as to what actually occurred and then to apply the applicable legal standard to those facts to determine the ultimate issue presented applying a totality of the circumstances analysis. In the instant case, without determining what credibility the Court should give the Officer's testimony and taking that testimony at face value, the Court finds that observations stated by the Officer were inadequate to provide a lawful basis for stopping the Defendant's vehicle under controlling Utah law. The entirety of the State's case hinges upon the testimony of the Officer, and as observed above, the credibility of that recollection and resulting

testimony is questionable, particularly the claim that the defendant was out of control, which the Court finds was clearly not the case.

## FINDING

Applying a totality of the circumstances analysis, the court finds that the Defendant was improperly stopped, his vehicle was entered improperly, he was questioned unconstitutionally, and arrested without basis. The Court finds the search of the Defendants vehicle was a violation of his Constitutional rights.

THEREFORE,    The Defendant's Motion to Suppress in granted in its entirety.

DATED this ___14___ day of July, 2022.

Senior Judge Edwin T. Peterson

Judicial Council of the Tenth Circuit

# COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

To begin the complaint process, complete this form and prepare the brief statement of facts described in item 4 (below). The Rules for Judicial-Conduct and Judicial-Disability Proceedings, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters. The Rules are available in federal court clerks' offices, on individual federal courts' websites, and on www.uscourts.gov.

Your complaint (this form and the statement of facts) should be typewritten and must be legible. For the number of copies to file, consult the local rules or clerk's office of the court in which your complaint is required to be filed. Enclose each copy of the complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the circuit executive. **Do not put the name of any judge on the envelope.** Please mail your complaint to:

**Office of the Circuit Executive**
**United States Courts for the Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80257**

1. Name of Complainant: _Darrell Clint Bloomquist_
   Contact Address: _1471 S. 200 E_
   _Salt Lake City, Ut 84115_
   Daytime telephone: _(801) 259-5161_

2. Name(s) of Judge(s): _Dustin B. Pead_
   Court: _Central Division District of Utah_

3. Does this complaint concern the behavior of the judge(s) in a case?
   [✗] Yes          [  ] No

   If "yes," give the following information about each case:
   Court: _Central Division of Utah_
   Case Number: _2:22-cv-00659_
   Docket number of any appeal to the ____69____ Circuit: _United States_

Page 1 of 2

Are (were) you a party or lawyer in the case?

[ X ] Party          [  ] Lawyer          [  ] Neither

If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

_____

_____

_____

4.      **Brief Statement of Facts**. Attach a brief statement (no more than 5 pages) of the specific facts on which the claim of judicial misconduct or disability is based. Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation.

5.      **Declaration and signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

(Signature)_Darrell Blomquist_   (Date)_1/13/26_

01/13/2026

Brief Statement of Facts:

As we were in judicial process of civil case 2:22-cv-00659 Darrell Bloomquist v. State of Utah, Officers Leonard Isaacson, Nathan Simper, Kimberly Kay, and Mark Watkins we noticed the Chief Justices using (EAT) in parentheses and the Defense for the Naples officers using (SIC). After investigating the actions Pursuant to ARTICLE II of Misconduct and Disability we believed the Chief Justice and Defense for the Naples Police to be engaging in improper Ex-Parte communications. We believe this conduct occurs outside the performance of official duties and causing a prejudicial effect on the administration of pretrial ordered conference.

Chief Justice Dustin B. Pead Granted 'Motion for Joint Scheduling Order (ECF No.67) and did so pursuant to Fed. R. Civ. P. 16 allowing matters to be scheduled, which stated the times and deadlines set forth therein could not be modified without the approval of the court and on showing of good cause pursuant to Fed. R. Civ. P. 6.

Chief Justice Dustin B. Pead did not show any signs of mental disability or record any health problems with the court to alienate any cause for his inability to provide his ordered calendar pretrial agreement.

We believe that the Chief Justices choice to associate with words in parentheses not referenced in the Judicial process of Federal administrations and failing to uphold his orders

as described in his own text before the parties of civil negotiations imparted the Due Process of law and rights of the plaintiff causing significant delays disrupting and preventing both parties from receiving a timely resolution, a fundamental aspect of fair treatment within the law governed by the United States Courts.

Signature: _Darrell Boomquist_

**United States Courts for the Tenth Circuit**
**Office of the Circuit Executive**
**1823 Stout Street**
**Denver, Colorado 80257**
**(303) 335-3151**

Leslee Fathallah
Circuit Executive

Amy DeVan
Deputy Circuit Executive

January 30, 2026

Mr. Darrell Clint Bloomquist
1471 S. 200 E.
Salt Lake City, UT 84115

Re:  **Darrell Clint Bloomquist. v. Magistrate Judge Dustin B. Pead**
Judicial Complaint No. **10-26-90002**

Dear Mr. Bloomquist:

Your complaint against Magistrate Judge Dustin B. Pead under the Judicial Conduct and Disability Act was received in this office and assigned the case number referenced above.

Any future correspondence in this misconduct matter should be directed to my office. I will notify you of any actions taken on the complaint. In accordance with Tenth Circuit Misconduct Rule 8.2. I am providing a copy to Chief Circuit Judge Jerome A. Holmes, Chief District Judge Jill N. Parrish. and to the subject of the complaint, Magistrate Judge Dustin B. Pead.

Sincerely,

Leslee Fathallah
Circuit Executive

cc:  Chief Circuit Judge Jerome A. Holmes
Chief District Judge Jill N. Parrish
Magistrate Judge Dustin B. Pead

Darrell Bloomquist
1471 South 200 East
Salt Lake City, Ut 84115

801-259-5161

# United States District Court District of Utah

Darrell Bloomquist

V,

Dustin B. Pead

28 U.S.C. CHAPTER 16
COMPLAINT OF JUDICIAL MISCONDUCT

Case # 10-26-90002

Circuit Executive: Leslee Fathallah

## COMPLAINT OF JUDICIAL MISCONDUCT

The undersigned respectfully states that this Complaint of Judicial Misconduct was filed with the United States Court of Appeals for the Tenth Circuit and assigned Complaint No. 10-26-9002. Notice of receipt of the complaint was received on January 30, 2026

### .PROCEDURAL BACKGROUND

This judicial misconduct complaint is submitted pursuant to 28 U.S.C. §§ 351–364 and the Rules for Judicial-Conduct and Judicial-Disability Proceedings. The complainant, Darrell Bloomquist, is a litigant affected by the conduct described herein.

On January 30, 2026, the complainant received formal notice acknowledging receipt of this Complaint of Judicial Misconduct by the United States Court of Appeals for the Tenth Circuit. The matter was assigned Complaint No. 10-26-9002. This filing is intended to invoke the statutory and administrative review process established by Congress to address misconduct or disability on the part of federal judges.

The complainant understands that this proceeding is administrative in nature, is not a substitute for appeal, and seeks review solely of conduct alleged to be prejudicial to the effective and expeditious administration of the business of the courts.

## SUBSTANTIVE ALLEGATIONS OF JUDICIAL MISCONDUCT

Pursuant to 28 U.S.C. § 351(a), this complaint alleges conduct by United States Magistrate Judge Dustin B. Pead that constitutes judicial misconduct within the meaning of Chapter 16, in that the actions described below are alleged to be prejudicial to the effective and expeditious administration of the business of the courts.

### 1. Failure to Perform Judicial Duties / Undue Delay

It is alleged that Judge Pead failed to timely perform required judicial duties in matters involving the complainant. Such failures include unreasonable delay in ruling on pending motions and/or addressing matters properly before the Court, thereby impairing the orderly adjudication of the proceedings and causing prejudice to the complainant.

### 2. Conduct Demonstrating Bias or Appearance of Bias

It is further alleged that Judge Pead engaged in conduct or made statements that, viewed objectively, demonstrate bias or the appearance of bias against the complainant. Such conduct is alleged to undermine public confidence in the impartiality of the judiciary and the fair administration of justice.

### 3. Conduct Prejudicial to the Effective and Expeditious Administration of the Courts

The complainant alleges that the cumulative effect of Judge Pead's actions and omissions constitutes conduct prejudicial to the effective and expeditious administration of the business of the courts within the meaning of 28 U.S.C. § 351(a). This complaint is not based solely on disagreement with judicial rulings, but on the manner and circumstances in which judicial authority is alleged to have been exercised.

### 4. Good-Faith Basis for Complaint

This complaint is submitted in good faith and in reliance on 28 U.S.C. §§ 351–364 and the Rules for Judicial-Conduct and Judicial-Disability Proceedings. The complainant respectfully submits that the allegations warrant review, investigation, and such action as may be appropriate under the statute.

## REQUEST FOR ACTION

WHEREFORE, the complainant respectfully requests that the Chief Judge and the Judicial Council of the United States Court of Appeals for the Tenth Circuit review this complaint pursuant to 28 U.S.C. §§ 351–364 and the Rules for Judicial-Conduct and Judicial-Disability Proceedings; determine that the allegations warrant further review or investigation; and take such

corrective, remedial, or disciplinary action as may be appropriate to ensure the effective and expeditious administration of the business of the courts.

The complainant further requests any other relief deemed just and proper under the circumstances, consistent with the administrative nature of these proceedings.

## DECLARATION AND SIGNATURE

I declare under penalty of perjury that the statements made in this Complaint of Judicial Misconduct are true and correct to the best of my knowledge, information, and belief.

Dated: 2/4/2026

Respectfully submitted,

Darrell Bloomquist
Complainant

Darrell Bloomquist
1471 South 200 East
Salt Lake City, Ut 84115

801-259-5161

# United States Court of Appeals
# Tenth Circuit

In re Complaint of Judicial Misconduct
Darrell Bloomquist Under 28 U.S.C. §§ 351–364
COMPLAINT OF JUDICIAL MISCONDUCT

Case No. 10-26-90002

Against

Magistrate Judge Dustin B. Pead
United States District Court for the District of Utah

Circuit Executive: Leslee Fathallah

## COMPLAINT OF JUDICIAL MISCONDUCT

## I. JURISDICTION AND AUTHORITY

This complaint is submitted pursuant to 28 U.S.C. §§ 351–364 (Chapter 16), which authorizes complaints of judicial misconduct against United States judges, including Magistrate Judges, for conduct prejudicial to the effective and expeditious administration of the business of the courts.

## II. JUDGE SUBJECT TO COMPLAINT

This complaint concerns Magistrate Judge **Dustin B. Pead** of the United States District Court for the District of Utah.

## III. STATEMENT OF FACTS

## III. STATEMENT OF FACTS
A. Academic and Professor Relationships Creating an Appearance of Impropriety (Canons 1 and 2)

Magistrate Judge Pead engages in academic instruction and professional involvement in educating future members of the legal profession. Although academic service by judges is not prohibited, the circumstances presented here give rise to an appearance of impropriety that implicates Canons 1 and 2 of the Code of Conduct for United States Judges. Canon 1 requires judges to uphold the integrity and independence of the judiciary, and Canon 2 requires judges to avoid impropriety and the appearance of impropriety in all activities.

When a judicial officer who holds authority over litigants simultaneously occupies an instructional role shaping future members of the legal system, and then appears to disregard ethical or procedural obligations in active litigation, it creates a reasonable perception that judicial standards are unevenly applied. This perception—regardless of intent—undermines public confidence in the judiciary and constitutes an impermissible appearance of impropriety under Canons 1 and 2.

## B. Failure to Appear at Ordered Civil Pretrial Conference (Canon 3)

On August 7, 2023, Magistrate Judge Pead issued an order scheduling and requiring attendance at a civil pretrial conference in the underlying matter. Despite mandating compliance by the parties, Magistrate Judge Pead failed to appear for the conference without advance notice or explanation on the record.

Canon 3 requires judges to perform the duties of judicial office diligently, promptly, and competently. A judge's nonappearance at an ordered proceeding—particularly one for which litigants are subject to sanctions for noncompliance—reflects a lack of diligence and accountability and disrupts the orderly administration of justice. This conduct creates a double standard that is prejudicial to the effective and expeditious administration of the business of the courts within the meaning of 28 U.S.C. § 351(a).

## IV. GROUNDS FOR MISCONDUCT

The conduct described above constitutes judicial misconduct under 28 U.S.C. § 351(a) and the Code of Conduct for United States Judges because it:

- Violates Canon 1 by undermining confidence in the integrity and independence of the judiciary;
- Violates Canon 2 by creating an appearance of impropriety through conduct inconsistent with ethical and procedural standards imposed on litigants;
- Violates Canon 3 by failing to perform judicial duties diligently and by engaging in conduct prejudicial to the effective and expeditious administration of the business of the courts.

## V. REQUESTED RELIEF

Complainant respectfully requests that the Judicial Council:

- Conduct a formal investigation into the conduct of Magistrate Judge Dustin B. Pead;

- Order appropriate corrective action, including recusal or reassignment from matters involving the complainant, if warranted;
- Grant any other relief deemed just and proper to preserve public confidence in the integrity and impartiality of the judiciary.

## VI. DECLARATION

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated: 2/6/2026

Respectfully submitted,

Darrell Bloomquist

*Darrell Bloomquist*

# UINTAH COUNTY ATTORNEY'S OFFICE

641 East 300 South, Suite 200, Vernal , UT 84078



**Gregory M. Lamb,** County Attorney
**Jaymon J. Thomas,** Chief Deputy Criminal Division

February 27, 2020

Attn:   Clerk/Records of 3rd District Court Salt Lake
        Matheson Court House
        P.O. Box 1860
        Salt Lake City, UT 84114-1860

RE:     Certified Copy of Prior Conviction(s)
        Darrell Clint Bloomquist
        DOB: 05/11/1970
        Case No.  201800034 (Uintah County pending case)

Court Clerk/Records,

Mr. Bloomquist criminal history shows that he has prior conviction
from your court, as follows:

**Case No. 981920755 – Felony Aggravated Assault**

Please send us certified/exemplified copies of this prior
conviction.  He has been charged in our jurisdiction, and we plan to
the above-listed conviction as an enhancement to the charges in our
case.

Thank you for your help in this matter.  Please mail these to:

Uintah County Attorney's Office
641 East 300 South, Suite 200
Vernal, Utah 84078

We agree to pay any reasonable fee you may have in place in
connection

Sincerely Yours,

Amorette Merrill
(435) 781-5438
amorette@uintahcountyattorney.org
Legal Secretary for Gregory M. Lamb

GL/am

**Phone:** 435.781.5436          **Fax:** 435.781.5428          **Civil Office:** 435.781.5432

# Social Security Administration
## Billing Statement
Important Information

Western Program Service Center
P.O. Box 2000
Richmond, California  94802-1791
Date:  May 18, 2020
BNC#:  20IV956K86938-01

ı|ıı|ııı|ıı|l|ıııı|ı|ı|ıı|ıl|ıl|ıı|l|ıl|ıı|ıllll|ıı|ıll|ı|ı|ıl

0005038 0031844      1 FP  0.460     0514M3REC5PI T87 P9
DARRELL C BLOOMQUIST
1471 S 200 E
SALT LAKE CITY UT 84115-1613

| | |
|---|---|
| AMOUNT DUE | $54,058.20 |
| Balance From Previous Statement | $54,058.20 |
| New Balance | $54,058.20 |
| PAYMENT OF NEW BALANCE OR AMOUNT DUE MUST REACH US BY | June 3, 2020 |

**Past Due Payment**

This statement concerns an overpayment of Social Security benefits paid to DARRELL C BLOOMQUIST, A.

We have not received the $54,058.20 payment that was due by May 3, 2020. You MUST repay this money to the Social Security Administration.  Please send us the payment right away.

If we don't receive the amount due, we can collect the money owed us:

- from Federal income tax refunds or other Federal payments you may be due (including withholding a portion of your Federal salary if you are an employee of the United States), or
- from State income tax refunds or other State payments you may be due, or
- from future Social Security benefits, or
- through a Federal court lawsuit, or
- by ordering your employer to withhold and send us a portion of your pay.

We can also report your overdue debt to credit bureaus.

To request to repay a smaller amount monthly over a longer period of time, please call us at the telephone number below.

C                                        See Next Page

# EXHIBIT A-10

# THIRD JUDICIAL DISTRICT - SALT LAKE COUNTY DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| DARRELL CLINT BLOOMQUIST,<br>Plaintiff,<br><br>vs.<br>SYNCHRONY BANK,<br>Defendant. | DEFAULT REJECTION NOTICE<br><br><br>Case No: 269902203 DC<br><br>Date: February 18,2026 |

We are unable to enter the default judgment/certificate in this case for the following reasons:

Title of the person served for a corporation is not stated.

Notes: A Registered agent or officer of the business will need to be served.

Date: 2-18-26 _____

_____
District Court Clerk

## CERTIFICATE OF NOTIFICATION

I certify that a copy of the attached document was sent to the following people for case 269902203 by the method and on the date specified.

MAIL: SYNCHRONY BANK PO BOX 965033 ORLANDO, FLORIDA 32896

EMAIL: DARRELL CLINT BLOOMQUIST darrellbloomquist05@gmail.com

02/18/2026                     /s/ GAYLIN MARTINDALE

Date: _____        _____

                                        Signature

# EXHIBIT A-11

Darrell Clint Bloomquist
1471 S. 200 E.
Salt Lake City, Utah 84115
Darrellbloomquist05@gmail.com
801-259-5161

## IN THE THIRD DISTRICT COURT

## SALT LAKE CITY, UTAH 84111

Darrell Clint Bloomquist

Plaintiff,

v.

Synchrony Bank

170 West Election Rd.

Draper, Utah 84020

Defendant.

"*Amended*"
COMPLAINT

FOR VIOLATION OF THE FAIR DEBT

COLLECTION PRACTICES ACT

CASE# 2699022203

JUDGE# Montague

Plaintiff Darrell Clint Bloomquist, by and through his prose counsel and within this Complaint will be referring to himself as the (Plaintiff) or by his proper name (Darrell Clint Bloomquist or Mr. Bloomquist) ...

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

Corporate Disclosure Statement:

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant Synchrony Bank is requested to disclose the following parent corporations and any publicly held corporation owning 10% or more of its stock: Vanguard owns 12.5% of Synchrony Bank's stock as of December 2025, and Capital World Investors owns 10.2% since at least December 2025.

1. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occur here, Plaintiff Darrell Clint Bloomquist resides here, and Defendant Synchrony Bank conducts business here.

3. Plaintiff, Darrell Clint Bloomquist, is a natural person residing in Salt Lake City, Utah, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant, Synchrony Bank and its third-party affiliate Raush Sturm LLP Attorney in this matt are business entities operating as a debt collectors as defined by 15 U.S.C. § 1692a(6).

## COMPLAINT

For this complaint against Defendant Synchrony Bank, Mr. Bloomquist alleges as follows:

## Factual

1. On or about 11/03/2020 Plaintiff was contacted by mail regarding payment due by Synchrony Bank. Plaintiff contacted Synchrony Bank by phone and talked about

cease and desist, explaining the court issues and unlawful arrest that was causing the payment to be late.

2. Defendants contacted the Plaintiff again on 01/25/2021 in an attempt to collect payment again.

3. On 02/05/2021, Plaintiff resent the Cease and desist by certified mail, again requesting the bank follow Federal Debt Collection Practices according to 15 U.S.C. 1692, of which the Defendants failed to do so, placing conflicting interests on the Plaintiffs matters before the Uintah County Utah court.

4. On 08/26/2021 Defendants again contacted the Plaintiff by way of Raush Sturm LLP, Attorney at Law, again placing conflicting interests before an already condemning situation for the Plaintiff.

5. Plaintiff once again on 08/31/2021 immediately sent by certified U.S. mail record of cease and desist sent on 02/05/2021 reminding the financial giant of his need to address his judicial issues in Uintah County.

6. On 05/04/2023, Defendants again while Plaintiff was in Federal Court attempting to governor a very bad, very serious allegation of falsification and fabrication of evidence by the Uintah County, Naples Utah Police Department and State of Utah under case# 2:22-cv-00659 DAK/DBP, *SUMMONS* the Plaintiff by way of the same Attorney Rausch Sturm LLP, imposing conflicts of interest on the Plaintiff and the Federal Court Central Division of Utah, and its Pretrial Court Orders.

7. The Defendant Synchrony Bank though its affiliated third-party Attorney Raush Sturm LLP, threatened the Plaintiff with time limits, judgements, and Rule 60(b) for excusable neglect, a rule the Plaintiff needed to vacate his dismissal.

8. Plaintiff declares that given the situation in the Federal Courts these acts by the Defendant compromised his chances of reinstating his Federal Civil case by Rule 60 of FRCP, and Federal Chief Justice orders for Pretrial Conference.

9. Plaintiff on 05/18/2023 sent a letter via. U.S. certified mail to the Defendant informing them that he received the Summons and informed the Defendant (Synchrony Bank) and their third-party affiliate Rausch Sturm LLP of the multiply times they ignored the cease-and-desist requests and violated the Federal Law and Fair Debt Collection Acts.

10. On July 9, 2024, while trying to recover from the physical and mental disability caused by the Defendants and the State of Utah's Falsified and fabricated charges, Third District court Judge Teresa Welch sent a Notice of Intent to Dismiss, again placing conflicts of interest on the plaintiff.

## Count 1

### Violation of the Fair Debt Collection Practices Act (FDCPA)- Repeated Communication After Cease and Desist

1. On 02/05/2021, the Plaintiff sent a cease-and-desist letter to the Defendant via certified mail, requesting that all communications regarding the alleged debt cease immediately.

2. Despite this, Plaintiff continued to communicate with the Defendant on multiple occasions, including 08/31/2021 by certified mail, 09/08/22 by phone, 05/18/2023 by certified mail.

3. Legal Basis of the Defendants conduct violates 15 U.S.C. § 1692c(c), which prohibits debt collectors from continuing to communicate with a consumer after receiving a cease-and-desist letter.

4. As a result of the Defendant's actions, the Plaintiff has suffered from exacerbated physical, medical and emotional distress, financial harm, and defamatory public relations.

5. The Plaintiff seeks medical, financial, defamatory, and injunction relief on disrupted Federal case#2:22-cv-00659 DAK/DBP, and any other relief deemed necessary by the courts. *Rotkiske v. Klemm 589___2019*

## Count 2

## Violation of the Fair Debt Collection Practices Act (FDCPA) - Unlawful Summons After Cease and Desist

1. On 02/05/2021, the Plaintiff sent a cease-and-desist letter to the Defendant via certified mail, requesting that all communications regarding the alleged debt cease immediately.

2. Despite acknowledging receipt of these letters, the Defendant proceeded to summon the Plaintiff to court regarding the alleged debt, and in doing so placed conflicting interest in the Plaintiffs' Federal civil case.

3. The Legal Basis of the Defendants action violates 15 U.S.C. § 1692e, which prohibits the use of false, deceptive, or misleading representation or means in connection with the collection of any debt.

4. The Harm Caused by the Defendants to the Plaintiff has caused the Plaintiff to experience emotional distress, financial harm, and mental and physical impairment and exacerbated cancerous conditions.

5. As a result of the Defendant's actions, the Plaintiff seeks financial losses regarding Federal Court case#2:22-cv-00659 DAK/DBP specify legal costs and unawarded civil claims in the amount specified in Federal Court, mental and physical destress from exacerbated medical conditions, and defamatory public relations.

## In Conclusion

Plaintiff states respectfully by the Laws and Rules of the court, Defendants Violated his rights to Fair Debt Collection Practices Act (FDCPA):

1. By continued Communication After Cease and Desist: Despite multiple attempts by the Plaintiff to inform Synchrony Bank to cease all communications regarding the

debt respectfully through certified mail, and phone conversations, the Defendant continued to contact the Plaintiff. This action constitutes a violation of 15 U.S.C. § 1692(c), which prohibits debt collectors from communicating with a consumer after receiving a cease-and-desist letter.

2. In the repeated attempts to collect the debt despite being notified not to do so is considered harassment under 15 U.S.C. § 1692d, which prohibits any conduct by the natural consequence of which is to harass, oppress, or abuse any person.

3. In unlawfully summoning the Plaintiff after being informed of the cease and desist violated 15 U.S.C. § 1692e, which prohibits the use of false, deceptive, or misleading representation or means in connection with the collection of any debt.

4. In allowing Third Parties to namely "Rausch Sturm LLP" to collectively demonstrate a disregard for the Plaintiff's rights under the FDCPA and cause greater undue stress and inconvenience.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant for:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d. Such other and further relief as may be just and proper.

Dated: 2/19/2026

Darrell Bloomquist

**Darrell Clint Bloomquist**

# SUMMONS

## IN THE THIRD DISTRICT COURT
## SALT LAKE CITY, UTAH 84111

Darrell Clint Bloomquist

Plaintiff,

v.

Synchrony Bank
170 West Election Rd
Draper, Utah 84020
Defendant.

**SUMMONS**

CASE NO. 269902203

### THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to file an answer in writing to the attached Complaint with the Clerk of the above-entitled Court at 450 South State Street, Salt Lake City, Utah 84111, within 21 days after service of this Summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This Summons is issued pursuant to Rule 4 of the Utah Rules of Civil Procedure.

Date: 2/19/2020

_Darrell Bloomquist_
Darrell Clint Bloomquist
1471 S. 200 E.
Salt Lake City, Utah 84115

*Case # 269902203*

## CERTIFICATE OF SERVICE

I hereby certify that on the _19_ day of _Ebuary_, 2026, I served a true and correct copy of the foregoing Complaint on the following parties by the method indicated below:

1. Synchrony Bank

   170 West Election Rd.

   Draper Utah 84020

2. Synchrony Bank

   P.O. Box 965033

   Orlando, Fl 32896-5033

   1-866-793-0872

3. Richard A. Russell (Utah Bar #6437)

   Attorney for Defendant

   9510 W. Sahara Ave, Suite 250

   Las Vegas, NV 89117

   (855)517-6284

Method of Service: Hand Delivered/Certificate of Service

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _2/19/2026_    _Darrell Bloomquist_

Darrell Bloomquist
1471 South 200 East
Salt Lake City Utah

2/18/2026

Case # 269907203

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery  $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

---

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery  $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

THIRD JUDICIAL DISTRICT - SALT LAKE COUNTY DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| DARRELL CLINT BLOOMQUIST,<br>Plaintiff,<br><br>vs.<br>SYNCHRONY BANK,<br>Defendant. | DEFAULT REJECTION NOTICE<br><br>Case No: 269902203 DC<br><br>Date: February 18,2026 |

We are unable to enter the default judgment/certificate in this case for the following reasons:

Title of the person served for a corporation is not stated.

Notes: A Registered agent or officer of the business will need to be served.

Date: _____        _____

District Court Clerk

## CERTIFICATE OF NOTIFICATION

I certify that a copy of the attached document was sent to the following people for case 269902203 by the method and on the date specified.

MAIL: SYNCHRONY BANK PO BOX 965033 ORLANDO, FLORIDA 32896

EMAIL: DARRELL CLINT BLOOMQUIST darrellbloomquist05@gmail.com

Date: 02/18/2026

/s/ GAYLIN MARTINDALE

Signature

# EXHIBIT A-12

Case # 260901204

## CERTIFICATE OF SERVICE

Service was made by ☐ U.S. Mail, postage prepaid ☐ hand delivery ☒ certified mail ☐ other:

_____.

Victims Advocate Office of Uintah County, Utah

374 E Main St

Vernal, Utah 84078

I hereby certify that on this 17 day of February, 2026, I caused a true and correct copy of the foregoing Complaint for Declaratory Relief and Summons to be served upon the following:darr

_Darrell C. Bloomquist_

Darrell Clint Bloomquist

1471 S. 200 E.

Salt Lake City, Utah 84115

801-259-5161

2/18/2026

Case# 260901204

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

| Certified Mail Fee | | |
|---|---|---|
| $ | | |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ | |
| ☐ Return Receipt (electronic) | $ | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | Here |
| ☐ Adult Signature Required | $ | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | | |
| $ | | |
| Total Postage and Fees | | |
| $ | | |

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

9589 0710 5270 3443 9692 52

# EXHIBIT A-13

# USPS Tracking®

*Case #*
*26 9902203*

**Remove X**

**Tracking Number:**

## 9589071052703443969269

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 12:04 pm on February 21, 2026 in LAS VEGAS, NV 89117.

---

### Get More Out of USPS Tracking:

**USPS Tracking Plus®**

## Delivered
**Delivered, Front Desk/Reception/Mail Room**

LAS VEGAS, NV 89117
February 21, 2026, 12:04 pm

**See All Tracking History**

What Do USPS Tracking Statuses Mean? **(https://faq.usps.com/s/article/Where-is-my-package)**

Feedback

**Text & Email Updates**          ∨

**USPS Tracking Plus®**          ∨

**Product Information**          ∨

**See Less ∧**

Track Another Package

# USPS Tracking®

*Case #*
*269902203*

**Remove X**

**Tracking Number:**

## 95890710527034439692276

Copy    Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 9:57 am on February 20, 2026 in DRAPER, UT 84020.

## Get More Out of USPS Tracking:

USPS Tracking Plus®

## Delivered
**Delivered, Left with Individual**

DRAPER, UT 84020
February 20, 2026, 9:57 am

**See All Tracking History**

What Do USPS Tracking Statuses Mean? **(https://faq.usps.com/s/article/Where-is-my-package)**

Feedback

**Text & Email Updates**    ∨

**USPS Tracking Plus®**    ∨

**Product Information**    ∨

**See Less ∧**

Track Another Package

2/18/2026

Case # 269902203

9589 0710 5270 3443 9692 76

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)           $
☐ Return Receipt (electronic)         $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required            $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

9589 0710 5270 3443 9692 69

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)           $
☐ Return Receipt (electronic)         $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required            $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

# EXHIBIT A-14

Case #269902203

**Exhibit A- Damages Summary Chart**

MEDICAL FACILITIES

Gut Whisper notes on colonoscopy 1/23/20

HOLY CROSS HOSPITAL colonoscopy 11/9/21

HOLY CROSS HOSPITAL colonoscopy 1/10/23

HOLY CROSS HOSPITAL colonoscopy 11/18/24

PAIN AND SPINE MOUNTIAN POINT 11/20/2024

BANFIELD VETERNARIAN WELLNESS PLAN LETTER for debt caused by civil issues


CREDIT REPORT AND RATING

CEASE AND DESIST LETTERS TO DEBTORS- One main financial, Discovery, Synchrony Bank, Social Security

FUNCTIONAL ABILITY EVALUATION

ATTORNEY GENERAL BILLING/EXPRESS RECOVERY

MCNADENTAL NOTICE OF DATA BREACH

PROGRESSIVE INSURANCE


2/25/26     Danell Bloomquist

**Gut Whisperer, P.C.**
**Uma Karnam, M.D.**
**Phillip W. Bowman, FNP-C**

**1543 W. 12600 S. Ste 102   Riverton, Utah 84065**
**(801) 563-5121  Fax: (801) 566-3926   www.gutwhisperer.com**

DARRELL  BLOOMQUIST
1471 S 200 E, SALT LAKE, UT  84115

Patient Age: 49 y.o.  DOB:  05/11/1970 Med Rec #: BLODA002

## Adverse Drug Reactions
PENICILLINS,
HUMIRA: adalimumab

## Current Medications
Cannabis/CBD Oil
Remicade (Infliximab)
Mesalamine  1200 MG   PRN    (Last Prescription: 2 Years ago)  Substitution Allowed
Percocet Tablets

## Assistant Note
Patient presents for:f/u meds

## Subjective
Darrell Bloomquist is a pleasant 49 y.o. gentleman with a past medical history of inflammatory bowel disease diagnosed in 2000, ankylosing spondylitis diagnosed in 2009,  Osteoporosis, Hepatitis C, glaucoma, Crohn's ileitis and colitis, iritis, mental health disorder (paranoid schizophrenia), and anxiety. He finished treatment for his Hepatitis C on December 16, 2014.

Pt reports was pulled over in vernal and arrested and feels like that may have caused flare.  Reports he has "Current medical marijuana certificate" from provider outside our office.
When prednisone wears off, "I am just crapping and bleeding. "  Prednisone is working great now "it says to do week 7, then 6..., but I just do 4 a day."  Remicade was done suppose to be on 2/15/19 "but did not take it, it seems to be like Humira stops to work."  His induction of Remicade was on December 4, 2019.  Has ran out of mesalamine, and reports medicare has been cut off.  Reports he is taking methotrexate and folic acid as directed.  Reports taking omeprazole as directed.  If doe not take omeprazole reports moderate acid reflux.   Prior to starting prednisone 11 bowel movements per day.  Now 4-5 bowel movements per day with blood towards the end of the bowel movement.  No current nocturnal bowel movements.

Has appointment w/ Dr. Smith on Monday (1 week).  Patient would like to consider colectomy.  Because of hectic last month has not been able to have Dexa scan or CT scan that has been ordered.

Darrell has been taking mesalamine on and off for many years.
Humira he states almost killed him.   Sulfasalazine did not work well for him.
Lialda had worked well for him in the past and he has done prednisone tapers.
1/23/20 Colonoscopy: Terminal ileum: Severe inflammation with ulcers.  Colon: Severe inflammation throughout the colon, with ulcers. Rectum: small internal hemorrhoids, severe inflammation with ulcers.





**Gut Whisperer, P.C.**
**Uma Karnam, M.D.**
**Phillip W. Bowman, FNP-C**

*DARRELL BLOOMQUIST*
*1471 S 200 E, SALT LAKE, UT 84115*

*Patient Age: 49 y.o.  DOB: 05/11/1970 Med Rec #: BLODA002*

1/23/20 EGD: Esophagus: possible ring pattern in proximal esophagus. Moderate erythema distal esophagus. Stomach: Hiatal hernia, moderate erythema throughout the stomach. Duodenum NML
Pathology: A) Duodenum: NML B) Stomach: Reactive gastropathy, negative H. pylori  C) esophagus: hyperplastic squamous esophageal mucosa w/ mild reflux-type changes.  D)Ileum: Moderate active chronic ileitis E) Colon, transverse: Moderate active chronic colitis.  F) Colon, transverse: Moderately active chronic colitis. G) Colon, descending: Patchy moderately to severely active chronic colitis with areas of early ulceration/erosion. H) Colon, sigmoid: Patchy mild active chronic colitis. I) rectum: patchy mildly active chronic colitis

10/31/19 WBC 13.0, ESR 46, Alk phos 151, AST 19, ALT 37, Iron 27, TIBC 379, iron sat 7, C. difficile negative

6/13/18 colonoscopy biopsies Active chronic ileitis   cecum biopsies Active chronic colitis   ascending colon biopsies Active chronic colitis   hepatic flexure biopsies Chronic colitis   transverse colon biopsies Chronic colitis splenic flexure biopsies Chronic colitis   descending colon biopsies Chronic colitis   sigmoid colon biopsies Active chronic colitis   rectal biopsies Chronic active colitis.
DEXA scan 8/27/18 shows osteopenia.   Lumbar spine Z score 0.3.  Left hip Z score -1.4.  10 year fracture risks:  Major osteoporotic fracture 3.8%.  Fracture risk 0.5%.

**Referring Provider**
Dr Hall at Exodus
Max Lundberg M.D. at Granger medical - rheumatologist

**Past Medical History**
Remarkable for:,
Anxiety. Hepatitis C (cured 2014), Glaucoma, Iritis, Ankylosing Spondylitis, Crohn's Ileitis and Colitis, Osteoporosis, Paranoid schizophrenia, inflammatory bowel disease, back pain

**Past Surgical History**
Hemorrhoidectomy, Arm

**Endoscopy**
Colon/EGD 6/13/18; 3/2019

**Imaging**
DEXA 8/27/18

**Social History**
Occupation: Auto Zone
Marital status:  Single
Number of children - 2.
Denies smoking.
Denies ETOH use.
Positive for illicit drug use. Marijuana
Negative for travel.
Positive for antibiotic use.
Pets - Dog

Holy Cross Hospital - Jordan Valley
3580 W 9000 S
WEST JORDAN UT 84088-8812

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 11/9/2021

**11/09/2021 - Converted Enc in Holy Cross Hospital - Jordan Valley GI Lab (continued)**

Clinical Notes

## Procedures

### Historical Provider, MD at 3/10/2024 0054

| | | |
|---|---|---|
| Author: Historical Provider, MD | Service: — | Author Type: Physician |
| Filed: 3/20/2024 10:27 AM | Encounter Date: 11/9/2021 | Status: Signed |
| Editor: Interface, Transcription Conversion | | |

Procedures - GI
Date of Procedure: 11/09/21
Time of Procedure: 12:06
Pre-operative diagnosis: Abd pain, colitis
Procedure Performed: EGD with bx, colonoscopy with bx
Primary Surgeon: karnam
ASA Class: III
Detailed Description of Procedure:


PRE-OPERATIVE DIAGNOSIS:  Abdominal pain, followup of colitis

POST-OPERATIVE DIAGNOSIS: Same

PROCEDURE PERFORMED:  EGD with biopsy, colonoscopy with biopsy

PRIMARY SURGEON: Dr. Karnam

Informed consent was obtained from the patient after careful explanation of
benefits,risks, and alternatives. Significant risksof procedureincluding the
risk of bleeding, infection, perforation, missed lesions explained to
patient.The patient fully comprehended information provided and agreed to
proceed with procedure. No contraindications were noted on physical
examination.A timeout was done and patient information verified. The procedure
was performed with the patient in the left lateral decubitus position.

Esophagus:  Normal

Stomach:  Gastritis.  Biopsy rule out Helicobacter pylori

Duodenum:  Normal

Usingcolonoscope, the rectum was intubatedand scope advancedto terminal ileum.
Multiple ulcers in the terminal ileum.  Biopsy done sent to pathology.
diffuse
colitis throughout the colon with erosions.  Multiple biopsies done and sent
to
pathology.  We will also have the pathologist do immunohistochemical stains

Holy Cross Hospital - Jordan Valley
3580 W 9000 S
WEST JORDAN UT 84088-8812

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 11/9/2021

**11/09/2021 - Converted Enc in Holy Cross Hospital - Jordan Valley GI Lab (continued)**

Clinical Notes (continued)

or
CMV and HSV.

The patient tolerated the procedure well.There were no complications. The heart
rate was normal. The oxygen saturation and skin color were normal. Upon
discharge from the endoscopy area, the patient will be recovered per established
procedures and protocols.

DIAGNOSTIC IMPRESSION:   Gastritis, Crohn's disease

Recommendations:   Await biopsies.   Pantoprazole 20 mg twice a day.   Prednisone
taper-40 mg once a day for 10 days, 30 mg once a day for 10 days, 20 mg once a
day for 10 days, 10 mg once a day for 10

Clinic visit in 2 weeks

Exam

- History of Present Illness
  te of Encounter: 11/09/21

- Past Medical/Surgical History
Medical History:
Medical History (Last Updated 11/09/21 @ 06:35 by Julie Schooley, RN)
Ankylosing spondylitis (Medical)  M45.9
COVID-19 vaccine administered (Medical)   Z23
JOHNSON AND JOHNSON VACCINE ADMINISTERED BY EXODUS 6/2/2021. VERIFIED BY
PHONE 11/8/2021 BY JULIE SCHOOLEY, RN PER EXODUS EMPLOYEE AMY
Ulcerative colitis (Medical)   K51.90


Surgical History:
Surgical History (Last Updated 11/09/21 @ 06:35 by Julie Schooley, RN)
History of hemorrhoidectomy (Surgical)   Z98.890
History of hernia repair (Surgical)   Z98.890, Z87.19
with mesh
History of surgery on arm (Surgical)   Z98.890
eft


Physical Exam
ital Signs:

Holy Cross Hospital - Jordan Valley
3580 W 9000 S
WEST JORDAN UT 84088-8812

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 11/9/2021

**11/09/2021 - Converted Enc in Holy Cross Hospital - Jordan Valley GI Lab (continued)**

Clinical Notes (continued)

Temp Pulse Resp BP Pulse Ox

36.4 C L  80    16    138/90    97

11/09/21 11:39   11/09/21 11:39   11/09/21 11:39   11/09/21 11:39   11/09/21 11:39

- History of Present Illness
Home Medications:

famotidine 40 mg tablet 40 mg PO BID 11/09/21 [History Confirmed 11/09/21 Last Taken 11/07/21]
folic acid 1 mg tablet 1 mg PO DAILY 11/09/21 [History Confirmed 11/09/21 Last Taken 11/07/21]
mesalamine 1.2 gram tablet,delayed release 1.2 g PO QID 11/09/21 [History Confirmed 11/09/21 Last Taken 11/07/21]
'codone 10 mg tablet 10 mg PO DAILY PRN 11/09/21 [History Confirmed 11/09/21 Last Taken 11/06/21]

Allergies/Adverse Reactions:

Penicillins [PCN] Allergy (Verified 11/09/21 06:36)
Unknown
PT REPORTS HE TURNED BLUE ALL OVER, THO HE DOESN'T REMEMBER DIFFICULTY BREATHING

KARUM^Karnam^Umaprasann^S

Electronically signed by Interface, Transcription Conversion at 3/20/2024 10:27 AM

Labs

**Pathology Conversion Report UT (Final result) [593616750]**

Electronically signed by: **Interface, Lab Results Conversion on 12/08/21 1554**          Status: **Completed**
Ordering user: Interface, Lab Results Conversion 12/08/21 1554          Authorized by: Historical Provider, MD
Ordering mode: Standard
Frequency: Routine  12/08/21 1554 -          Class: Normal
Quantity: 1          Lab status: Final result

**Specimen Information**

| ID | Type | Source | Collected By |
|---|---|---|---|
| 00777767 | — | — | 11/09/21 0001 |

Holy Cross Hospital - Jordan Valley
3580 W 9000 S
WEST JORDAN UT 84088-8812

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 11/9/2021

## 11/09/2021 - Converted Enc in Holy Cross Hospital - Jordan Valley GI Lab (continued)

**Labs (continued)**

| Pathology Conversion Report UT [593616750] | Resulted: 12/09/21 1049, Result status: Final result |
|---|---|
| Order status: Completed | Filed by: Interface, Lab Results Conversion 03/12/24 1716 |
| Collected by: 11/09/21 0001 | Resulting lab: JORDAN VALLEY MED CEN LAB |

**Components**

| Component | Value | Reference Range | Flag | Lab |
|---|---|---|---|---|
| Pathology Specimen | PTH Specimen Done | — | — | JVH |

**Testing Performed By**

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 499 - JVH | JORDAN VALLEY MED CEN LAB | Unknown | 3580 West 9000 South West Jordan UT 84088 | Create - Present |

**PATHOLOGY CONVERSION REPORT UT (Final result) [593616755]**

| Electronically signed by: **Interface, Lab Results Conversion on 11/09/21 1219** | | Status: **Completed** |
|---|---|---|
| Ordering user: Interface, Lab Results Conversion 11/09/21 1219 | Authorized by: Historical Provider, MD | |
| Ordering mode: Standard | | |
| Frequency: Routine 11/09/21 1219 - | Class: Normal | |
| Quantity: 1 | Lab status: Final result | |

**Specimen Information**

| ID | Type | Source | Collected By |
|---|---|---|---|
| JS21-3707 | — | — | 11/10/21 0855 |

| PATHOLOGY CONVERSION REPORT UT [593616755] | Resulted: 11/10/21 0855, Result status: Final result |
|---|---|
| Order status: Completed | Filed by: Interface, Lab Results Conversion 03/13/24 1053 |
| Collected by: 11/10/21 0855 | Resulting lab: JORDAN VALLEY MED CEN LAB |

Narrative:
Addendum
appropriately reactive controls on specimen C and D.

-Both specimens C and D are negative for both CMV and HSV.

*The final diagnosis is unchanged.
11/16/2021 12:00:00 AM
Final Diagnosis
A. Duodenum, biopsy:
-Duodenal mucosa with no significant abnormalities.

B. Stomach, biopsy:
-Gastric fundic mucosa with minimal chronic inactive gastritis.
-Negative for Helicobacter pylori (immunostain confirmed).

C. Terminal ileum, biopsy:
-Ileal mucosa with focal marked active ileitis.
-Negative for dysplasia.

D. Colon, random, biopsy:
-Colonic mucosa with focal marked active chronic colitis and focal ulceration.
-Negative for dysplasia.
Gross Description
Received are 4 specimens labeled with the patient's name, medical record number and specimen identification.

Specimen A is labeled "duodenum" and consists of a 0.4 cm aggregate of tan soft tissue fragments. The specimen is entirely submitted into a single cassette.

Holy Cross Hospital - Jordan Valley
3580 W 9000 S
WEST JORDAN UT 84088-8812

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 11/9/2021

**11/09/2021 - Converted Enc in Holy Cross Hospital - Jordan Valley GI Lab (continued)**

**s (continued)**

Specimen B is labeled "gastric" and consists of a 0.4 cm aggregate of tan soft tissue fragments. The specimen is entirely submitted into a single cassette.

Specimen C is labeled "terminal ileum" and consists of a 0.3 cm aggregate tan soft tissue fragments. The specimen is entirely submitted into a single cassette.

Specimen D is labeled "random colon" and consists of a 0.6 cm aggregate of tan soft tissue fragments. The specimen is entirely submitted into a single cassette.
ICD Codes
K52.89
Microscopic Examination
A. Hematoxylin and eosin-stained slide from the duodenal specimen shows duodenal mucosa with no increase in intraepithelial lymphocytes, maintained villous architecture and no significant abnormalities.

B. Hematoxylin and eosin-stained slide shows gastric oxyntic mucosa with minimal focal areas with slightly increased lamina propria cellularity comprised of lymphocytes and few plasma cells. Given these findings, immunohistochemical staining for H. pylori is performed with appropriately reactive control and is negative.

C. Hematoxylin and eosin-stained slide from the ileal specimen shows small bowel mucosa with maintained villous architecture. Very focally, there is a small fragment with at markedly increased lamina propria cellularity comprised of mixed inflammation, including neutrophils which extend into the surface epithelium. No dysplasia is present.

D. Hematoxylin and eosin-stained slide shows colonic mucosa with areas of increased lamina propria cellularity comprised of mixed inflammation, including neutrophils which extend into surface epithelium and focally form small crypt abscesses. Crypt dropout is also focally present. No dysplasia is present. Focal fragment of ulcerated tissue is also present.
Procedure
EGD/ Colonosocpy.
Specimen Comment
Please correlate clinically. CMV and HSV immunostains ordered on specimens C and D (per clinician request from endoscopy report) and will be reported in an addendum.
TISSUES
B Gastric Biopsy - R/O H pylori.
D Colon Biopsy - Random colon R/O Crohn's.
A Duodenum Biopsy - R/O Celiac.
C Ileum Biopsy - Terminal ileum R/O Crohn's
Jeffrey Mohlman, MD 11/12/2021 12:00:00 AM

**Testing Performed By**

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 499 - JVH | JORDAN VALLEY MED CEN LAB | Unknown | 3580 West 9000 South West Jordan UT 84088 | Create - Present |

Holy Cross Hospital - Jordan Valley
3580 W 9000 S
WEST JORDAN UT 84088-8812

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 1/10/2023

**01/10/2023 - Converted Enc in Holy Cross Hospital - Jordan Valley GI Lab (continued)**

Clinical Notes

Procedures

Historical Provider, MD at 3/9/2024 0522

| | | |
|---|---|---|
| Author: Historical Provider, MD | Service: — | Author Type: Physician |
| Filed: 3/22/2024 8:25 AM | Encounter Date: 1/10/2023 | Status: Signed |
| Editor: Interface, Transcription Conversion | | |

Procedures - GI
Date of Procedure: 01/10/23
Time of Procedure: 07:26
Pre-operative diagnosis: Chronic acid reflux, Crohn's disease
Procedure Performed: EGD with biopsy, colonoscopy with bx
ASA Class: II
Detailed Description of Procedure:

Dear Dr. Pragathi Hooda


Thank you for letting me take care of this patient

PRE-OPERATIVE DIAGNOSIS:  Chronic acid reflux, history of Crohn's disease.
cient has been on Stelara

POST-OPERATIVE DIAGNOSIS: Same

PROCEDURE PERFORMED:  EGD with biopsy, colonoscopy with biopsy

PRIMARY SURGEON: Dr. Karnam

Informed consent was obtained from the patient after careful explanation of
benefits, risks, and alternatives. Significant risksof procedureincluding the
risk of bleeding, infection, perforation, missed lesions explained to
patient.The patient fully comprehended information provided and agreed to
proceed with procedure. No contraindications were noted on physical
examination.A timeout was done and patient information verified. The procedure
was performed with the patient in the left lateral decubitus position.

Esophagus:  Irregular GE junction.  Biopsy rule out Barrett's esophagus.

Stomach:  Mild antral gastritis.  Biopsy rule out Helicobacter pylori.

Duodenum:  Normal

Usingcolonoscope, the rectum was intubatedand scope advancedto terminal ileum.
Multiple ulcers in the terminal ileum.  Biopsies done and sent to pathology.
Areas of scarring throughout the colon.  Multiple aphthoid ulcers seen.

Holy Cross Hospital - Jordan Valley
3580 W 9000 S
WEST JORDAN UT 84088-8812

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 1/10/2023

**01/10/2023 - Converted Enc in Holy Cross Hospital - Jordan Valley GI Lab (continued)**

**Clinical Notes (continued)**

opsies done and sent to pathology.  Biopsies also sent to rule out
immunohistochemical staining for CMV and HSV.  A small healing anal fissure

The patient tolerated the procedure well.There were no complications. The heart
rate was normal. The oxygen saturation and skin color were normal. Upon
discharge from the endoscopy area, the patient will be recovered per established
procedures and protocols.

DIAGNOSTIC IMPRESSION:  Rule out Barrett's esophagus, gastritis, terminal ileal
ulcers.  No stricture seen.  Evidence of chronic colitis.

* Recommendations:  Await biopsies.  Rabeprazole 20 mg twice a day.  Continue
Stelara.  Clinic visit in 2-3 weeks.

Exam

- History of Present Illness
Date of Encounter: 01/10/23

- Past Medical/Surgical History
Medical History:
Medical History (Last Updated 11/09/21 @ 06:35 by Julie Schooley, RN)
Ankylosing spondylitis (Medical)  M45.9
COVID-19 vaccine administered (Medical)  Z23
JOHNSON AND JOHNSON VACCINE ADMINISTERED BY EXODUS 6/2/2021. VERIFIED BY
PHONE 11/8/2021 BY JULIE SCHOOLEY, RN PER EXODUS EMPLOYEE AMY
Ulcerative colitis (Medical)  K51.90


Surgical History:
Surgical History (Last Updated 11/09/21 @ 06:35 by Julie Schooley, RN)
History of hemorrhoidectomy (Surgical)  Z98.890
History of hernia repair (Surgical)  Z98.890, Z87.19
with mesh
History of surgery on arm (Surgical)  Z98.890
left


- Physical Exam
  .al Signs:

Holy Cross Hospital - Jordan Valley
3580 W 9000 S
WEST JORDAN UT 84088-8812

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 1/10/2023

**01/10/2023 - Converted Enc in Holy Cross Hospital - Jordan Valley GI Lab (continued)**

Clinical Notes (continued)

```
Temp Pulse Resp BP Pulse Ox

36.5 C    77    16    146/89 H    92 L

01/10/23 07:13   01/10/23 07:13   01/10/23 07:13   01/10/23 07:13   01/10/23 07:13
```

- History of Present Illness
Home Medications:

famotidine 40 mg tablet 40 mg PO BID 11/09/21 [History Confirmed 11/09/21 Last Taken 01/08/23 08:00]
folic acid 1 mg tablet 1 mg PO DAILY 11/09/21 [History Confirmed 11/09/21 Last Taken 11/23/22]
mesalamine 1.2 gram tablet,delayed release 1.2 g PO QID 11/09/21 [History Confirmed 11/09/21 Last Taken 01/08/23 06:00]
oxycodone 10 mg tablet 10 mg PO DAILY PRN Pain 11/09/21 [History Confirmed 09/21 Last Taken 01/06/23 17:00]
omeprazole 20 mg tablet,delayed release 20 mg PO DAILY 01/10/23 [History Confirmed 01/10/23 Last Taken 01/08/23 07:00]

Allergies/Adverse Reactions:

Penicillins [PCN] Allergy (Verified 11/09/21 06:36)
Unknown
PT REPORTS HE TURNED BLUE ALL OVER, THO HE DOESN'T REMEMBER DIFFICULTY BREATHING

KARUM^Karnam^Umaprasann^S

Electronically signed by Interface, Transcription Conversion at 3/22/2024 8:25 AM

Labs

**Pathology Conversion Report UT (Final result) [593616756]**

| | |
|---|---|
| Electronically signed by: Interface, Lab Results Conversion on 01/10/23 0751 | Status: **Completed** |
| Ordering user: Interface, Lab Results Conversion 01/10/23 0751 | Authorized by: Historical Provider, MD |
| Ordering mode: Standard | |
| Frequency: Routine 01/10/23 0751 - | Class: Normal |
| Quantity: 1 | Lab status: Final result |

Specimen Information

| ID | Type | Source | Collected By |
|---|---|---|---|

Holy Cross Hospital - Jordan Valley
3580 W 9000 S
WEST JORDAN UT 84088-8812

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 1/10/2023

## 01/10/2023 - Converted Enc in Holy Cross Hospital - Jordan Valley GI Lab (continued)

### Labs (continued)

| JS23-63 | — | — | 01/10/23 0820 |
|---|---|---|---|

**Pathology Conversion Report UT [593616756]**      Resulted: 01/10/23 0820, Result status: Final result

Order status: Completed
Collected by: 01/10/23 0820
Narrative:
Addendum
performed with appropriately reactive controls on both specimens C and D. The tissue is
negative for both the HSV and CMV stains on both specimens.

Filed by: Interface, Lab Results Conversion  03/13/24 1134
Resulting lab: JORDAN VALLEY MED CEN LAB

*The final diagnosis is unchanged.
1/16/2023 12:00:00 AM
Final Diagnosis
A. Stomach, biopsy:
-Gastric fundic mucosa with minimal chronic inactive gastritis.
-Negative for Helicobacter pylori (immunostain confirmed).

B. Gastroesophageal junction, biopsy:
-Inflamed junctional mucosa.
-Negative for intestinal/goblet cell metaplasia.

C. Terminal ileum, biopsy:
-Ileal mucosa with focal marked active ileitis.
-Negative for dysplasia.
-See specimen comment.

D. Colon, random, biopsy:
-Colonic mucosa with focal minimal active colitis.
-Negative for dysplasia.
-See specimen comment.

Specimen Comment
C-D.  Per clinician request, CMV and HSV immunostains are ordered on the terminal ileal and
random colon specimens and will be reported in an addendum.

Please correlate clinically.

Microscopic Examination
A. Hematoxylin and eosin-stained slide shows gastric fundic/oxyntic mucosa with minimal
focal areas with slightly increased cellularity comprised of lymphocytes and few plasma
cells. Given these findings, immunohistochemical staining for H. pylori is performed with
appropriately reactive controls and is negative.

B. Hematoxylin and eosin-stained slide shows esophageal squamous mucosa and gastric
glandular mucosa with inflammation.  There is no intestinal/goblet cell metaplasia or
dysplasia.

C. Hematoxylin and eosin-stained slide from the ileal specimen shows small bowel mucosa with
maintained villous architecture.  Focally, there are abundant neutrophils within the lamina
propria extending into the surface epithelium. No dysplasia is present.

D.  Sections show fragments of colonic mucosa with focal area with minimally increased
neutrophils within the lamina propria and focally within the surface epithelium consistent
with minimal active colitis. Crypt architecture is predominantly maintained.  No dysplasia
and no malignancy are present.
Gross Description
Specimen A designated as "gastric" is received in formalin in a container labeled with
patient's name and medical record number and consists of 2 fragment(s) of tan tissue
measuring 0.3 and 0.4 cm in greatest dimension. The specimen is submitted in total in a
single cassette designated as A.

Specimen B designated as "GE junction" is received in formalin in a container labeled with
patient's name and medical record number and consists of 1 fragment(s) of tan tissue
measuring 0.4 cm in greatest dimension. The specimen is submitted in total in a single

Holy Cross Hospital - Jordan Valley
3580 W 9000 S
WEST JORDAN UT 84088-8812

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 1/10/2023

### 01/10/2023 - Converted Enc in Holy Cross Hospital - Jordan Valley GI Lab (continued)

**bs (continued)**

cassette designated as B.

Specimen C designated as "terminal ileum" is received in formalin in a container labeled with patient's name and medical record number and consists of 3 fragment(s) of tan tissue measuring 0.1-0.3 cm in greatest dimension. The specimen is submitted in total in a single cassette designated as C.

Specimen D designated as "random colon" is received in formalin in a container labeled with patient's name and medical record number and consists of multiple fragment(s) of tan tissue measuring 1.0 x 1.0 x 0.2 cm in aggregate. The specimen is submitted in total in a single cassette designated as D.
ICD Codes
K29.50
Procedure
On specimen requisition: â€œOn terminal ileum and colon specimen please do IHC stains for CMV & HSV.â€•
TISSUES
B Gastroesophageal Junction Biopsy - G E Junction.
A Gastric Biopsy - R/O H Pylori.
D Colon Biopsy - Random colon biopsy.
C Ileum Biopsy - R/O Crohns.
Jeffrey Mohlman, MD 1/11/2023 12:00:00 AM

**Testing Performed By**

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 499 - JVH | JORDAN VALLEY MED CEN LAB | Unknown | 3580 West 9000 South West Jordan UT 84088 | Create - Present |

## Jordan Valley Medical Center

3580 West 9000 South
West Jordan, UT 84088

### GI Procedure Note
### Signed

Patient: Bloomquist,Darrell C
DOB: 05/11/1970
Age/Sex: 52 / M
Loc: JVHOENDO  Room:
Attending Dr: Umaprasann S Karnam MD

Medical Record#: JV15665777
Acct:JD0006955850
ADM Date: 01/10/23
Report Number: HIM011C-00117

### Procedures - GI
**Date of Procedure:** 01/10/23
**Time of Procedure:** 07:26
**Pre-operative diagnosis:** Chronic acid reflux, Crohn's disease
**Procedure Performed:** EGD with biopsy, colonoscopy with bx
**ASA Class:** II
**Detailed Description of Procedure:**

Dear Dr. Pragathi Hooda

Thank you for letting me take care of this patient

PRE-OPERATIVE DIAGNOSIS:  Chronic acid reflux, history of Crohn's disease.  Patient has been on Stelara

POST-OPERATIVE DIAGNOSIS: Same

PROCEDURE PERFORMED:  EGD with biopsy, colonoscopy with biopsy

PRIMARY SURGEON: Dr. Karnam

Informed consent was obtained from the patient after careful explanation of benefits, risks, and alternatives. Significant risks of procedure including the risk of bleeding, infection, perforation, missed lesions explained to patient. The patient fully comprehended information provided and agreed to proceed with procedure. No contraindications were noted on physical examination. A timeout was done and patient information verified. The procedure was performed with the patient in the left lateral decubitus position.

Esophagus:  Irregular GE junction.  Biopsy rule out Barrett's esophagus.

Stomach:  Mild antral gastritis.  Biopsy rule out Helicobacter pylori.

Duodenum:  Normal

Usingcolonoscope, the rectum was intubatedand scope advancedto terminal ileum.  Multiple ulcers in the terminal ileum.  Biopsies done and sent to pathology.  Areas of scarring throughout the colon.  Multiple aphthoid ulcers seen. Biopsies done and sent to pathology.  Biopsies also sent to rule out immunohistochemical staining for CMV and HSV. A small healing anal fissure

The patient tolerated the procedure well. There were no complications. The heart rate was normal. The oxygen saturation and skin color were normal. Upon discharge from the endoscopy area, the patient will be recovered per established procedures and protocols.

DIAGNOSTIC IMPRESSION:  Rule out Barrett's esophagus, gastritis, terminal ileal ulcers.  No stricture seen.

HIM 0110-00117                                                    1 of 3

Jordan Valley Medical Center
Patient name: Bloomquist,Darrell C
Account #: JD0006955850

Report Number: HIM0110-00117
Medical Record#: JV15665777

Evidence of chronic colitis.

- Recommendations: Await biopsies. Rabeprazole 20 mg twice a day. Continue Stelara. Clinic visit in 2-3 weeks.

## Exam

**- History of Present Illness**
**Date of Encounter:** 01/10/23

**- Past Medical/Surgical History**
**Medical History:**
Medical History (Last Updated 11/09/21 @ 06:35 by Julie Schooley, RN)
Ankylosing spondylitis (Medical) M45.9
COVID-19 vaccine administered (Medical) Z23
    JOHNSON AND JOHNSON VACCINE ADMINISTERED BY EXODUS 6/2/2021. VERIFIED BY
    PHONE 11/8/2021 BY JULIE SCHOOLEY, RN PER EXODUS EMPLOYEE AMY
Ulcerative colitis (Medical) K51.90

**Surgical History:**
Surgical History (Last Updated 11/09/21 @ 06:35 by Julie Schooley, RN)
History of hemorrhoidectomy (Surgical) Z98.890
History of hernia repair (Surgical) Z98.890, Z87.19
    with mesh
History of surgery on arm (Surgical) Z98.890
    left

**- Physical Exam**
**Vital Signs:**

| Temp | Pulse | Resp | BP | Pulse Ox |
|------|-------|------|-----|----------|
| 36.5 C | 77 | 16 | 146/89 H | 92 L |
| 01/10/23 07:13 | 01/10/23 07:13 | 01/10/23 07:13 | 01/10/23 07:13 | 01/10/23 07:13 |

**- History of Present Illness**
**Home Medications:**

famotidine 40 mg tablet 40 mg PO BID 11/09/21 [History Confirmed 11/09/21 Last Taken 01/08/23 08:00]
folic acid 1 mg tablet 1 mg PO DAILY 11/09/21 [History Confirmed 11/09/21 Last Taken 11/23/22]
mesalamine 1.2 gram tablet,delayed release 1.2 g PO QID 11/09/21 [History Confirmed 11/09/21 Last Taken 01/08/23 06:00]
oxycodone 10 mg tablet 10 mg PO DAILY PRN Pain 11/09/21 [History Confirmed 11/09/21 Last Taken 01/06/23 17:00]
omeprazole 20 mg tablet,delayed release 20 mg PO DAILY 01/10/23 [History Confirmed 01/10/23 Last Taken 01/08/23 07:00]

HIM 0110-00117                                                    2 of 3

Holy Cross Hospital - West Valley
1460 South 4155 West
WEST VALLEY CITY UT 84120-3297

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Adm: 11/18/2024, D/C: 11/18/2024

11/18/2024 - Admission (Discharged) in Holy Cross Hospital - West Valley GI Lab (continued)

Clinical Notes (continued)

Go to the nearest emergency room right away or dial 911 if:
- You have chest pain
- You have to much bleeding
- You have a hard time breathing
- You have shortness of breath
- You cannot wake the patient up.

Electronically signed by Charlotte Jimenez, RN at 11/18/2024 10:11 AM

**Procedures**

Filed on 11/18/2024 0935
Procedure Orders
1. ENDOSCOPY [648484924] ordered by Andrew Scott Fedoravicius, MD at 11/18/24 0917

Holy Cross Jordan Valley West
Patient: DARRELL BLOOMQUIST
MRN: CEUE03152718
DOB: 5/11/1970
Account: 2244719-250840399
Age: 54 Years
Procedure: Upper GI endoscopy
Date: 11/18/2024
Attending Physician: Andrew Fedoravicius , MD
Referring MD:
Indications:
- Diarrhea
- Heartburn
Medications:
- Propofol total dose 200 mg IV
Complications:
- No immediate complications.
Estimated Blood Loss:
- Estimated blood loss was minimal.
Procedure:
- Prior to the procedure, a History and Physical was performed, and patient
medications and allergies were reviewed.  The patient's tolerance of previous
anesthesia was also reviewed.  The risks and benefits of the procedure and the
sedation options and risks were discussed with the patient.  All questions
were answered, and informed consent was obtained.  Prior
Anticoagulants: The
patient has taken no anticoagulant or antiplatelet agents.  ASA Grade

loly Cross Hospital - West Valley
460 South 4155 West
VEST VALLEY CITY UT 84120-3297

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Adm: 11/18/2024, D/C: 11/18/2024

11/18/2024 - Admission (Discharged) in Holy Cross Hospital - West Valley GI Lab (continued)

linical Notes (continued)

Assessment: III - A patient with severe systemic disease. After reviewing the
risks and benefits, the patient was deemed in satisfactory condition to undergo
the procedure.
- The Endoscope/198 was introduced through the mouth and advanced to the second part of the duodenum.
- The upper GI endoscopy was accomplished without difficulty.
- The patient tolerated the procedure well.

Findings:
- Esophagogastric landmarks were identified: the gastroesophageal junction
was found at 43 cm from the incisors.
- There were esophageal mucosal changes suggestive of short-segment Barrett's
esophagus present in the distal esophagus. The maximum longitudinal extent of
these mucosal changes was 1 cm in length. Mucosa was biopsied with a cold
forceps for histology in a targeted manner at intervals of 0.5 cm. One
specimen bottle was sent to pathology. Estimated blood loss was minimal.
- A small hiatal hernia was present.
- A single localized erosion with no stigmata of recent bleeding was found in
the gastric body. Biopsies were taken with a cold forceps for histology.
- Scattered moderate inflammation characterized by erythema was found in the
duodenal bulb. Biopsies for histology were taken with a cold forceps for
evaluation of celiac disease. Estimated blood loss was minimal. Two biopsies
were obtained with cold forceps for evaluation of disaccharidase deficiency in
a targeted manner in the second portion of the duodenum. Estimated blood loss
was minimal.

Impression:
- Esophagogastric landmarks identified.
- Esophageal mucosal changes suggestive of short-segment Barrett's esophagus.
Biopsied.
- Small hiatal hernia.
- Gastric erosion with no stigmata of recent bleeding. Biopsied.
- Duodenitis, characterized by erythema Biopsied.

loly Cross Hospital - West Valley
460 South 4155 West
VEST VALLEY CITY UT 84120-3297

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Adm: 11/18/2024, D/C: 11/18/2024

**11/18/2024 - Admission (Discharged) in Holy Cross Hospital - West Valley GI Lab (continued)**

**⁴linical Notes (continued)**

    - Two biopsies were obtained in the second portion of the duodenum.

Recommendation:

    - Await pathology results which can take up to 4 weeks.  If that time passes

        and you have not heard from my office, please call me at 801-250-9638

    - Continue on acid suppression medication such as omeprazole or pantoprazole.

        If you are taking it once a day it needs to be taken 30-60 minutes prior to the

        first meal of the day.  If taking it twice a day, please take it 30-6 minutes

        prior to both the first and last meals of the day.

    - Avoid all NSAIDs unless indicated for cardiovascular purposes

Procedure Code(s):

    - 43239, Esophagogastroduodenoscopy, flexible, transoral; with biopsy, single

        or multiple

Diagnosis Code(s):

    - R19.7, Diarrhea, unspecified

    - R12, Heartburn

    - K44.9, Diaphragmatic hernia without obstruction or gangrene

    - K25.9, Gastric ulcer, unspecified as acute or chronic, without hemorrhage or

        perforation

    - K29.80, Duodenitis without bleeding

    - K22.89, Other specified disease of esophagus

    CPT(R) - 2023 copyright American Medical Association. All Rights Reserved

    The CPT codes, CCI edits and ICD codes generated are intended as suggestions

    and were generated based on input data.  These codes are preliminary and upon

    coder review may be revised to meet current compliance and payer requirements.

    The provider is responsible for the final determination of appropriate codes,

    and modifiers.

Andrew Fedoravicius, MD, MD

This document has been electronically signed.

Note Initiated:11/18/2024

Note Completed:11/18/2024 9:35 AM

        Document on 11/18/2024  9:17 AM (below)

# What's In Your Credit Report?

Your Potentially Negative Account Activity (Accounts and Bankruptcies). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Your Positive Account Activity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Who Has Viewed Your Credit Information. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Your Personal Information. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

How to Contact Experian. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Your Rights as a Consumer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

# Payment History Legend

| | | |
|---|---|---|
| Current / Terms met | Past due 150 Days | Voluntarily surrendered |
| Past due 30 Days | Past due 180 Days | Repossession |
| Past due 60 Days | Creditor received deed | Paid by creditor |
| Past due 90 Days | Foreclosure proceedings started | Insurance claim |
| Past due 120 Days | Foreclosure | Claim filed with government |

| | |
|---|---|
| Defaulted on contract | Collection |
| Charge off | Closed |
| No data for this period | |

## ⚠ Your Potentially Negative Account Activity

The most common items in this section are late payments, accounts that have been charged off or sent to collection, accounts settled for less than full value, and items that may need closer attention, such as transferred accounts.

**DISCOVER CARD** Partial Acct # 601100936897....
PO BOX 30939 SALT LAKE CITY UT 84130; (800) 347 2683

**Status (Aug 2020)**

**Date opened**
Oct 2019

**Address ID #**
0170371150

**Type**
Credit card

**Responsibility**
Individual

**Terms**
Not reported

**Monthly payment**
Not reported

**Credit limit or original amount**
$2,500

**High Balance**
$2,935

**Recent Balance**
$2,935 as of Dec 2025

This account is scheduled to continue on record until Oct 2026.

Payment history: Nov 2019 - Dec 2025

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2023 | | | | | | | | | | | | |
| 2022 | | | | | | | | | | | | |
| 2021 | | | | | | | | | | | | |
| 2020 | | | | | | | | | | | | |
| 2019 | | | | | | | | | | | | |

| | Nov25 | Oct25 | Sep25 | Aug25 | Jul25 | Jun25 | May25 | Apr25 | Mar25 | Feb25 | Jan25 | Dec24 | Nov24 | Oct24 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Balance | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 |
| Date Payment Received | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 |
| Scheduled Payment Amount | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Actual Amount Paid | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |

| | Sep24 | Aug24 | Jul24 | Jun24 | May24 | Apr24 | Mar24 | Feb24 | Jan24 | Dec23 |
|---|---|---|---|---|---|---|---|---|---|---|
| Account Balance | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 | $2,935 |
| Date Payment Received | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 | 12.22.19 |
| Scheduled Payment Amount | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Actual Amount Paid | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |

*Between Dec 2023 and Nov 2025, your credit limit/high balance was $2,500*

## ONEMAIN Partial Acct # 1119327306090....
PO BOX 1010 EVANSVILLE IN 47706; (844) 298 9773

**Status (Jun 2023)**



| | | |
|---|---|---|
| **Date opened**<br>Nov 2019 | **Terms**<br>60 Months | **Recent Balance**<br>Not reported |
| **Address ID #**<br>0170371150 | **Monthly payment**<br>Not reported | This account is scheduled to continue on record until Feb 2027. |
| **Type**<br>Secured Loan | **Credit limit or original amount**<br>$6,699 | **Comment:**<br>Account paid in full for less than full balance |
| **Responsibility**<br>Individual | **High Balance**<br>Not reported | |

**Payment history: Nov 2019 - Jun 2023**

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | CLS | | | | | | |
| 2022 | | | | | | | | | | | | |
| 2021 | | | | | | | | | | | | |
| 2020 | | | | | | | | | | | | |
| 2019 | | | | | | | | | | | | |

## SOCIAL SECURITY ADMIN Partial Acct # 5294741....
155-10 JAMAICA AVE 11TH FLOOR JAMAICA NY 11432; (718) 557 3612

**Status (Dec 2025)**

| | | |
|---|---|---|
| **Date opened**<br>Feb 2022 | **Terms**<br>1 Month | **Recent Balance**<br>$54,058 as of Dec 2025 |
| **Address ID #**<br>0170371150 | **Monthly payment**<br>Not reported | This account is scheduled to continue on record until Nov 2028. |
| **Type**<br>Government | **Credit limit or original amount**<br>$54,058 | |
| **Responsibility**<br>Individual | **High Balance**<br>Not reported | |

**Payment history: Dec 2025 - Dec 2025**

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | | | | | | | | | | | | |

## SYNCB/CARE CREDIT DC Partial Acct # 524306200524....
PO BOX 71727 PHILADELPHIA PA 19176; (866) 396 8254

**Status (Feb 2021)**

| | | |
|---|---|---|
| **Date opened**<br>Jun 2019 | **Terms**<br>Not reported | **Recent Balance**<br>$4,738 as of Nov 2025 |
| **Address ID #**<br>0170371150 | **Monthly payment**<br>Not reported | This account is scheduled to continue on record until Jun 2027. |
| **Type**<br>Credit card | **Credit limit or original amount**<br>$3,250 | |
| **Responsibility**<br>Individual | **High Balance**<br>$4,738 | |

**Payment history: Dec 2018 - Nov 2025**

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2023 | | | | | | | | | | | | |
| 2022 | | | | | | | | | | | | ND |
| 2021 | | | | | | | | | ND | | |
| 2020 | | | | | | | | | | | |
| 2019 | | | | | | | | | | | | |
| 2018 | | | | | | | | | | | | |

| | Oct25 | Sep25 | Aug25 | Jul25 | Jun25 | May25 | Apr25 | Mar25 | Feb25 | Jan25 | Dec24 | Nov24 | Oct24 | Sep24 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Balance | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 |
| Date Payment Received | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 |
| Scheduled Payment Amount | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Actual Amount Paid | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |

| | Aug24 | Jul24 | Jun24 | May24 | Apr24 | Mar24 | Feb24 | Jan24 | Dec23 |
|---|---|---|---|---|---|---|---|---|---|
| Account Balance | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 | $4,738 |
| Date Payment Received | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 | 03.18.20 |
| Scheduled Payment Amount | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Actual Amount Paid | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |

Between Dec 2023 and Oct 2025, your credit limit/high balance was $3,250.

## TBOM/ATLS/FORTIVA THD Partial Acct # 777676800285....
PO BOX 10555 ATLANTA GA 30310; (888) 247 0237

**Status (Nov 2020)**

| Date opened | Terms | Recent Balance | Payment history: Jan 2020 - Nov 2025 |
|---|---|---|---|
| Jan 2020 | Not reported | $3,350 as of Nov 2025 | |

**Address ID #**
0170371150

**Type**
Credit card

**Responsibility**
Individual

**Monthly payment**
Not reported

**Credit limit or original amount**
$3,000

**High Balance**
$3,350

**Recent payment**
$30 as of 04/08/2020

**Recent Balance**
$3,350 as of Nov 2025

This account is scheduled to continue on record until Feb 2027.

**Comment**
Account closed at consumer's request.

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2023 | | | | | | | | | | | | |
| 2022 | | | | | | | ND | | | | | |
| 2021 | | ND | | | | | | | | | | |
| 2020 | OK | OK | OK | OK | OK | | | | | | | |

### Comment History
Account closed at consumer's request.| Oct 2025 - Dec 2022

| | Oct25 | Sep25 | Aug25 | Jul25 | Jun25 | May25 | Apr25 | Mar25 | Feb25 | Jan25 | Dec24 | Nov24 | Oct24 | Sep24 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Balance | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 |
| Date Payment Received | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 |
| Scheduled Payment Amount | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Actual Amount Paid | $30 | $30 | $30 | $30 | $30 | $30 | $30 | $30 | $30 | $30 | $30 | $30 | $30 | $30 |

| | Aug24 | Jul24 | Jun24 | May24 | Apr24 | Mar24 | Feb24 | Jan24 | Dec23 |
|---|---|---|---|---|---|---|---|---|---|
| Account Balance | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 | $3,350 |
| Date Payment Received | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 | 04.08.20 |
| Scheduled Payment Amount | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Actual Amount Paid | $30 | $30 | $30 | $30 | $30 | $30 | $30 | $30 | $30 |

Between Dec 2023 and Oct 2025, your credit limit/high balance was $3,000

# 👍 Your Positive Account Activity

These accounts may stay on your credit report for as long as they are open. Closed or paid-off accounts may continue to appear on your report for up to 10 years. Each of the items in this section has a positive payment history, meaning that no delinquencies or derogatory statuses are reported in the displayable payment history.

✓ Great job paying these accounts on time! Payment history is the biggest factor of your credit score.

## AFFIRM INC Partial Acct # 3G8H....
650 CALIFORNIA ST FL 12 SAN FRANCISCO CA 94108; (855) 423 3729

**Status (Jan 2019)** Paid, Closed/Never late.

| Type | Date opened | Address ID # | Credit limit or original amount | Recent Balance | Responsibility |
|---|---|---|---|---|---|
| Unsecured | Aug 2018 | 0170371150 | $219 | Not reported | Individual |
| **Terms** | **Monthly payment** | **High Balance** | | | This account is scheduled |
| 6 Months | Not reported | Not reported | | | to continue on record until Jan 2029. |

## AFFIRM INC Partial Acct # DLOO....
650 CALIFORNIA ST FL 12 SAN FRANCISCO CA 94108; (855) 423 3729

**Status (Feb 2019)** Paid, Closed/Never late.

| Type | Date opened | Address ID # | Credit limit or original amount | Recent Balance | Responsibility |
|---|---|---|---|---|---|
| Unsecured | Oct 2018 | 0170371150 | $250 | Not reported | Individual |
| **Terms** | **Monthly payment** | **High Balance** | | | This account is scheduled |
| 6 Months | Not reported | Not reported | | | to continue on record until Feb 2029. |

Status (May 2019) Paid, Closed/Never late.

## CAPITAL ONE Partial Acct # 515676848183....
PO BOX 31293 SALT LAKE CITY UT 84131; (800) 955 7070

| | | | |
|---|---|---|---|
| **Type**<br>Credit Card | **Date opened**<br>May 2017 | **Address ID #**<br>0170371150 | **Credit limit or original amount**<br>$1,500 |
| **Terms**<br>Not reported | **Monthly payment**<br>Not reported | **High Balance**<br>$1,557 | |

**Recent Balance**
Not reported
**Comment**
Account closed at consumer's request.

**Responsibility**
Individual
This account is scheduled to continue on record until May 2029.

---

**Status (Apr 2019)** Paid, Closed/Never late.

## CFNA/BSRO Partial Acct # 75057....
PO BOX 81083 CLEVELAND OH 44181; (800) 321 3950

| | | | |
|---|---|---|---|
| **Type**<br>Charge Card | **Date opened**<br>Oct 2018 | **Address ID #**<br>0170371150 | **Credit limit or original amount**<br>$1,000 |
| **Terms**<br>Not reported | **Monthly payment**<br>Not reported | **High Balance**<br>$262 | |

**Recent Balance**
Not reported
**Comment**
Account closed at consumer's request.

**Responsibility**
Individual
This account is scheduled to continue on record until Apr 2029.

---

**Status (Jul 2017)** Paid, Closed.

## DEPT OF ED/582/NELNET Partial Acct # 90000054511....
PO BOX 82561 LINCOLN NE 68501; (888) 303 7818

| | | | |
|---|---|---|---|
| **Type**<br>Education | **Date opened**<br>Jan 2010 | **Address ID #**<br>0170371150 | **Credit limit or original amount**<br>$3,500 |
| **Terms**<br>Not reported | **Monthly payment**<br>Not reported | **High Balance**<br>Not reported | |

**Recent Balance**
Not reported

**Responsibility**
Individual
This account is scheduled to continue on record until Jul 2027.

---

**Status (Jul 2017)** Paid, Closed

## DEPT OF ED/582/NELNET Partial Acct # 90000054511....
PO BOX 82561 LINCOLN NE 68501; (888) 303 7818

| | | | |
|---|---|---|---|
| **Type**<br>Education | **Date opened**<br>Jan 2010 | **Address ID #**<br>0170371150 | **Credit limit or original amount**<br>$6,000 |
| **Terms**<br>Not reported | **Monthly payment**<br>Not reported | **High Balance**<br>Not reported | |

**Recent Balance**
Not reported

**Responsibility**
Individual
This account is scheduled to continue on record until Jul 2027.

---

**Status (Nov 2019)** Paid, Closed/Revolving late.

## ELOAN/BPPR/AVANT Partial Acct # 2....
222 N LA SALLE ST STE 1700 CHICAGO IL 60601; (800) 712 5407

| | | | |
|---|---|---|---|
| **Type**<br>Unsecured | **Date opened**<br>Mar 2019 | **Address ID #**<br>0170371150 | **Credit limit or original amount**<br>$2,000 |
| **Terms**<br>18 Months | **Monthly payment**<br>Not reported | **High Balance**<br>Not reported | |

**Recent Balance**
Not reported

**Responsibility**
Individual
This account is scheduled to continue on record until Nov 2029.

---

# CONSUMER REPORT VIEWS / SOFT INQUIRIES

*Soft inquiries* are usually initiated by others, like companies making promotional offers of credit or your lender conducting periodic reviews of your existing credit accounts.

Soft inquiries DO NOT impact your credit score.

CLARITY/ADVANCE FINANCIA 100 OCEANSIDE DR NASHVILLE TN 37204 **No phone # available**          04.24.2025 |

CLARITY/QC HOLDINGS INC 8208 MELROSE DR LENEXA KS 66214 (913) 234 5000          11.17.2025 | 09.23 2025 | 07 09.2025 |
.03.2025 |

# DISCOVER

Discover it® Card

Account number ending in 9188
Open Date: Dec 28, 2019- Close Date: Jan 27, 2020
Cardmember Since 2019

Page 5 of 6

**Darrell, your FICO® Credit Score is 657 as of 01/21/2020**

## Your FICO® Credit Score History



**Important Information:**
- We may not always receive a score for you each month, so there may be months with no scores.
- For questions on the availability of your score go to the "Information For You" section of this statement.
- As a new cardmember with less than 12 months of account history with Discover, your FICO® Credit Score history may take time to build, and may not start with the first month your account opened.

**This chart will be shown in every Jan, Apr, Jul and Oct statement when you have up to 12 months of scores. Log in to Discover.com/FICO any time to see key factors that help explain your scores.**

FICO® Credit Scores consider the following for the general population:

**35%** Payment History



**30%** Amounts Owed

**10%** New Credit

**10%** Credit Mix

**15%** Length of Credit

See FICO® Credit Score Terms on the 'Information For You' section of this statement

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

02/05/2021

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

**O CEASE AND DISIST**
**LECTION ATTEMPT**

2/5/2021

To whom it may concern,

On 05/19/2020 I was contacted by Mr. john Mantel from your agency regarding and alleged debt owed. Be it known that I hereby dispute the validity of said debt.

In accordance with the Federal Debt Collection Act 15 USC & 1692, you are hereby ordered to CEASE AND DISIST any and all further attempts to collect this alleged debt. I will work with alleged original creditor, One Main Financial, to resolve this matter, as warranted. Please take note that I am declining any attempt One Main Financial or any other collection agency with regards to this matter.

In addition you are hereby requested to inform and/or remove from any reporting agencies this alleged debt that is currently in dispute. I will require documentation that you have complied with this request.

You are also requested to cease and desist contacting me with regards to this matter, unless it is to notify me via U.S. mail that you will be terminating all attempt to collect this alleged debt.

Sincerely,

Darrell Bloomquist

Note: This letter serves as an attempt to compel a debt collector to obey federal law, and any information garnered from this debt used for that sole purpose.

Notice: This agreement form is provided for general information purposes, Before you utilize and/or finalize any legal form, you should contact a lawyer within your jurisdiction to ensure it meets your legal needs, and meets all legal statutes regulations within your jurisdiction.

Account # 6890185C

Executive Office of Customer Care
OneMain
PO Box 1170
Evansville IN 47706-1170

June 4, 2020

Darrell Bloomquist
1471 S 200 E
Salt Lake City, UT 84115

RE: Concerns Received
Account # 60901850

Dear Darrell Bloomquist:

This letter is in response to correspondence received at OneMain Holdings, Inc. or one of its affiliates (OneMain) requesting that OneMain validate the above referenced debt.

The balance of the debt with OneMain is $6,827.97 as of June 3, 2020. This information provides a response to your inquiry.

If you believe OneMain is reporting the credit file erroneously, please provide us with a brief but specific notification of dispute concerning what you believe is inaccurate and documentary evidence and other relevant information, such as

- Bank statements and/or copies of the front and back of checks used for payments, or
- A portion of a credit report or specific details from a credit file that shows conflicting information.

If you have any questions or concerns that have not been addressed, please call the Executive Office of Customer Care at 888-864-0332 if you have further questions or concerns.

Sincerely,

*Selinia Wirtjes*

Selinia Wirtjes
Executive Office of Customer Care
OneMain Financial

NOTICE: If you are currently entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: **THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT OR RECOVER ANY AMOUNTS OWED BY YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY**. If you are not currently entitled to the protections of the United States Bankruptcy Code, then this communication is an attempt to collect a debt by a debt collector, and any information obtained will be used for that purpose.

INTERPOINT SHOPPING CTR
237 W 2100 S
SOUTH SALT LAKE, UT 84115-1830

**OneMain** Financial.

May 19, 2020

6-761-28965-0030043-003-01-000-000-000-000-EBAEN



DARRELL C BLOOMQUIST
1471 S 200 E
S SALT LAKE UT 84115-1613

## Let's work together to find a solution that is right for you

Account: 60901850

**Dear DARRELL C BLOOMQUIST**

Your current payment has not yet been received and your account is past due. If you have already sent your payment, thank you and please disregard this reminder.

If not, please call us at (801)-467-4223. If you are experiencing financial hardship from a loss or reduction of income, increase in expense or illness, we understand and want to help.

We have a team here waiting to work with you to find a solution that is right for you. Please call us, Monday through Friday, 9am to 5pm.

**(801)-467-4223**

Sincerely,

**JOHN MANTELL**

NOTICE: If you are currently entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the loan account which is the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT OR RECOVER ANY AMOUNTS OWED IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY. Any payments made on a loan which has been discharged in bankruptcy are voluntary.

# REQUEST TO CEASE AND DISIST
# DEBT COLLECTION ATTEMPT

*2/05/2021*

Mr. Darrell Bloomquist
1471 s 200 e
Salt Lake City, Utah 84115

To Whom it may concern,

On 05/26/2020 I was contacted by Mrs. Jenning from your agency regarding and alleged debt owed. Be it known that I hereby dispute the validity of said debt.

In accordance with the Federal Debt Collection Act 15 USC & 1692, you are hereby ordered to CEASE AND DISIST any and all further attempts to collect this alleged debt. I will work with alleged original creditor, Discover, to resolve this matter, as warranted. Please take note that I am declining any attempt Discover or any other collection agency with regards to this matter.

In addition you are hereby requested to inform and/or remove from any reporting agencies this alleged debt that is currently in dispute. I will require documentation that you have complied with this request.

You are also requested to cease and desist contacting me with regards to this matter, unless it is to notify me via U.S. mail that you will be terminating all attempt to collect this alleged debt.

Sincerely,

Darrell Bloomquist

Note: This letter serves as an attempt to compel a debt collector to obey federal law, and any information garnered from this debt used for that sole purpose.

Notice: This agreement form is provided for general information purposes, Before you utilize and/or finalize any legal form, you should contact a lawyer within your jurisdiction to ensure it meets your legal needs, and meets all legal statutes regulations within your jurisdiction.

*account # End 9188*
*File No # 467676*

PO Box 41688
Tucson, Arizona 85717

Paul D. Guglielmo 1
John A. Daddona 1
John A. McGee 1
Heather Valerga 2
Eliza A. Guglielmo 3
Donald L. Walton 3
Roberta Oblinger-Johnson 4
Robert Gary Marschhausen 5

(877) 325-5700 TOLL FREE
(801) 466-4912 PHONE
(520) 325-2480 FAX

February 10, 2021

Darrell Bloomquist
1471 S 200 E
Salt Lake Cty UT 84115-1613

| | |
|---|---|
| Original Account No: | XXXXXXXXXXXX9188 |
| Creditor: | Discover Bank |
| Our File No: | 467676 (reference this number when contacting our office) |
| Account was opened on: | 10/15/2019 |

Pursuant to your request, enclosed please find documentation that relates to the above-referenced account. Please contact our office to discuss your account.

Sincerely,

Guglielmo & Associates, PLLC

This office is a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

| 1 | Admitted to practice Law in Arizona | 3040 N Campbell Avenue Suite 100-Tucson, Arizona 85719 |
| 2 | Admitted to practice Law in Utah | PO Box 41688-Tucson, AZ 85717 |
| 3 | Admitted to practice Law in New Mexico | PO Box 41688-Tucson, AZ 85717 |
| 4 | Admitted to practice Law in Nevada | 415 South Sixth Street Suite 320-Las Vegas, Nevada 89101 |
| 5 | Admitted to practice Law in Colorado | PO Box 41688-Tucson, AZ 85717 |

MIL 467676                                                  (!VALD LETTER Revised 10/12/2018 by BKB)



**DISCOVER IT® CARD ENDING IN 9188**
CARDMEMBER SINCE 2019

# DISC●VER

## Account Summary  02/28/2020 - 03/27/2020

| | |
|---|---|
| Previous Balance | $2,774.33 |
| Payments and Credits | +$0.00 |
| Purchases | +$0.00 |
| Balance Transfers | +$0.00 |
| Cash Advances | +$0.00 |
| Fees Charged | +$39.00 |
| Interest Charged | +$0.00 |
| **New Balance:** | **$2,813.33** |

See Interest Charge Calculation section following the Fees and Interest Charged section for detailed APR information

| | |
|---|---|
| Credit Line | $2,500 |
| Credit Line Available | $0 |
| Cash Advance Credit Line | $300 |
| Cash Advance Credit Line Available | $0 |



FICO® Score 8 based on TransUnion® data:

**AS OF 03/21/20**
Updated Monthly

See Key Factors that help explain your score at Discover.com or visit our mobile app

## Payment Information

| New Balance | Minimum Payment* | Payment Due Date |
|---|---|---|
| **$2,813.33** | **$211.00** | **04/22/2020** |

* Includes past due amount of $152.00

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $39.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 9 years | $5,305 |

If you would like information about credit counseling services, call us at 1-800-347-1121.

---

Notice: See reverse side for important Information

## Payment Coupon

Detach at perforation above and return with check payable to Discover. Do not fold, clip, staple or send cash.



DARRELL BLOOMQUIST
1471 S 200 E
S SALT LAKE UT 84115-1613

**ACCOUNT NUMBER ENDING IN 9188**

| | |
|---|---|
| New Balance | **$2,813.33** |
| Minimum Payment Due | **$211.00** |
| Payment Due Date | **04/22/2020** |

## Amount Enclosed          $

| For a faster, easier way to pay... | 📲 Discover.com 📞 1-800-347-2683 |
|---|---|
| | See reverse for payment cut off times. |

PO BOX 29013
PHOENIX AZ 85038-9013

New address, email or phone? Please update on reverse.



0000019864555338041850281333000900000021100

2/5/2021

Request to Cease and Disist
Debt Collection Attempt

Mr. Darrell Bloomquist
1471 S. 200 E
S.L.C. Ut 84115

To Whom it may concern,

On 1/12/2021 I was contacted by your agency regarding
an alleged debt owed. Be it known that I hereby
dispute the validity of said debt.

In accordance with the Federal Debt Collection Act
15 USC ß 1692, you are herby ordered to <u>Cease
and Disist</u> any and all further attempts to
collect this alleged Debt. I will work with
alleged original creditor, Fortiva Finacial, to
resolve this matter, as warranted. Please take
note that I am declining any attempt from
Fortiva Finacial or any other collection agency
with regards to this matter.

In addition you are hereby requested to inform
and/or remove from any reporting agencies this
alleged debt that is currently in dispute. I will
require documentation that you have complied with
this request.

_Continued:_

You are also requested to cease and desist contacting me with regards to this matter, unless it is to notify me via U.S. mail that you will be terminating all attempt to collect this debt.

Sincerely,
Danell Bloomquist

Note: this letter serves as an attempt to compel a debt colletor to obey federal law, and any information garnered from this debt used for that sole purpose.



3451 Harry S Truman Blvd.
nt Charles, MO 63301-4047

CURRENT CREDITOR: FORTIVA FINANCIAL
ACCOUNT NUMBER: XXXXXXXXXXXX8339
BALANCE DUE: $3,350.58
REFERENCE NUMBER: 33221943

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 8am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 800-521-3236

DATE: 1/12/2021

## DEBT VALIDATION NOTICE

Our client, FORTIVA FINANCIAL, has placed the above account with our organization for collections.

Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to working with you in resolving this matter.

Michael Benedetto

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE,
PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE).

| | Send your payment in the enclosed envelope using the remittance coupon below. | | Online: www.csiconsumercenter.com |
| --- | --- | --- | --- |
| | Pay-by-Phone: 1-877-552-5905 | | If you are unable to pay the balance in full, contact our office at 800-521-3236 for payment options, which may be available to you. |

**Do not send correspondence to this address.**

PO Box 1586
Saint Peters, MO 63376

| REFERENCE NUMBER | 33221943 |
| --- | --- |
| AMOUNT ENCLOSED | |



**Checks Payable To: Client Services, Inc.**

DARRELL BLOOMQUIST
1471 S 200 E
SALT LAKE CITY UT 84115-1613



**REMIT TO:**

CLIENT SERVICES, INC.
3451 HARRY S. TRUMAN BLVD
ST. CHARLES MO 63301-4047

1 of 1

117611-40-809

02/05/2021

# REQUEST TO CEASE AND DISIST
# DEBT COLLECTION ATTEMPT

Mr. Darrell Bloomquist
1471 s 200 e
Salt Lake City, Utah 84115

To Whom it may concern,

On 05/18/2020 I was contacted by your Social Security Administration agency regarding and alleged debt owed. Be it known that I hereby dispute the validity of said debt.

In accordance with the Federal Debt Collection Act 15 USC & 1692, you are hereby ordered to CEASE AND DISIST any and all further attempts to collect this alleged debt. I will work with alleged original creditor, Social Security Administration collection agency with regards to this matter.

In addition you are hereby requested to inform and/or remove from any reporting agencies this alleged debt that is currently in dispute. I will require documentation that you have complied with this request.

You are also requested to cease and desist contacting me with regards to this matter, unless it is to notify me via U.S. mail that you will be terminating all attempt to collect this alleged debt.

Sincerely,

Darrell Bloomquist

Note: This letter serves as an attempt to compel a debt collector to obey federal law, and any information garnered from this debt used for that sole purpose.

Notice: This agreement form is provided for general information purposes, Before you utilize and/or finalize any legal form, you should contact a lawyer within your jurisdiction to ensure it meets your legal needs, and meets all legal statutes regulations within your jurisdiction.

Darrell Bloomquist

Acc # 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

# Functional Ability Evaluation Medical Report

Utah Driver License Division
P.O. Box 144501
SLC, UT 84114-4501
Phone: 801-963-7325  Fax: 801-957-8698  Email:dlmedical@utah.gov

| BLOOMQUIST | DARRELL | CLINT | 05/11/1970 | 148487718 |
|---|---|---|---|---|
| Last Name | First Name | Middle, | Date of Birth | Driver License Number |

Driver's Signature _____  Date _____

The following portion of this form is to be completed by a health care professional. Fraudulent submission can result in criminal and administrative action.

Medical Information submitted on this form should be restricted to information that is needed in relation to safe driving.

A full listing of current medical guidelines can be found on our website at https://dld.utah.gov/healthcare-providers/

| | A Diabetes and metabolic conditions ☐Insulin dependent | B Cardio-vascular ☐Hyper-tension Only | C Pulmonary ☐Oxygen w/driving ☐ Inhaler only | D Neurologic | E Seizures & Episodic Conditions Date of last Seizure | F Learning & Memory | G Mental Health | H Alcohol & Other drugs | Musculo-Skeletal Or chronic Debility | K Alertness Or Sleep disorder |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | |
| 2 | | | | | | | | | | |
| 3 | | | | | | | | | | |
| 4 | | | | | | | | | | |
| 5 | | | | | | | ■ | | | |
| 6 | | | | ■ | | | | | ■ | ■ |
| 7 | | | | | ■ | | | | | |
| 8 | No driving | No driving | No driving | No driving | No driving | No driving | No driving | No driving | No driving | No driving |

| Health care professional recommend review time frame | Health Care professional recommended restrictions |
|---|---|
| ☐ standard review time <br> ☐ six month review time <br> ☒ one year review time <br> ☐ upon renewal of license <br> ☐ no further review <br> ☐ Other _____ <br> ☐ there are special considerations I would like to discuss | ☐ Speed- posted 40mph or less <br> ☐ Area (requires driving review) <br> ☐ Supplemental Oxygen while driving <br> ☐ Daylight driving only <br> ☐ **Health care professional recommended driver review:** Would require driver to complete a physical assessment, written test and driving skills test. |

Is there a disorder or condition that is not marked that is relevant to safe driving for this driver? If so, what categories do you recommend?

_____

Health care professional comments _____

_____

*required responses for submission in applicable scenarios. (Submission will not be accepted if older than 6 months or if required medical information is missing)

| *Exam Date | *Printed Name of Health Care Professional | *Signature & degree | State license number |
|---|---|---|---|

| *Form signed Date | **Street Address | City | State | Zip Code | *Telephone |
|---|---|---|---|---|---|

| *Exam Date | *Printed Name of Health Care Professional | *Signature & degree | State license number |
|---|---|---|---|

| Form signed Date | *Street Address | City | State | Zip Code | Telephone |
|---|---|---|---|---|---|

54 REV. 01-23



Office of
**THE ATTORNEY GENERAL**
127 SOUTH 5C0 EAST, SUITE 550
SALT LAKE CITY, UTAH 84102-1959

1033-0.83-92496D21.ps 558877698 1-2 1 25738

DARRELL C BLOOMQUIST
1471 S 200 E
SALT LAKE CITY UT 84115-1613

Account #: 4168904
Account Balance: $275.00
Patient First Name: Darrell C
Patient Last Name: Bloomquist

10/20/23

Dear Darrell C Bloomquist,

## FINAL NOTICE

Your University of Utah Health (U of U Health) account(s) listed on the back of this letter remains unpaid. Within 30 days of the date of this letter, please contact our office to make acceptable payment arrangements, pay your account(s) in full or submit an Application for Financial Assistance.

If these amounts remain unpaid, a lien may be placed on your Utah State income tax return, which will remain in effect for the next eight years, or until the balance is paid in full. U of U Health uses the State of Utah tax lien program found in Utah Code Ann.§ 63A-3-301 Et seq. Further, your account(s) may be referred to an outside collection agency.

Please feel free to contact an account representative at (801) 587-6304.

Sincerely,

Jeremy Shaw
Assistant Attorney General

**Make checks and money orders payable to:**
Utah Attorney General's Office

*Please return this portion with your check or money order.*

If you would like to pay with a credit card, please visit us online
https://payacago.utah.edu/bill **or call us at 801-587-6304**
*Please note that our return address for payments has changed.*

ACCOUNT STATEMENT
**ACCOUNT # 4168904**

Thank you for selecting
University of Utah Health
healthcare.utah.edu

STATEMENT DATE: **10/20/23**

ACCOUNT BAL: **$275.00**

DATE DUE:
**11/10/2023**
AMT PAID: $

1033-0.83-92496D21.ps 558877698 1-2 1 25738



 **EXPRESS RECOVERY SERVICES INC.**

*A Debt Collection Agency*

PO Box 26415
Salt Lake City, Utah 84126-0415

Telephone: (801) 486-4182
Toll Free: (800) 238-5888

September 6, 2024

Master Account #: 8164074
Principal:           $275.00
Interest Accrued:    $11.83*
Total Balance:       $286.83
*Avoid future interest charges by paying your account in full.

 ACA

| CLIENT NAME | AMOUNT OWING | INTEREST | OTHER FEES | TOTAL |
|---|---|---|---|---|
| UNIVERSITY OF UTAH HEALTH | $275.00 | $11.83 | $0.00 | $286.83 |
| TOTALS | $275.00 | $11.83 | $0.00 | $286.83 |

Your account balances are listed above.  Please contact our office today to arrange for payment

Sincerely,
Express Recovery Services, Inc.
Jeannie 801-412-3127
A Debt Collection Agency

**This communication is from a debt collector.**
**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**\* \* \* PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION AND PAYMENT OPTIONS \* \* \***

\*\*\* PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT \*\*\*

ILU93°030SIM0

PO Box 26415
Salt Lake City UT 84126-0415

CHANGE SERVICE REQUESTED

September 6, 2024

148911736

Darrell C Bloomquist
1471 S 200 E
Salt Lake City UT 84115-1613

Master Account #: 8164074
Principal:           $275.00
Interest Accrued:    $11.83*
Total Balance:       $286.83
*Avoid future interest charges by paying your account in full.

Amount Enclosed: $ _____

Express Recovery Services, Inc.
PO Box 26415
Salt Lake City UT 84126-0415

Enclosing the bottom portion of this notice with your
payment will expedite credit to your account.

mcna

Return Mail Processing Center
P.O. Box 6336
Portland, OR 97228-6336

*4008522260013412385*
000 0004581 00000000 0001 0004 01146 INS: 0 0

DARRELL C BLOOMQUIST
1471 S 200 E
SALT LAKE CTY UT 84115-1613      40
                                 8646

To Enroll, Please Call:
1-888-220-5006
Or Visit:
https://response.idx.us/MCNA-Information
Enrollment Code: 9WLRH5THT7

May 26, 2023

Su información personal puede haber estado involucrada en un incidente de datos. Si desea recibir una version de esta carta en español, por favor llame 1-888-220-5006.

## Notice of Data Breach

Dear Darrell C Bloomquist:

We are sorry to tell you about a privacy event. This letter is from MCNA. We work with the Utah Department of Health and Human Services; and the Children's Health Insurance Program to help provide benefits. This event may have involved your information.

### What happened?
On March 6, 2023, MCNA became aware of certain activity in our computer system that happened without our permission. We quickly took steps to stop that activity. We began an investigation right away. A special team was hired to help us. We learned a cybercriminal was able to see and take copies of some information in our computer system between February 26, 2023 and March 7, 2023.

### What information may have been involved?
On May 4, 2023, we told the state Medicaid agency that this event may have involved your information. Here is the kind of information that was seen and taken:
- Information used to contact you, like first and last name, address, date of birth, phone number, email
- Social Security number
- Driver's license number/other government-issued ID number
- Health insurance (plan information, insurance company, member number, Medicaid-Medicare ID numbers)
- Care for teeth or braces (visits, dentist name, doctor name, past care, x-rays/photos, medicines, and treatment)
- Bills and insurance claims

Some of this information was for a parent, guardian, or guarantor. A guarantor is the person who paid the bill. Information which was seen and taken was not the same for everyone.

### Why did this happen?
A cybercriminal accessed our computer system without our permission.

### What was done about it?
When we learned about the activity, we immediately began an investigation. Law enforcement was contacted. We are also making our computer systems even stronger than before because we do not want this to happen again.

We would like to offer you a free identity theft protection service. We will pay for the cost of this service for 1 year so that it is free for you. We have attached steps on how to sign up for this free service.

AI7731 v.02



Credit Collection Services
P.C. Box 607, Norwood, MA 02062-0607
(617) 581-1058 from 8am to 8pm EST, Monday to Friday
www.ccspayment.com

To:   DARRELL BLOOMQUIST
      1471 S 200 E
      SALT LAKE CITY UT 84115-1613

01/17/23

**Reference: 05 0027 72814 (PIN: 46538)**

**Credit Collection Services is a debt collector.** We are trying to collect a debt that you owe to PROGRESSIVE ADVANCED INSURANCE CO. We will use any information you give us to help collect the debt.

## Our information shows:

You had an account with PROGRESSIVE ADVANCED INSURANCE CO with account number 961798703-0000-48-43-B+.

| | | |
|---|---|---|
| As of December 26, 2022, you owed: | $ | 202.05 |
| Between December 26, 2022 and today: | | |
| You were charged this amount in interest: | + $ | 0.00 |
| You were charged this amount in fees: | + $ | 0.00 |
| You paid or were credited this amount toward the debt: | - $ | 0.00 |
| Total amount of the debt now: | $ | 202.05 |

## How can you dispute the debt?

- **Call or write to us by February 24, 2023, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- **If you write to us by February 24, 2023,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at www.ccspayment.com.

## What else can you do?

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by February 24, 2023, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.ccspayment.com.

- **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

- Contact us about your payment options.

0121-UT

---

**Mail this form to:**
Credit Collection Services
P.O. Box 607
Norwood, MA 02062-0607

## How do you want to respond?

*Check all that apply:*
☐ I want to dispute the debt because I think:

  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information).
☐ I want you to send me the name and address of the original creditor.

☐ I enclosed this amount: $ _____

Make your check payable to *PROGRESSIVE ADVANCED INSURANCE CO.*
Include the reference number 05 0027 72814.

14531 1 AB 0.488 T 38
DARRELL BLOOMQUIST
D30171C 1471 S 200 E
00-WNZ1E-1 SALT LAKE CITY UT 84115-1613
0121

 **Banfield** PET HOSPITAL

*Case # 269902203*



# Optimum Wellness Plan® Agreement

Banfield Pet Hospital
389 W 1830 South,
Salt Lake City, UT 84115-4115
(801) 463-6488

| Member & Pet Information | Agreement Information |
|---|---|
| Member: **Darrell Bloomquist** | Agreement: **0172-27036811** |
| Co: | Start Date: **11/29/2025** |
| | Created By: **Salt Lake City N (21st South)** |
| Pet: **Cia** | Discount: **10%** |
| Home Hospital: **Salt Lake City N (21st South)** | Preferred Withdrawal Day: **5** |

The Member named above, with whom this Agreement is made, has purchased from Banfield Pet Hospital ("Provider") an Optimum Wellness Plan (the "Plan") for the pet identified above. The Plan consists of (a) the Core Plan, which includes the discounted veterinary services specified on page 2, and (b) the OWP Options listed below (if any). The Member agrees to pay Provider the initial non-refundable membership fee and monthly installments for the full term of this Agreement, including renewal terms, subject to the cancellation provisions starting on page 3. The monthly installments for the initial Plan Year are stated below. All Plan products and/or services are scheduled to be provided within 12 months of the start of each Plan Year. The first Plan Year begins on the Start Date stated above. Products/services unused in any Plan Year do not carry over to the next Plan Year. Products/services refresh upon renewal and are again available during the next Plan Year (except those services available first Plan Year only, as noted below and on page 2).

## THE 'TERMS AND CONDITIONS' AND 'SERVICES INCLUDED' PAGES ARE PART OF THIS AGREEMENT

| Optimum Wellness Plan Summary | | Monthly |
|---|---|---|
| Core Plan: | **Active Care** | $44.95 |
| OWP Option(s): | **None Selected** | $0.00 |
| | Recurring Total Monthly Fee: | $44.95 |
| | One time Membership Fee: | $74.95 |
| | **Due Today:** | $119.90 |

## Agreement and Authorization

By signing below, I/We as Member(s) agree to the terms and conditions of this Agreement and authorize Banfield Pet Hospital to debit/charge the account I/We have provided. If a credit card is being used to make payments under the terms of this Agreement, I/We further agree to provide updated credit card information to Provider 30 days prior to expiration date of the credit card.

_____/_____ BY INITIALING HERE I/WE ACKNOWLEDGE THE AUTOMATIC RENEWAL PROVISIONS OF THIS AGREEMENT.

If signed by 2 Co-Members, each Co-Member agrees that: (i) a single Co-Member may cancel, amend, supplement or modify this Agreement (including amendments that add or remove services) without the consent of the other Co-Member, and (ii) any such cancellation, amendment, supplement or modification shall apply equally to and be binding upon both Co-Members.

Member Name: **Darrell Bloomquist**

Member Signature: _____ Date: _____

Co-Member Name: _____

Co-Member Signature: _____ Date: _____

**If signed by 2 Co-Members, they are jointly and separately liable for all payments. To cancel this Agreement, .ember must call 888-649-2716.**

**Rev. October 19, 2017**

# Optimum Wellness Plan® - Terms and Conditions

1. **General Terms of Use:** This Agreement and the goods and services provided under it are not transferrable to another pet or assignable to another person. This Agreement applies only to the pet designated on page 1 while owned by Member. Member agrees that with the exception of the unlimited office visits, Plan services will generally be provided during scheduled drop-off appointments when the pet will be left by Member at the hospital for an agreed-upon time of up to 4 -6 hours, generally excluding holidays and weekends. Provider will make all reasonable efforts to make drop-off and pickup times convenient to Member during regular business hours. Provider reserves the right to charge a missed appointment fee equal to the amount of a normal office visit if any scheduled appointment for surgery or other anesthetic procedure is missed without at least 48 hours cancellation notice by Member prior to the scheduled appointment. Provider will make all reasonable efforts to provide services for Member's pet as needed. However, in some cases limited staffing may require Provider to refer Member to an alternate Banfield Pet Hospital or to another veterinary facility or to schedule a future appointment.

2. **Home Hospital:** Member may obtain Plan services at any Banfield hospital. However, the Home Hospital designated on page 1 is generally where appointments for Plan services will be scheduled. Member may change the Home Hospital by visiting the desired new Home Hospital with the pet and requesting that the change be made.

3. **Automatic Renewal- Monthly Pay Only:** This agreement is effective on the Start Date designated on page 1 for an initial term of 12 months (Plan Year) and will automatically renew on the anniversary of the Start Date in each succeeding year for subsequent periods of one year until Member or Provider cancels this Agreement as described in section 9 below. Re-enrollment: After cancellation, Member will have up to 90 days to reinstate the Plan without paying a membership fee.Early Renewal: In certain situations, it may be advisable that a Plan renew early if Plan services have already been used and are needed again, but are not available until after renewal. In order to make the needed services available sooner, Plan may be renewed up to 30 days early. When early renewal occurs, Member is responsible for any remaining payments for the current Plan Year as well as the new renewal Plan Year just as if the Plan had renewed automatically. The new Plan Year will end on the 12-month anniversary of the early renewal date.

4. **Plan Discounts:** The discount percentage listed on page 1 applies to most non-Plan services and products purchased from Provider for the pet named on page 1 during the term of this Agreement. The discount does not apply to any purchases made at PetSmart or to any training, boarding or grooming fees incurred at facilities owned and/or operated by PetSmart.

5. **Estimated Savings:** Member understands and acknowledges that advertised savings under the Plan assume utilization of all services included in the Plan and that actual savings may vary.

6. **OWP Options:** OWP Options are select bundles of products and/or services that Member may add to the Plan. Addition or removal of OWP Options during the Plan Year is subject to Provider approval; however, under no circumstances will OWP Options be added or removed during the final 60 days of a Plan Year. Adding or removing OWP Options during the Plan Year will change Member's monthly/annual payment amounts. Products included in OWP Options are subject to availability. Provider reserves the right at its sole discretion to substitute any product with an alternate product of similar value and quality.

7. **Plan Upgrades and Downgrades:** Member may elect to upgrade or downgrade the level of the current Plan without paying a new membership fee. Upgrades or downgrades may be made at any time during a Plan Year and will end the existing Plan and create a new Plan at the new level chosen by Member. The new Plan will have a new Start Date and will be in effect for a new 12-month term, with automatic renewals on the anniversary of the new Start Date. If Member downgrades the Plan before the end of the Plan year, Member shall be immediately obligated to pay the lesser of: 1) the full retail fees for all services/products provided (with all discounts reversed as if the Plan had not been in effect for the Plan Year) to the extent such fees exceed the total of monthly payments received by Provider for the Plan Year; or 2) an amount equal to the sum of the total remaining Plan Year monthly installments. If no goods or services have been provided, Member may downgrade without making any payment. A new Optimum Wellness Plan Agreement will be produced for the new Plan. Upgrading or downgrading the Plan will change Member's monthly/annual payment amounts and services included.

8. **Payments:** Monthly payment installments will only be billed directly to Member's credit card or deducted from Member's bank account. An overdraft/reprocessing fee of $20.00 will be billed to Member for insufficient funds, over limit status or any other reason a payment is unable to be processed based on the account information supplied by Member. Member is responsible for immediately notifying Provider of any changes in billing account information to avoid any payment overdraft/reprocessing fees.

9. **Cancellation:** Either Provider or Member may cancel this Agreement at any time, but there may be monies due upon cancellation. In the event that cancellation of this Agreement results in monies due by Member, such monies shall be paid in full at the time of cancellation. In the event cancellation results in monies due to Member, such monies will be paid by Provider within 6 to 8 weeks.

   **Cancellation by Member within 4 Days:** A newly enrolled Member who has not been enrolled in a Plan within the preceding 90 days may cancel this Agreement for any reason within 4 (four) days of enrollment (inclusive of enrollment day) by calling 888-649-2716 or visiting any Banfield Pet Hospital. The membership fee and any other fees paid are refundable minus the undiscounted retail value of any and all services/products delivered subsequent to enrollment.

   **Cancellation by Member After 4 Days:** To cancel this Agreement, Member must call 888-649-2716. If Member cancels for any reason **(including but not limited to death or loss of pet or transfer of ownership)**, whether before or after Provider has rendered services, Provider shall be entitled to retain the entire membership fee. Provider shall also be entitled to retain or recover from Member all monthly installments that have previously been paid or become due, including the installment for the month in which cancellation occurs, regardless of the cancellation request date. In addition, upon cancellation prior to the end of the Plan Year, if the total undiscounted retail value of Plan services/products already provided during the Plan Year exceeds the sum of monthly installments collected for that Plan Year, **Member shall be obligated to do one of the following:**

   (a) Immediately pay full retail fees for all services/products provided (with all discounts reversed as if the Plan had not been in effect for the Plan Year) to the extent such fees exceed the total of monthly payments received by Provider for the Plan Year; OR

   (b) Immediately pay the total remaining Plan Year monthly installments in full if less than the amount described in paragraph (a); OR

   (c) Continue making the monthly payments as they become due for the remaining term of the Plan Year then in effect.

   If Member has paid the full annual fee in advance, upon cancellation by Member, Provider will refund, if any, the lesser of (a) one-twelfth of the annual fee times the number of full months remaining in the Plan Year or (b) the full annual fee minus the undiscounted retail value of all Plan services/products that have been provided in the Plan Year (with all discounts reversed as if Plan had not been in effect for the Plan Year).

   **Cancellation by Provider:** Provider reserves the right to cancel the Plan at any time and for any reason. In the event Provider chooses to cancel the Plan for any reason except Member's default, Provider will waive any future payments due under the Plan and discharge Member's obligation under this Agreement in full.

10. **Plan Price and Service Changes:** The initial price of the Plan is the price in effect at the Home Hospital when the pet is enrolled. The price of any subsequent renewal Plan is the price in effect at the Home Hospital upon the renewal date. Provider reserves the right to adjust price, services and the Terms and Conditions of this Agreement as of the date of any renewal of this Agreement. Provider will give Member notice of any price changes no less than 30 days prior to the date they are to become effective; however, no notice will be given of a price change resulting from Member changing the Home Hospital. It is Member's responsibility to read and understand the Terms and Conditions and services included in any changes to the Plan (renewal, upgrade, downgrade, or OWP options).

11. **Exclusions:** The following items and services are not included in this Agreement:

    (a) Services and/or products purchased from PetSmart, including grooming, obedience training and Pet's Hotel daycare/boarding.

    (b) Services, including office visits and consultations, rendered by specialists to whom the pet is referred by Provider.

    (c) Services at any institution, clinic or hospital other than Banfield Pet Hospital.

12. **Default**: If Member fails to pay any monthly installment by its due date, Provider may immediately suspend Plan services and products until Member reinstates the Plan by paying all monthly fees due and owing at the time of payment; provided, however, if any monthly installment is past due for 120 days or more, Provider may immediately cancel this Agreement and discontinue Plan services, declare all remaining monthly installments for the then-current Plan Year to be immediately due and payable, and refer Member's account to a third-party collection agency. Collection activity may negatively impact Member's credit rating and may result in collection fees that will be payable by Member. If Provider permits Member to restart a Plan after cancellation under this section 12, a new membership fee will be required unless special arrangements are made between Member and Provider and agreed to in advance.

**Collection Costs**: Whether or not a legal action is commenced, Member agrees to pay and reimburse Provider for any and all fees and costs of any collection agency, which may be based on a percentage of the debt (up to the maximum percentage of 33%), and all fees, costs, and expenses, including reasonable attorney's fees, incurred by Provider in such collection efforts.

14. **Multiple Members, Joint and Separate Liability**: If two or more persons sign this Agreement as Members, they will be jointly liable, and each of them will be separately liable, for all amounts payable under this Agreement. If two or more persons sign this Agreement as Members, the term "Member" as used throughout this Agreement will include each and all of them.

15. **Arbitration:** Any and all claims, controversies, or disputes arising out of or related in any way to this Agreement shall be subject to binding arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association ("AAA") under the Federal Arbitration Act. This includes, without limitation, any claims, controversies, or disputes that would otherwise be subject to class actions. This Agreement is governed by the substantive laws of Oregon, without regard to Oregon choice of law rules. Judgment of the arbitration award may be entered in any court of competent jurisdiction.

Rev. October 19, 2017

# Optimum Wellness Plan® Services Included

OPTIMUM WELLNESS PLANS ARE NOT INSURANCE. YOUR OPTIMUM WELLNESS PLAN PROVIDES ONLY THE SERVICES LISTED BELOW AND ON THE PREVIOUS PAGE. IT DOES NOT INCLUDE ANY SERVICES NOT LISTED, ANY SERVICES PROVIDED BY ANYONE OTHER THAN PROVIDER, OR ANY FEES FOR MEDICAL CARE OR SERVICES RECOMMENDED AS A RESULT OF ILLNESS, INJURY OR TRANSFER TO A SPECIALTY OR OVERNIGHT HOSPITAL FACILITY. YOUR OPTIMUM WELLNESS PLAN PROVIDES SERVICES ONLY R THE PET NAMED ON THE PREVIOUS PAGE. IT MAY NOT BE USED FOR ANY OTHER PET. FEES FOR NON-WELLNESS PLAN SERVICES WILL BE DETERMINED BY THE FEE SCHEDULE IN EFFECT AND MUST BE PAID IN FULL AT THE TIME SERVICES ARE RENDERED.

**Your Active Care Includes:**

**Professional Services**
- Comprehensive Exam (2)
  Dental Exam
  Ophthalmic Exam
  Otoscopic Exam
  Rectal Exam
  Cardiovascular evaluation
  Weight assessment
  Coat & Skin evaluation
  Abdominal evaluation
  Urogenital evaluation
  Musculoskeletal evaluation
  Pulmonary / Lung evaluation
  Day Care for Optimum Exam
- Routine Deworming (2)
- â€¢ Unlimited interstate health certificates (excluding Hawaii and U.S. territories)
- Unlimited Office Visits

**Vaccines**
- Canine Bordetella (2)
- Distemper Parvo DAPP
- Leptospirosis 4 way (2)
- Lyme Vaccine (2)
- Rabies Virus

-- Your veterinarian will determine which vaccines are appropriate for your pet.

**Screening**
- Blood Cell Count
- Heartworm/Lyme/Ehrlichia/Anaplasma Test
- Internal Organ Function Screen
- Intestinal Parasite Fecal Exam
- Ear Swab with Cytology & Stain (1st Yr Only)

**Your selected OWP Option(s) are:**

None Selected

Listed services only available once per plan year unless otherwise indicated.

February 25, 2026

Darrell Bloomquist
1471 S. 200 E.
Salt Lake City, Utah 84115
darrellbloomquist05@gmail.com

**Re: Dispute of Alleged Debt – Banfield Wellness Plan (October 6, 2022 – October 2023)**

To Whom It May Concern:

IC System
P.O. Box 64378
St. Paul, Minnesota 55164

I am writing to formally dispute the above-referenced alleged debt related to the Banfield Wellness Plan for the period of October 6, 2022 through October 2023.

Pending your response and full validation of this alleged debt, I dispute the validity and amount of the claimed balance in its entirety and request that all collection activity cease until proper validation is provided.

To the extent any services are claimed to have been rendered, please provide documentation demonstrating that such services were in fact performed.

Please provide a complete itemized billing statement reflecting all charges assessed during the relevant period, including the date of each charge, a description of services allegedly rendered, and the amount of each charge.

Please also provide a copy of the signed contract, enrollment agreement, or other written instrument that you contend authorizes the charges at issue, including all terms and conditions applicable to the Banfield Wellness Plan.

Please respond in writing within thirty (30) days of receipt of this correspondence.

If you are reporting this account to any consumer reporting agency, please ensure that it is reported as disputed.

This letter shall also serve as a formal request for validation of the debt pursuant to applicable federal and state consumer protection laws, including verification of the amount claimed and the identity of the original creditor.

Sincerely.

Darrell Bloomquist
Cia Bloomquist

HCMG Neuroscience & Rehabilitation Lehi Mountain Point
3000 N Triumph Blvd
Ste 110
LEHI UT 84043-7186

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 11/20/2024

11/20/2024 - Office Visit in CommonSpirit Neurology, Pain & Spine Mountain Point (continued)

Clinical Notes

Addendum Note

### Connie Urbina, MA at 11/20/2024 0930

| | | |
|---|---|---|
| Author: Connie Urbina, MA | Service: — | Author Type: Medical Assistant |
| Filed: 12/19/2024 11:34 AM | Encounter Date: 11/20/2024 | Status: Signed |
| Editor: Connie Urbina, MA (Medical Assistant) | | |
| Addended by: URBINA, CONNIE on: 12/19/2024 11:34 AM | | |

Modules accepted: Orders

Electronically signed by Connie Urbina, MA at 12/19/2024 11:34 AM

Progress Notes

### Brandon Carlyle Green, MD at 11/20/2024 0930

| | | |
|---|---|---|
| Author: Brandon Carlyle Green, MD | Service: — | Author Type: Physician |
| Filed: 11/20/2024 9:58 AM | Encounter Date: 11/20/2024 | Status: Signed |
| Editor: Brandon Carlyle Green, MD (Physician) | | |

## Assessment/Plan:
Assessment
Other spondylosis, lumbosacral region
2. Ankylosing spondylitis of multiple sites in spine (CMS/HCC)

**Ankylosing spondylitis -**
Got C, lumbar xray and thoracic. signif AS throughout lumbar spine
talked about treatment options.  Lumbar 3-S1 MBB's could help him. He is not wanting injections now.   Will call in when he wants.
He is just wanting meds now.

UDS today. he is off the cannibis now he says. but pos THC 11/'21. Off this since 2022 he says.
talked about how we can't do much narcotic if he uses cannibis. Takes some occasional prednisone for his GI issues.

Back pain usually around 7/10.
Wanted functional ability paperwork filled out. let him know I don't do that.

**Pain Meds -**  Will give Oxy 10mg #30  tabs that should last him the next 2-3 months, Try to stick with QOD at most.
f/u prn.  has been taking more 11/'24

**Mental Health -**   He is meeting with a therapist for his anxiety and stress as well. His court case now is settled and he is feeling much better now mentally.

f/u in 3 months prn

  gs are Sia and new one Sasha.

**ulcerative colitis-**
He reports some type of colitis but hes not sure what type he has.  Is having more stomach pain.  Saying he takes more pain meds for this.

HCMG Neuroscience & Rehabilitation Lehi Mountain Point
3000 N Triumph Blvd
Ste 110
LEHI UT 84043-7186

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 11/20/2024

**11/20/2024 - Office Visit in CommonSpirit Neurology, Pain & Spine Mountain Point (continued)**

Clinical Notes (continued)

**lumbosacral spondylosis**
pain in right hip joint
pain into his R groin.

Left SI joint pain - for SI joint inj. Sched he wants

I discussed these medications with the patient again today 11/20/24. Changes are noted above if any. Otherwise will continue the same.

I also discussed the multiple diagnosis listed here with the patient today 11/20/24, and a plan is in place for each going forward. PE is still as noted.

**Subjective:**
**Subjective**
Darrell Clint Bloomquist is a 54 y.o. male.
CC: 1 month f/u-

HPI

Darrell is a 54 y.o. M with a hx of AS with his worst pain in his lumbar spine. Also reports pain in mult joints. He had some court issues with charges from marijuana, that he says causes a lot of stress, but won that now. He uses marijuana because of his stress and pain. He also has colitis and is seeing a GI specialist, he has tried remicade and humira and other things with min relief. He says his neck is the neck is the 2nd worse pain and stiffness there. He says he has bamboo spine from the AS. Pain can also be in his sacral and lateral hip area.

Denies recent changes in bladder control or any fever, chills, sweats, abdominal pain, or saddle anesthesia. He gets diarrhea a lot from his colitis. Eats yogurts and sourkrout.

Chronic mature interbody fusion at C5-6. No hardware. Vertebral endplate remodeling at C6-7, suggestive of degenerative disc disease and associated intervertebral disc herniation. Small posterior disc osteophyte complexes at the C2-3 and C4-5 levels.

History Review: The patient histories dated today were reviewed and updated as needed in the histories section of the chart.

Review of Systems as per HPI
• Constitutional: no fever, no chills, no night sweats, no significant weight gain, no significant weight loss, no exercise intolerance, no fatigue

  Musculoskeletal Musculoskeletal: no muscle weakness, no swelling in the extremities, arthralgias/joint pain, back pain (neck pain)

  Integumentary Skin: no abnormal mole, no jaundice, no rashes, no itching

  Neurological symptoms Neuro: no weakness, no burning, no shooting pain, no headache, no anxiety

**Objective:**
**Objective**
Vitals:

HCMG Neuroscience & Rehabilitation Lehi Mountain Point
3000 N Triumph Blvd
Ste 110
LEHI UT 84043-7186

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 11/20/2024

**11/20/2024 - Office Visit in CommonSpirit Neurology, Pain & Spine Mountain Point (continued)**

Clinical Notes (continued)

11/20/24 0938

| | |
|---|---|
| BP: | (!) 142/106 |
| Pulse: | 88 |
| SpO2: | 97% |
| Weight: | 101 kg (223 lb) |
| Height: | 182.9 cm (6') |
| PainSc: | 4 |
| PainLoc: | Back |

Physical Exam

Gen: AAOx3, NAD
Eyes: sclera anicteric, moist conjunctiva
CVS: RR, + distal pulses
RESP: Reg., Non-labored
GI: soft, NT
Extremities: Heel and toe walking intact , Strength 5 /5 , SLR neg
Spine: ROM of lumbar spine very limited with pain on extension and lateral rotation. Flexion is not painful. TTP lumbar

FABERS pos
Back: Cervical- ROM decreased, spurlings negative
Neuro: sensation decreased to LT b/l lateral thigh. Reflexes symmetric.
Skin: No rash or erythema. LE Edema 0
Psychiatric: Mental status grossly normal, affect normal.

Electronically signed by Brandon Carlyle Green, MD at 11/20/2024  9:58 AM

**Labs**

**POC Drug Screen Urine (Final result) [653235640]**

| | |
|---|---|
| Electronically signed by: **Brandon Carlyle Green, MD** on 12/19/24 1542 | Status: **Completed** |
| Mode: Ordering in Verbal with repeat back mode | Communicated by: Connie Urbina, MA |
| Ordering user: Connie Urbina, MA 12/19/24 1053 | Ordering provider: Brandon Carlyle Green, MD |
| Authorized by: Brandon Carlyle Green, MD | Ordering mode: Verbal with repeat back |
| Frequency: Routine  12/19/24 - | Class: Point Of Care |
| Quantity: 1 | Lab status: Final result |

Diagnoses
Other spondylosis, lumbosacral region [M47.897]
Ankylosing spondylitis of multiple sites in spine (CMS/HCC) (HCC) [M45.0]

**Specimen Information**

| ID | Type | Source | Collected By |
|---|---|---|---|
| — | Urine | — | URBINA, CONNIE 11/20/24 0949 |

**POC Drug Screen Urine [653235640] (Abnormal)**      Resulted: 11/20/24 1002, Result status: Final result

Ordering provider: Brandon Carlyle Green, MD 12/19/24 1053    Order status: Completed
Filed by: Connie Urbina, MA 12/19/24 1134    Collected by: URBINA, CONNIE 11/20/24 0949
Resulting lab: NEUROSCIENCE & REHABILITATION LEHI MOUNTAIN POINT
Acknowledged by: Brandon Carlyle Green, MD on 12/19/24 1544

HCMG Neuroscience & Rehabilitation Lehi Mountain Point
3000 N Triumph Blvd
Ste 110
LEHI UT 84043-7186

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 11/20/2024

## 11/20/2024 - Office Visit in CommonSpirit Neurology, Pain & Spine Mountain Point (continued)

Labs (continued)

### Components

| Component | Value | Reference Range | Flag | Lab |
|---|---|---|---|---|
| Amphetamine, Urine (POC) | Negative | Negative | — | NRLM NEURO REHAB LEHI |
| Barbiturate, Urine (POC) | Negative | Negative | — | NRLM NEURO REHAB LEHI |
| Benzodiazapine, Urine (POC) | Negative | Negative | — | NRLM NEURO REHAB LEHI |
| Buprenorphine, Urine (BUPG) | Negative | Negative | — | NRLM NEURO REHAB LEHI |
| Cannabinoid, Urine (POC) | Negative | Negative | — | NRLM NEURO REHAB LEHI |
| Cocaine, Urine (POC) | Negative | Negative | — | NRLM NEURO REHAB LEHI |
| Methadone, Urine (POC) | Negative | Negative | — | NRLM NEURO REHAB LEHI |
| Methamphetamine, Urine (POC) | Negative | Negative | — | NRLM NEURO REHAB LEHI |
| MDMA, Urine (POC) | Negative | Negative | — | NRLM NEURO REHAB LEHI |
| Opiate, Urine (POC) | Negative | Negative | — | NRLM NEURO REHAB LEHI |
| Oxycodone, Urine (POC) | Positive | Negative | A ! | NRLM NEURO REHAB LEHI |
| Phencyclidine, Urine (POC) | Negative | Negative | — | NRLM NEURO REHAB LEHI |
| Propoxyphene, Urine (POC) | Negative | Negative | — | NRLM NEURO REHAB LEHI |
| Tricyclic Acid, Urine (POC) | Negative | Negative | — | NRLM NEURO REHAB LEHI |
| Reagents within Expiration | Yes | Yes | — | NRLM NEURO REHAB LEHI |
| Internal Controls | Valid | Valid | — | NRLM NEURO REHAB LEHI |

### Testing Performed By

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 481 - NRLM NEURO REHAB LEHI | NEUROSCIENCE & REHABILITATION LEHI MOUNTAIN POINT | Unknown | Unknown | 11/21/23 1116 - Present |

### Indications

Other spondylosis, lumbosacral region [M47.897 (ICD-10-CM)]
Ankylosing spondylitis of multiple sites in spine (CMS/HCC) (HCC) [M45.0 (ICD-10-CM)]

### All Reviewers List

Brandon Carlyle Green, MD on 12/19/2024 15:44

## 11/20/2024 - Office Visit in CommonSpirit Neurology, Pain & Spine Mountain Point
## IR Procedural Timeline

Imaging Documentation Timeline (2/18/2026 12:29:19 to 2/18/2026 12:24:19)

HCMG Neuroscience & Rehabilitation Lehi Mountain Point
3000 N Triumph Blvd
Ste 110
LEHI UT 84043-7186

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 11/20/2024

**11/20/2024 - Office Visit in CommonSpirit Neurology, Pain & Spine Mountain Point**
**IR Procedural Timeline (continued)**

**11/20/2024 - Office Visit in CommonSpirit Neurology, Pain & Spine Mountain Point (continued)**

## Other Orders

### Medications

#### oxyCODONE (ROXICODONE) 10 MG tablet (Discontinued) [648842541]

Status: **Discontinued**

Electronically signed by: **Brandon Carlyle Green, MD on 11/20/24 0956**
Ordering user: Brandon Carlyle Green, MD 11/20/24 0956    Authorized by: Brandon Carlyle Green, MD
Ordering mode: Standard
PRN reasons: severe pain
Frequency: Routine Daily PRN 11/20/24 - 01/17/25     Class: Normal
Max daily dose: 10 mg                                 Discontinued by: Brandon Carlyle Green, MD 01/17/25 0949
                                                      [Duplicate]

Reordered from: oxyCODONE (ROXICODONE) 10 MG tablet [637191972]

##### Medication Elements

| Frequency | Dose | Route |
|-----------|------|-------|
| Daily PRN | 10 mg | oral |

#### oxyCODONE (ROXICODONE) 10 MG tablet (Discontinued) [648842542]

Status: **Discontinued**

Electronically signed by: **Brandon Carlyle Green, MD on 11/20/24 0956**
Ordering user: Brandon Carlyle Green, MD 11/20/24 0956    Authorized by: Brandon Carlyle Green, MD
Ordering mode: Standard
PRN reasons: severe pain
Frequency: Routine Daily PRN 12/20/24 - 01/24/25     Class: Normal
Max daily dose: 10 mg                                 Discontinued by: Nathan Larsen Boyer, NP 01/24/25 1231
                                                      [Reorder]

##### Medication Elements

| Frequency | Dose | Route |
|-----------|------|-------|
| Daily PRN | 10 mg | oral |

CMG Neuroscience & Rehabilitation Lehi Mountain Point
000 N Triumph Blvd
ite 110
EHI UT 84043-7186

Bloomquist, Darrell Clint
MRN: CEUE03152718, DOB: 5/11/1970, Legal Sex: M
Visit date: 11/20/2024

**11/20/2024 - Scan Documentation in CommonSpirit Neurology, Pain & Spine Mountain Point
IR Procedural Timeline**

Imaging Documentation Timeline (2/18/2026 12:29:19 to 2/18/2026 12:24:19)

# EXHIBIT A-15

**UNITED STATES COURTS FOR THE TENTH CIRCUIT**
Office of the Circuit Executive


Darrell Bloomquist,
Plaintiff,

v.

Dustin B. Pead,
Defendant.

FILED DISTRICT COURT
Third Judicial District

FEB 27 2026

SALT LAKE COUNTY

By_____
DEPUTY CLERK

Case No. 10-26-90002


## REQUEST FOR ORDER TO SHOW CAUSE


THIS MATTER comes before the Court upon Defendant Dustin B. Pead's failure to comply with the Magistrate Judge's Order dated February 9, 2023, setting a Civil Pretrial Hearing and governing the pretrial calendar in this matter, including the Civil Pretrial Hearing scheduled for August 7, 2023.


Plaintiff submits that failure to comply with a lawful order of the Court may constitute contempt of court pursuant to 18 U.S.C. § 401 and may warrant the imposition of sanctions under Fed. R. Civ. P. 16(f).


WHEREFORE, Plaintiff respectfully requests that this Court enter an Order directing Defendant Dustin B. Pead to SHOW CAUSE, in writing, why he should not be held in contempt of court for failure to comply with the Order regarding the Civil Pretrial Hearing and related pretrial obligations.


IT IS FURTHER REQUESTED that Defendant shall file a written response to this Order to Show Cause within fourteen (14) days of entry of this Order. The response shall set forth any facts or legal authority Defendant contends excuse or justify the noncompliance.

Plaintiff further requests such other and further relief as the Court deems just and proper, including the imposition of appropriate sanctions.

DATED this 27 day of Feb. , 2026.

Darrell Bloomquist

# EXHIBIT A-16

**IN THE THIRD JUDICIAL DISTRICT COURT**
**IN AND FOR SALT LAKE COUNTY, STATE OF UTAH**

DARRELL CLINT BLOOMQUIST,
Plaintiff,

v.

SYNCHRONY BANK,
170 West Election Rd.
Draper, Utah 84020
Defendant.

Case No. 269902203
Judge: Monague

FILED DISTRICT COURT
Third Judicial District

MAR 13 2026

SALT LAKE COUNTY
By_____
Deputy Clerk

## MOTION FOR STRUCTURED EVALUATION PROTOCOL

### I. INTRODUCTION AND RELIEF SOUGHT

COMES NOW Plaintiff, Darrell Clint Bloomquist, pro se, and respectfully moves this

Honorable Court to implement a Structured Evaluation Protocol for this Fair Debt Collection

Practices Act (FDCPA) case to mitigate documented cognitive biases that systematically affect

judicial decision-making in debt collection litigation. Plaintiff requests this Court adopt specific

procedural safeguards to ensure objective evaluation of FDCPA violations.

### II. LEGAL BASIS FOR STRUCTURED EVALUATION

#### A. Cognitive Bias Research Foundation

Research demonstrates that availability heuristic bias significantly impacts judicial

decision-making, particularly in debt collection cases where:

1. Repetitive collection communications create false impressions of debt legitimacy

2. Professional legal representation generates unwarranted credibility assumptions

3. Institutional bias favors established financial entities over consumer protection

**B. FDCPA Statutory Requirements**

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., establishes clear statutory violations that require systematic evaluation rather than subjective interpretation influenced by cognitive bias.

**C. Due Process Considerations**

The Fourteenth Amendment guarantees due process, which includes the right to impartial judicial evaluation free from systematic cognitive bias that favors debt collectors over consumers.

**III. SPECIFIC STRUCTURED EVALUATION PROCEDURES REQUESTED**

1. **FDCPA Violation Assessment Checklist**

The Court shall utilize the following systematic evaluation protocol:

**Count I - Continued Communication After Cease and Desist (15 U.S.C. § 1692c(c)):**

- Did Plaintiff send written cease and desist communication?

- Was communication properly delivered to Defendant?

- Did Defendant continue collection communications after receipt?

- Were any subsequent communications limited to statutory exceptions?

- Does timeline evidence demonstrate clear violation pattern?

**Count II - Unlawful Collection Practices (15 U.S.C. § 1692d, § 1692e, § 1692f):**

- Did collection communications occur after proper cease and desist notice?

- Were communications harassing, oppressive, or abusive in nature?

- Did Defendant use false, deceptive, or misleading representations?

- Were unfair or unconscionable collection means employed?

- Does evidence demonstrate systematic violation pattern?

**B. Base Rate Evidence Consideration Protocol**

1. **Statistical Data Priority:**

Court shall prioritize documented FDCPA violation statistics over anecdotal collection industry narratives

2. **Timeline Analysis:**

Systematic chronological review of all communications rather than isolated incident evaluation

3. **Pattern Recognition:**

Assessment of systematic collection behavior rather than individual communication analysis

## C. Cognitive Bias Mitigation Procedures

1. **Anchoring Bias Counter-Measures:**

Explicit consideration of how repetitive collection attempts create false legitimacy impressions

2. **Confirmation Bias Awareness:**

Active questioning of assumptions favoring institutional credibility over consumer testimony

3. **Availability Heuristic Recognition:**

Acknowledgment that memorable collection communications may not represent actual legal compliance

**IV. FACTUAL BASIS FOR PROTOCOL NECESSITY – Defendant's Systematic Bias Exploitation** Synchrony Bank's collection pattern demonstrates calculated exploitation of cognitive biases:

1. **Multiple Cease and Desist Violations:**

   Continued communications despite clear statutory prohibitions (February 2021 - May 2023)

2. **Professional Authority Manipulation:**

   Use of Rausch Sturm LLP letterhead to create unwarranted credibility

3. **Availability Heuristic Exploitation:**

   Repetitive contact creating false urgency and legitimacy impressions

**B. Documented Timeline Evidence** Plaintiff's systematic documentation provides concrete evidence countering availability bias effects:

- February 2021: Initial cease and desist communication

- Multiple subsequent violations documented through certified mail

- May 2023: Unlawful summons despite clear statutory prohibitions

## V. LEGAL PRECEDENT AND AUTHORITY

### A. Judicial Bias Recognition

Courts have acknowledged that "even hints of bias can jeopardize public faith in the entire court system" and have established precedent for procedural safeguards against systematic bias.

### B. FDCPA Strict Liability Standards

The FDCPA imposes strict liability for violations, requiring objective evaluation rather than subjective interpretation influenced by institutional bias or availability heuristic manipulation.

### C. Consumer Protection Policy

Federal consumer protection policy mandates systematic enforcement of FDCPA provisions to prevent exploitation of cognitive biases that favor debt collectors over consumers.

### VI. PROPOSED ORDER WHEREFORE, Plaintiff respectfully requests this Honorable Court:

1. **GRANT** this Motion for Structured Evaluation Protocol;

2. **ADOPT** the systematic FDCPA violation assessment checklist outlined herein;

3. **IMPLEMENT** base rate evidence consideration protocols prioritizing statistical data over anecdotal narratives;

4. **ESTABLISH** cognitive bias mitigation procedures for all case evaluation;

5. **REQUIRE** systematic timeline analysis rather than isolated incident assessment;

6. **ORDER** explicit acknowledgment of potential institutional bias favoring debt collectors; and

7. **GRANT** such other and further relief as this Court deems just and proper.

## VII. CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Structured Evaluation Protocol was served upon Defendant by the method indicated below on this 13 day of **March, 2026: Hand Delivery U.S. Mail, postage prepaid Email Electronic Filing **Respectfully submitted,** **

**Respectfully submitted,**

**Darrell Clint Bloomquist**

**Pro Se Plaintiff**

# EXHIBIT A-17

# IN THE THIRD JUDICIAL DISTRICT COURT
# IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

DARRELL CLINT BLOOMQUIST,
Plaintiff,
v.
SYNCHRONY BANK,
170 West Election Rd.
Draper, Utah 84020

Defendant.

Case No. 269902203

Judge: Montague

# MOTION FOR JUDICIAL BIAS ACKNOWLEDGMENT AND MITIGATION PROCEDURES

## I. INTRODUCTION AND RELIEF SOUGHT

COMES NOW Plaintiff, Darrell Clint Bloomquist, appearing pro se, and respectfully moves this Honorable Court to acknowledge the documented effects of cognitive bias in judicial decision-making and implement specific mitigation procedures for this Fair Debt Collection Practices Act (FDCPA) case. Plaintiff seeks an order requiring structured evaluation protocols to ensure fair adjudication free from systematic cognitive biases that favor institutional debt collectors.

## II. LEGAL BASIS FOR BIAS MITIGATION

### A. Constitutional Due Process Requirements

The Fourteenth Amendment's Due Process Clause guarantees fair proceedings before an impartial tribunal. **Caperton v. A.T. Massey Coal Co.**, 556 U.S. 868 (2009), established that due process requires recusal when there is a "probability of actual bias" that poses a constitutionally unacceptable risk.

### B. Established Judicial Bias Research

Empirical research demonstrates that judges exhibit confirmation bias by giving credence to information coinciding with preexisting beliefs while devaluing contradictory evidence. **Rachlinski, J.J., et al., "Does Unconscious Racial Bias Affect Trial Judges?"** 84 Notre Dame L. Rev. 1195 (2009) found that 97% of judges consider themselves above average in avoiding bias, yet demonstrate equal susceptibility to cognitive bias as the general population.

### C. Debt Collection Context Bias

Studies specifically identify systematic bias patterns in debt collection cases:

- **Institutional Credibility Bias**: Courts disproportionately favor established financial institutions

- **Availability Heuristic Manipulation**: Repeated collection attempts create false impressions of debt legitimacy

- **Anchoring Effects**: Professional legal representation creates unwarranted credibility assumptions

## III. FACTUAL BASIS DEMONSTRATING BIAS RISK

### A. Synchrony Bank's Systematic Bias Exploitation

Defendant's collection practices, as alleged in the underlying complaint, demonstrate systematic exploitation of cognitive biases:

1. **Availability Heuristic Manipulation**: Multiple collection communications despite cease-and-desist letters create false urgency impressions

2. **Authority Bias Exploitation**: Use of Rausch Sturm LLP letterhead creates unwarranted institutional credibility

3. **Recency Bias Creation**: Fresh collection attempts overshadow earlier cease-and-desist communications

### B. Timeline Evidence of Systematic Pattern

Plaintiff's documented cease-and-desist communications from February 2021 through May 2023 demonstrate Defendant's systematic disregard for FDCPA compliance, creating conditions where cognitive bias favors collection industry narratives over consumer protection evidence.

## IV. SPECIFIC MITIGATION PROCEDURES REQUESTED

### A. Structured Decision-Making Protocol

The Court should implement systematic FDCPA violation evaluation using:

- Checklist-based analysis of statutory requirements under 15 U.S.C. § 1692c

- Timeline-based evaluation of cease-and-desist compliance

- Base rate consideration of FDCPA violation statistics versus anecdotal collection industry claims

### B. Bias Acknowledgment Procedures

1. **Explicit Recognition**: Court acknowledgment that cognitive bias affects judicial decision-making in debt collection cases

2. **Institutional Assumption Challenges**: Direct examination of potential pro-creditor bias assumptions

3. **Evidence Weighting Protocols**: Systematic evaluation preventing availability heuristic manipulation

## C. Expert Testimony Authorization

Given Plaintiff's background in neuroscience research, the Court should authorize expert testimony on:

- Cognitive load effects of debt collection harassment on judicial reasoning

- Memory consolidation impacts creating false legitimacy impressions

- Emotional regulation challenges affecting objective legal analysis

## V. LEGAL PRECEDENT SUPPORTING MITIGATION

### A. Federal Circuit Recognition

Multiple federal circuits recognize cognitive bias impacts on judicial decision-making:

- **United States v. Young**, 470 U.S. 1 (1985): Courts must guard against decision-making influenced by irrelevant factors

- **Liteky v. United States**, 510 U.S. 540 (1994): Judicial bias includes systematic predisposition affecting case evaluation

## B. State Court Implementation

Utah courts have established precedent for procedural fairness considerations in **State v. Menzies**, 889 P.2d 393 (Utah 1994), recognizing that fair proceedings require systematic bias mitigation.

## VI. PROPOSED ORDER

WHEREFORE, Plaintiff respectfully requests this Court enter an order:

1. **Acknowledging** that cognitive bias affects judicial decision-making in debt collection cases
2. **Implementing** structured evaluation protocols for FDCPA violation assessment
3. **Requiring** systematic timeline analysis of cease-and-desist compliance
4. **Authorizing** expert testimony on cognitive bias effects in judicial reasoning
5. **Establishing** base rate evidence consideration protocols
6. **Directing** explicit examination of institutional credibility assumptions

## VII. CONCLUSION

This motion seeks to ensure fair adjudication by implementing evidence-based procedures that counter systematic cognitive biases favoring institutional debt collectors. The requested

mitigation procedures align with constitutional due process requirements while advancing

judicial decision-making accuracy in FDCPA cases.


Respectfully submitted,

*Darrell Bloomquist*

**DARRELL CLINT BLOOMQUIST**
**1471 S. 200 E.**
**Salt Lake City, Utah 84115**
**801-259-5161**
**darrellbloomquist05@gmail.com**
Pro Se Plaintiff

# EXHIBIT A-18

# Exhibit C

Federal Docket 2:22-cv-00659

*Case # 269902203*

**2:22-cv-00659-DAK** Bloomquist v. State of Utah et al
Dale A. Kimball, presiding
Date filed: 10/14/2022
Date terminated: 09/13/2023
Date of last filing: 04/01/2024

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed & Entered:* | 10/14/2022 | ⊕ Remark - New Case |
| 2 | *Filed & Entered:* | 10/14/2022 | ⊕ Notice of Removal |
| 3 | *Filed & Entered:* | 10/17/2022 | ⊕ Notice of Presiding Magistrate Assignment |
| 4 | *Filed & Entered:* | 10/18/2022 | ⊕ Order |
| 5 | *Filed & Entered:* | 10/20/2022 | ⊕ Received Consent to US Magistrate Judge Form |
| 6 | *Filed & Entered:* | 10/20/2022 | ⊕ Notice of Filing |
| 7 | *Filed & Entered:* | 10/21/2022 | ⊕ Notice of ADR |
| 8 | *Filed & Entered:* | 10/24/2022 | ⊕ Received Consent to US Magistrate Judge Form |
| 9 | *Filed & Entered:* | 10/25/2022 | ⊕ Answer to Complaint (Notice of Removal) |
| 10 | *Filed & Entered:* | 11/02/2022 | ⊕ Notice of Limited Appearance |
| 11 | *Filed & Entered:*<br>*Terminated:* | 11/02/2022<br>11/17/2022 | ⊕ Motion to Quash |
| 12 | *Filed & Entered:* | 11/02/2022 | ⊕ Notice of Appearance |
| 13 | *Filed & Entered:* | 11/03/2022 | ⊕ Notice of Presiding Magistrate Assignment |
| 14 | *Filed:*<br>*Entered:* | 11/08/2022<br>11/09/2022 | ⊕ Received Consent to US Magistrate Judge Form |
| 15 | *Filed & Entered:* | 11/09/2022 | ⊕ Reassignment to District Judge |
| 16 | *Filed & Entered:* | 11/17/2022 | ⊕ Order on Motion to Quash |
| 17 | *Filed & Entered:* | 11/17/2022 | ⊕ Notice From the Court |
| 18 | *Filed & Entered:* | 11/21/2022 | ⊕ Summons Issued |
| 19 | *Filed & Entered:*<br>*Terminated:* | 11/21/2022<br>01/31/2023 | ⊕ Motion to Remand to State Court |
| 20 | *Filed & Entered:* | 11/21/2022 | ⊕ Notice of Email Filing and Notification Form |
| 21 | *Filed & Entered:* | 11/22/2022 | ⊕ Notice of Limited Appearance |
| 22 | *Filed:*<br>*Entered:*<br>*Terminated:* | 11/22/2022<br>11/23/2022<br>01/31/2023 | ⊕ Motion for Miscellaneous Relief |
| 23 | *Filed:*<br>*Entered:* | 11/22/2022<br>11/23/2022 | ⊕ Notice of Filing |
| 24 | *Filed:*<br>*Entered:*<br>*Terminated:* | 11/22/2022<br>11/23/2022<br>01/31/2023 | ⊕ Motion for Miscellaneous Relief |

| | | | |
|---|---|---|---|
| 25 | Filed:<br>Entered:<br>Terminated: | 11/22/2022<br>11/23/2022<br>01/31/2023 | Motion for Miscellaneous Relief |
| 26 | Filed & Entered: | 11/28/2022 | Return of Service |
| 27 | Filed & Entered: | 12/01/2022 | Summons Issued |
| 28 | Filed & Entered: | 12/01/2022 | Summons Issued |
| 29 | Filed & Entered: | 12/01/2022 | Summons Issued |
| 30 | Filed & Entered: | 12/01/2022 | Summons Issued |
| 31 | Filed & Entered: | 12/02/2022 | Response (NOT to motion) |
| 32 | Filed & Entered:<br>Terminated: | 12/05/2022<br>12/15/2022 | Motion to Quash |
| 33 | Filed:<br>Entered: | 12/05/2022<br>12/07/2022 | Objections |
| 34 | Filed:<br>Entered:<br>Terminated: | 12/05/2022<br>12/07/2022<br>01/13/2023 | Motion to Appoint Counsel |
| 35 | Filed:<br>Entered: | 12/05/2022<br>12/07/2022 | Notice of Filing |
| 36 | Filed:<br>Entered:<br>Terminated: | 12/05/2022<br>12/07/2022<br>01/31/2023 | Motion to Remand to State Court |
| 37 | Filed:<br>Entered:<br>Terminated: | 12/05/2022<br>12/07/2022<br>01/31/2023 | Motion for Entry of Default |
| 38 | Filed:<br>Entered: | 12/05/2022<br>12/07/2022 | Summons Returned Executed |
| 39 | Filed:<br>Entered: | 12/05/2022<br>12/07/2022 | Exhibits |
| 40 | Filed:<br>Entered: | 12/05/2022<br>12/07/2022 | Notice of Filing |
| 41 | Filed & Entered: | 12/12/2022 | Response to Motion |
| 42 | Filed & Entered: | 12/14/2022 | Notice of Withdrawal of Counsel |
| 43 | Filed & Entered: | 12/14/2022 | Waiver of Service Executed |
| 44 | Filed & Entered: | 12/15/2022 | Order on Motion to Quash |
| 45 | Filed & Entered:<br>Terminated: | 12/15/2022<br>01/31/2023 | Motion for Miscellaneous Relief |
| 46 | Filed & Entered: | 12/16/2022 | Notice (Other) |
| 47 | Filed & Entered: | 12/16/2022 | Notice of Deficiency |
| 48 | Filed & Entered: | 12/16/2022 | Notice of Change of Address |
| 50 | Filed:<br>Entered: | 12/16/2022<br>12/19/2022 | Notice of Filing |
| 49 | Filed & Entered:<br>Terminated: | 12/19/2022<br>01/31/2023 | Motion for Miscellaneous Relief |
| 51 | Filed & Entered: | 12/19/2022 | Notice of Appearance |
| 52 | Filed & Entered: | 12/23/2022 | Answer to Complaint (Notice of Removal) |

| | | | |
|---|---|---|---|
| 53 | Filed:<br>Entered: | 12/24/2022<br>12/27/2022 | Response (NOT to motion) |
| 54 | Filed:<br>Entered:<br>Terminated: | 12/26/2022<br>12/27/2022<br>12/30/2022 | Motion for Entry of Default |
| 55 | Filed & Entered: | 12/27/2022 | Memorandum in Opposition to Motion |
| 56 | Filed:<br>Entered: | 12/28/2022<br>12/29/2022 | Reply Memorandum/Reply to Response to Motion |
| 57 | Filed & Entered: | 12/30/2022 | Clerks Order |
| 58 | Filed & Entered:<br>Terminated: | 01/03/2023<br>01/31/2023 | Motion for Miscellaneous Relief |
| 59 | Filed & Entered: | 01/09/2023 | Notice of Filing |
| 60 | Filed & Entered: | 01/10/2023 | Order to Propose Schedule |
| 61 | Filed & Entered:<br>Terminated: | 01/12/2023<br>01/31/2023 | Motion for Miscellaneous Relief |
| 62 | Filed & Entered: | 01/13/2023 | Order on Motion to Appoint Counsel |
| 63 | Filed & Entered:<br>Terminated: | 01/18/2023<br>01/31/2023 | Motion for Miscellaneous Relief |
| 64 | Filed & Entered: | 01/23/2023 | Order |
| 65 | Filed & Entered:<br>Terminated: | 01/25/2023<br>03/16/2023 | Motion to Dismiss for Failure to State a Claim |
| 66 | Filed & Entered: | 01/31/2023 | Order on Motion to Remand to State Court |
| 67 | Filed & Entered:<br>Terminated: | 02/07/2023<br>02/09/2023 | Motion for Scheduling Order |
| 68 | Filed & Entered:<br>Terminated: | 02/08/2023<br>03/16/2023 | Motion for Judgment on the Pleadings |
| 69 | Filed & Entered: | 02/09/2023 | Order on Motion for Scheduling Order |
| 70 | Filed & Entered:<br>Terminated: | 02/09/2023<br>02/10/2023 | Motion for Miscellaneous Relief |
| 71 | Filed & Entered: | 02/10/2023 | Order on Motion for Miscellaneous Relief |
| 72 | Filed & Entered: | 02/22/2023 | Reply Memorandum/Reply to Response to Motion |
| 73 | Filed & Entered: | 02/22/2023 | Certificate of Service |
| 74 | Filed & Entered:<br>Terminated: | 03/07/2023<br>03/16/2023 | Report and Recommendations |
| 75 | Filed & Entered: | 03/13/2023 | Objection to Report and Recommendations |
| 76 | Filed & Entered: | 03/16/2023 | Order Adopting Report and Recommendations |
| 77 | Filed & Entered:<br>Terminated: | 08/03/2023<br>09/13/2023 | Motion for Summary Judgment |
| 78 | Filed & Entered: | 08/03/2023 | Notice of Nonelectronic Filing |
| 79 | Filed:<br>Entered: | 08/04/2023<br>08/07/2023 | Notice of Filing |
| 80 | Filed & Entered: | 08/07/2023 | Notice of Filing |
| 81 | Filed & Entered: | 08/07/2023 | Sealed Document |
| 82 | Filed & Entered: | 08/07/2023 | Motion for Sanctions |

| | | |
|---|---|---|
| | *Terminated:* 09/13/2023 | |
| 83 | *Filed:* 08/07/2023<br>*Entered:* 08/08/2023 | Exhibits |
| 84 | *Filed & Entered:* 08/21/2023 | Notice of Filing |
| 85 | *Filed & Entered:* 09/01/2023 | Response (NOT to motion) |
| 86 | *Filed & Entered:* 09/06/2023 | Memorandum in Opposition to Motion |
| 87 | *Filed & Entered:* 09/12/2023 | Notice (Other) |
| 88 | *Filed & Entered:* 09/12/2023 | Order |
| 89 | *Filed & Entered:* 09/12/2023 | Stipulation of Dismissal |
| | *Filed & Entered:* 09/13/2023 | Terminated Case |
| 90 | *Filed:* 09/14/2023<br>*Entered:* 09/15/2023<br>*Terminated:* 10/17/2023 | Motion to Vacate |
| 91 | *Filed & Entered:* 09/18/2023 | Memorandum in Opposition to Motion |
| 92 | *Filed & Entered:* 10/06/2023 | Reply Memorandum/Reply to Response to Motion |
| 93 | *Filed & Entered:* 10/06/2023<br>*Terminated:* 10/10/2023 | Motion for Entry of Default |
| 94 | *Filed & Entered:* 10/10/2023 | Clerks Order |
| 95 | *Filed & Entered:* 10/17/2023 | Order on Motion to Vacate |
| 96 | *Filed & Entered:* 02/28/2024<br>*Terminated:* 04/01/2024 | Notice of Appeal |
| 97 | *Filed & Entered:* 02/28/2024<br>*Terminated:* 04/01/2024 | Transmission of Preliminary Record to USCA |
| 98 | *Filed & Entered:* 03/04/2024<br>*Terminated:* 11/13/2024 | Motion for Leave to Appeal in forma pauperis |
| 99 | *Filed & Entered:* 03/07/2024<br>*Terminated:* 04/01/2024 | USCA Case Number |
| 100 | *Filed & Entered:* 03/08/2024<br>*Terminated:* 04/01/2024 | USCA Order |
| 101 | *Filed & Entered:* 04/01/2024 | USCA Mandate |

# EXHIBIT A-19

# IN THE THIRD JUDICIAL DISTRICT COURT
# IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

**DARRELL CLINT BLOOMQUIST,**
Plaintiff,

v.

**SYNCHRONY BANK,**
**170 West Election Rd**
**Draper, Utah 84020**
Defendant.

**Case No. 269902203**
**Judge Monague**

FILED DISTRICT COURT
Third Judicial District

MAR 18 2026

Salt Lake County

By:_____

# REQUEST FOR HEARING DATE ON

# MOTION FOR DEFAULT JUDGMENT

## TO THE HONORABLE COURT:

Plaintiff Darrell Clint Bloomquist respectfully requests this Court schedule a hearing on

Plaintiff's Motion for Default Judgment filed on 3/18/2026.

## I. BASIS FOR REQUEST

1. **Substantial Damages Claim:** Plaintiff seeks $10,000,000 in actual damages for Defendant's interference with ongoing federal litigation, warranting judicial review pursuant to Utah Rule of Civil Procedure 55(b)(2).

1. **Complex FDCPA Violations:** The motion involves systematic Fair Debt Collection Practices Act violations requiring structured evaluation and precedent-setting judicial consideration.

1. **Defendant's Admission by Conduct:** Defendant's improper treatment of this litigation as a debt verification request constitutes substantive evidence requiring court examination.

## II. SUPPORTING DOCUMENTATION READY

Plaintiff has prepared the following evidence for presentation:

- **Chronological Timeline:** Documented FDCPA violations from February 2021 through May 2023

- **Federal Case Records:** Documentation of $10,000,000 federal litigation interference

- **Certified Mail Evidence:** Proof of multiple cease-and-desist violations

- **Improper Response Documentation:** Evidence of Defendant's debt verification treatment of judicial complaint

## III. PROCEDURAL COMPLIANCE

1. **Proper Service Completed:** Defendant was served with Amended Complaint on February 19, 2026

2. **Response Deadline Expired:** More than twenty-one (21) days have elapsed without responsive pleading

3. **Default Motion Filed:** Motion for Default Judgment properly submitted with supporting documentation

## IV. STRUCTURED EVALUATION PROTOCOL

This hearing presents an opportunity to implement the **structured evaluation protocols** requested in Plaintiff's supporting motions, ensuring objective assessment of:

- Systematic FDCPA violation patterns

- Federal court interference documentation

- Cognitive bias mitigation in debt collection litigation

- Precedent-setting consumer protection enforcement

## V. REQUESTED RELIEF

Plaintiff respectfully requests this Court:

4. **Schedule a hearing** on the Motion for Default Judgment at the Court's earliest convenience

5. **Provide notice** of the hearing date to all parties

6. **Allow presentation** of evidence supporting the $10,000,000 damages claim

7. **Consider implementation** of structured evaluation protocols for future FDCPA cases

## VI. CONCLUSION

The substantial damages claim, complex statutory violations, and precedent-setting nature of this case warrant judicial hearing rather than administrative default entry. Plaintiff stands ready to present comprehensive evidence supporting the requested relief.

**Respectfully submitted,**

*Darrell Bloomquist* 3/18/26

**Darrell Clint Bloomquist**
**Pro Se Plaintiff**
**1471 S. 200 E.**
**Salt Lake City, Utah 84115**
**801-259-5161**
**darrellbloomquist05@gmail.com**

# EXHIBIT A-20

**IN THE THIRD JUDICIAL DISTRICT COURT**
**IN AND FOR SALT LAKE COUNTY, STATE OF UTAH**

**DARRELL CLINT BLOOMQUIST,**
Plaintiff,

v.

**SYNCHRONY BANK,**
**170 West Election Rd**
**Draper, Utah 84020**
Defendant.



FILED DISTRICT COURT
Third Judicial District

MAR 18 2026

Salt Lake County

By:_____ Deputy Clerk

**Case No. 269902203**
**Judge Monague**

# MOTION FOR DEFAULT JUDGMENT

## I. INTRODUCTION

Plaintiff Darrell Clint Bloomquist respectfully moves this Court for entry of default judgment against Defendant Synchrony Bank pursuant to Utah Rule of Civil Procedure 55(b). Defendant has failed to answer or otherwise respond to the Amended Complaint within the time required by law, instead improperly treating this litigation as a debt verification request under the Fair Debt Collection Practices Act—the very conduct that forms the basis of Plaintiff's claims.

## II. STATEMENT OF FACTS

## A. Filing and Service Timeline

1. Plaintiff filed the initial Complaint and Summons on January 23, 2026

2. Plaintiff filed the first Request for Default on February 13, 2026

3. Plaintiff filed Declaration in Support of Damages on February 17, 2026

4. The Court rejected the initial default notice on February 18, 2026, requiring service upon Defendant's registered agent or corporate officer

5. Plaintiff filed Amended Complaint and Summons on February 19, 2026, with proper service upon Synchrony Bank's registered agent

6. More than twenty-one (21) days have elapsed since proper service of the Amended Complaint

## B. Federal Case Interference and Damages

7. Defendant's collection activities directly interfered with Plaintiff's ongoing federal litigation in **Federal Case #2:22-cv-00659 DAK/DBP**, causing disruption to a $10,000,000 matter

8. Defendant summoned Plaintiff on May 4, 2023, while the federal case was active, creating procedural conflicts and compromising Plaintiff's Rule 60(b) motion and pretrial conference orders

9. This interference resulted in quantifiable damages of $10,000,000 to Plaintiff's federal case prospects

## C. Pattern of FDCPA Violations

10. Defendant engaged in systematic FDCPA violations from February 2021 through May 2023, documented via certified mail cease-and-desist requests

11. Despite multiple proper notifications, Defendant continued collection communications in violation of 15 U.S.C. § 1692c(c)

## D. Defendant's Improper Response to Litigation

12. Rather than filing a responsive pleading, Defendant treated this judicial complaint as a debt verification request under 15 U.S.C. § 1692g

13. This response demonstrates **continued FDCPA violations during active litigation** and fundamental misunderstanding of the litigation exception under 15 U.S.C. § 1692c(c)

14. Defendant's response proves the very pattern of misconduct alleged in the Complaint

## III. LEGAL STANDARD AND NEED FOR STRUCTURED EVALUATION

Under Utah Rule of Civil Procedure 55(a), when a party fails to plead or otherwise defend as provided by these rules, default may be entered. However, this case presents unique circumstances requiring **structured judicial evaluation** to prevent cognitive bias that

systematically favors institutional debt collectors.

**A. Cognitive Bias Mitigation Required** This Court should implement **checklist-based evaluation protocols** to prevent:

- **Availability heuristic bias** that favors collection industry narratives over documented statutory violations

- **Institutional credibility assumptions** that discount systematic FDCPA violation evidence

- **Isolated incident analysis** rather than pattern-based chronological review

**B. Objective Statutory Framework** The structured protocol emphasizes **objective statutory evaluation** over subjective interpretation, requiring courts to prioritize:

- Documented violation statistics and systematic timeline analysis

- Certified mail records and procedural compliance evidence

- Federal court interference documentation

- Quantifiable damages from collection activity disruption

## IV. ARGUMENT

**A. Default is Proper and Demonstrates Ongoing Violations** Defendant was properly served with the Amended Complaint on February 19, 2026. Under Utah R. Civ. P. 12(a), Defendant had twenty-one (21) days to respond. That deadline has expired without any proper responsive pleading.

**B. Defendant's Response Proves the Claims** Defendant's treatment of this lawsuit as a debt verification request rather than litigation constitutes:

- **Admission by conduct** of the systematic FDCPA violations alleged

- **Continued violation** of 15 U.S.C. § 1692c(c) during active litigation

- **Willful disregard** for both judicial process and federal consumer protection law

- **Evidence of institutional bias** requiring structured evaluation protocols

**C. Federal Case Interference Establishes Substantial Damages** Defendant's collection activities directly compromised Plaintiff's $10,000,000 federal litigation, creating:

- Procedural conflicts with federal court orders

- Disruption of Rule 60(b) motion proceedings

- Interference with pretrial conference scheduling

- Quantifiable economic harm to federal case prospects

**D. Pattern Evidence Supports Systematic Violations** The chronological evidence from February 2021 through May 2023 establishes:

- Multiple documented cease-and-desist violations via certified mail

- Continued collection communications despite proper notifications

- Escalation to litigation summons during active federal proceedings

- Persistent disregard for FDCPA compliance requirements

## V. DAMAGES REQUESTED

Pursuant to 15 U.S.C. § 1692k and the documented interference with federal litigation, Plaintiff seeks:

15. **Actual Damages:** $10,000,000 for interference with and disruption of Plaintiff's federal case proceedings

16. **Statutory Damages:** $1,000 for systematic FDCPA violations

17. **Attorney Fees and Costs:** Base on common legal fees to be decided by the court

18. **Injunctive Relief:** Permanent injunction against further collection activities and implementation of structured evaluation protocols for future FDCPA cases

19. **Such other relief as the Court deems just and proper**

## VI. CONCLUSION

Defendant's failure to respond within the prescribed time, coupled with their improper treatment

of this litigation as a debt verification request, constitutes both procedural default and substantive

admission of the FDCPA violations alleged. The $10,000,000 in damages from federal case

interference, combined with the systematic pattern of violations, warrants entry of default

judgment with implementation of structured evaluation protocols to prevent future cognitive bias

in FDCPA litigation.

Plaintiff respectfully requests this Court grant default judgment, award the damages specified

above, and implement the structured evaluation protocols outlined in Plaintiff's supporting

motions.

**Respectfully submitted,**

*Darrell Bloomquist*　3/18/26

**Darrell Clint Bloomquist**

**Pro Se Plaintiff**

**1471 S. 200 E.**

**Salt Lake City, Utah 84115**
**801-259-5161**
**darrellbloomquist05@gmail.com**

# EXHIBIT A-21

# IN THE THIRD JUDICIAL DISTRICT COURT

# IN AND FOR SALT LAKE COUNTY, STATE OF

# UTAH

**DARRELL CLINT BLOOMQUIST,**

Plaintiff,

v.

**SYNCHRONY BANK,**

**170 West Election Rd.**

**Draper, Utah 84020**

Defendant.



**Case No. 269902203**

**Judge Monague**

# UPDATED DECLARATION IN SUPPORT OF DAMAGES

## I. DECLARANT IDENTIFICATION

I, Darrell Clint Bloomquist, am the Plaintiff in this action. I am competent to testify to the matters set forth herein and make this declaration based on my personal knowledge. If called as a witness, I could and would testify competently to the facts stated herein.

## II. FEDERAL CASE INTERFERENCE DAMAGES - $10,000,000

### A. Federal Litigation Background

1. I was actively pursuing **Federal Case #2:22-cv-00659 DAK/DBP** involving substantial claims worth $10,000,000

2. This federal matter required precise procedural compliance and uninterrupted focus on complex legal arguments

3. The federal case involved critical Rule 60(b) motions and pretrial conference orders requiring careful coordination

## B. Synchrony Bank's Interference

4. On May 4, 2023, while my federal case was active and pending, Defendant summoned me to state court proceedings

5. This summons created **direct procedural conflicts** with my federal court obligations and scheduling

6. Defendant's collection activities forced me to divide attention between two simultaneous legal proceedings

7. The interference disrupted my **Rule 60(b) motion strategy** and compromised pretrial conference preparation

## C. Quantifiable Federal Case Losses

8. Due to Defendant's interference, I was unable to properly pursue the $10,000,000 federal matter

9. The procedural conflicts created by Defendant's collection lawsuit directly contributed to adverse outcomes in federal court

10. **But for Defendant's interference,** I would have been able to focus exclusively on the federal case and achieve favorable resolution

11. The $10,000,000 represents the **direct economic loss** caused by Defendant's FDCPA violations and litigation interference

## A. Emotional Distress from Pattern of Violations

12. From February 2021 through May 2023, Defendant engaged in systematic FDCPA violations despite multiple cease-and-desist requests

13. I sent **documented cease-and-desist communications** via certified mail, which Defendant ignored

14. This pattern of violations caused severe emotional distress, anxiety, and mental anguish

15. **Additional Emotional Distress Damages: $50,000**

## B. Medical Expenses and Health Impact

16. The stress from Defendant's continued violations required medical treatment and counseling

17. I incurred medical expenses for stress-related conditions directly caused by Defendant's harassment

18. **Medical Expenses: $15,000**

## C. Lost Wages and Economic Impact

19. Time spent addressing Defendant's violations, preparing cease-and-desist letters, and managing the litigation interference caused lost work opportunities

20. I was forced to take time away from income-generating activities to address Defendant's misconduct

21. **Lost Wages: $25,000**

## D. Economic Losses from Credit Impact

22. Defendant's improper collection activities damaged my credit profile and financial standing

23. This credit damage resulted in higher interest rates and lost financial opportunities

24. **Economic Losses: $10,000**

# IV. STATUTORY DAMAGES

## A. FDCPA Statutory Violations

25. Defendant violated multiple provisions of 15 U.S.C. § 1692 through their systematic collection activities

26. Each violation warrants statutory damages under 15 U.S.C. § 1692k

27. **Statutory Damages: $1,000**

# V. DEFENDANT'S ADMISSION BY CONDUCT

## A. Improper Litigation Response

28. Rather than filing a proper answer to this lawsuit, Defendant treated my judicial complaint as a debt verification request

29. This response constitutes **admission by conduct** that they continue to violate the FDCPA even during active litigation

30. Defendant's improper response proves the systematic pattern of violations alleged in my complaint

31. This conduct demonstrates **willful disregard** for both judicial process and federal consumer protection law

# VI. TOTAL DAMAGES SUMMARY

| Damage Category | Amount |
| --- | --- |
| Federal Case Interference | $10,000,000 |
| Additional Emotional Distress | $50,000 |
| Medical Expenses | $15,000 |
| Lost Wages | $25,000 |
| Economic Losses | $10,000 |

| Damage Category | Amount |
| --- | --- |
| Statutory Damages | $1,000 |
| **TOTAL DAMAGES** | **$10,101,000** |

## VII. NEED FOR STRUCTURED EVALUATION

32. This case demonstrates the necessity for **structured evaluation protocols** to prevent cognitive bias in FDCPA litigation

33. Defendant's systematic violations and improper litigation response highlight institutional patterns that require objective judicial assessment

34. Implementation of **checklist-based evaluation procedures** would prevent future similar violations and protect consumer rights

## VIII. CONCLUSION

The damages requested are directly caused by Defendant's systematic FDCPA violations and interference with my federal litigation. Defendant's own conduct during this lawsuit proves the ongoing nature of their violations and justifies the substantial damages claimed.

I declare under penalty of perjury under the laws of the State of Utah that the foregoing is true and correct.

**Executed on March 18, 2026, at Salt Lake City, Utah.**

_Darrell Clint Bloomquist_   3/18/26

**Darrell Clint Bloomquist**
**Plaintiff, Pro Se**

# EXHIBIT A-22

Synchrony Bank
P.O. Box 71782
Philadelphia, PA 19176-1782

*Case # 2699022203*

*Judge : Monague*

F302
2067

DARRELL BLOOMQUIST
1471 S 200 E
South Salt Lake, UT 84115

03/11/2026

FILED DISTRICT COURT
Third Judicial District

MAR 18 2026

Salt Lake County

By:_____
Deputy Clerk

Account Number: 52430xxxxxxx0433

Dear DARRELL BLOOMQUIST,

We are contacting you regarding the CareCredit account referenced above.

We recently received your request to verify information in regards to the consumer credit account referenced above. We have listed the information currently shown in our records below:

Amount of debt owned: $4,738.51
Name of original creditor: CareCredit
Date the account was opened: 06/26/2019
Last payment date: 03/18/2020
Date account was charged off: 03/14/2021
Date notice of bankruptcy was filed (if applicable):
Date of death notice (if applicable):

We believe the above information is accurate and complete. However, if you choose to dispute this debt or information we have furnished to a credit-reporting agency, we request that you send your dispute, in writing, to the address provided at the top of this letter. Please identify the inaccurate information and tell us why you believe it is incorrect. If you have a copy of your consumer credit report, please include a copy for our review.

Please note that if we do not receive your written dispute within fifteen (15) days of the date on this letter we will consider this matter resolved and closed.

If you have any questions, or if we may be of further assistance, please do not hesitate to contact us at the number shown below.

Sincerely,

Synchrony Bank
800-552-5239
Weekdays: 8 am - 12 am ET and Weekends 8 am - 6:30 pm ET

This is an attempt to collect a debt and any information obtained will be used for that purpose.
Account is owned by Synchrony Bank

VALD1DBT

**CareCredit Rewards**

## CARECREDIT REWARDS MASTERCARD

CareCredit Rewards
Mastercard

DARRELL C BLOOMQUIST
Account Number : **5243 0620 0524 0433**
Statement Closing Date: 02/12/2021

| | |
|---|---|
| Previous Balance | $4,562.90 |
| + New Purchases | $0.00 |
| + Cash Advance | $0.00 |
| - Payments | $0.00 |
| +/- Credits, Fees & Adjustments (net) | $40.00 |
| +/- Interest Charge (net) | $95.61 |
| **New Balance** | **$4,698.51** |
| | |
| Credit Limit | $3,250.00 |
| Available Credit | $0.00 |
| Cash Limit | $650.00 |
| Available Cash | $0.00 |
| Overlimit Amount | $1,448.51 |
| **Days in Billing Period** | **28** |

Pay online for free at: mysynchrony.com
For Synchrony Bank customer service or to report your
card lost or stolen, call (1-866-748-1585).

Best times to call are Wednesday - Friday.

| | |
|---|---|
| **New Balance** | **$4,698.51** |
| Minimum Payment This Period | $183.00 |
| Amount Past Due | $1,022.00 |
| **Total Minimum Payment Due** | **$1,205.00** |
| **Payment Due Date** | **03/07/2021** |

**PAYMENT DUE BY 5 P.M. EASTERN ON THE DUE DATE.**
We may convert your payment into an electronic debit. See
reverse side.

**Late Payment Warning:** If we do not receive your Total
Minimum Payment Due by the Payment Due Date listed above,
you may have to pay a late fee up to $40.00.

**Minimum Payment Warning:** Making only the Total Minimum
Payment Due will increase the amount of interest you pay and
the time it takes to repay your balance. For example:

| Only the minimum payment | 15 years | $11,191.00 |
|---|---|---|

If you would like information about credit counseling services,
call 1-877-302-8797.

| Tran Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| | | | **FEES** | |
| 02/07/2021 | 02/07/2021 | | LATE FEE | $40.00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | **$40.00** |
| | | | **INTEREST CHARGED** | |
| 02/12/2021 | 02/12/2021 | | INTEREST CHARGE ON PURCHASES | $83.20 |
| 02/12/2021 | 02/12/2021 | | INTEREST CHARGE ON CASH ADVANCES | $12.41 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | **$95.61** |

| | |
|---|---|
| Total Fees Charged in 2021 | $80.00 |
| Total Interest Charged in 2021 | $198.34 |
| Total Interest Paid in 2021 | $0.00 |

\* NOTICE: See reverse side and additional pages (if any) for important information concerning your account.

5302     DJH     1     7  12  210212     E X PAGE 1 of 3     1366  2000  CDC4  01DG5302

Pay online at mysynchrony.com or enclose this coupon with your check. Please use blue or black ink.

**CareCredit Rewards**

| $1,205.00 | $1,022.00 | 03/07/2021 | $4,698.51 | 5243 0620 0524 0433 |
|---|---|---|---|---|

Payment Enclosed : $ ☐☐☐☐☐.☐☐

☐ New address or e-mail?
Check the box at left and
print changes on back

Payment due includes $ 1,022.00 past due. Please pay the past due amount PROMPTLY.

DARRELL C BLOOMQUIST
1471 S 200 E
S SALT LAKE UT 84115-1613

Make Payment to: SYNCHRONY BANK
PO BOX 960061
ORLANDO, FL 32896-0061

01205000048500 01205000046985 000524306 2005240 43362

| | |
|---|---|
| Previous Balance | 0 |
| Earned this Period | 0 |
| Total Points Available | 0 |

Visit carecredit.com/mastercard
or call 866-748-1585 for information about
the CareCredit Rewards Mastercard
and to manage your rewards.

| Type of Balance | Expiration Date | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|---|
| Purchases | NA | 26.99% | $4,018.15 | $83.20 |
| Cash Advances | NA | 26.99% | $599.17 | $12.41 |

Did you know your Mastercard offers Mastercard ID Theft Protection. For more information about this benefit or to view the current benefits offered by Mastercard, please visit: www.mastercard.com/corecredit-GTB.

In order to protect your account privacy, we are unable to provide account information to anyone other than the cardholder(s) or an authorized party. If you wish to permit us to speak to an authorized party such as a spouse about your account, please send written authorization to the General Inquiries address.

**CareCredit Network:** See carecredit.com/mastercard for enrolled Provider and select retail locations.

## CARECREDIT REWARDS MASTERCARD

DARRELL C BLOOMQUIST
Account Number : 5243 0620 0524 0433
Statement Closing Date: 04/14/2020

**CareCredit Rewards™**
**Mastercard™**

| | | |
|---|---|---|
| Previous Balance | | $4,151.26 |
| + | New Purchases | $0.00 |
| + | Cash Advance | $0.00 |
| - | Payments | $485.00 |
| +/- | Credits, Fees & Adjustments (net) | ($198.68) |
| +/- | Interest Charge (net) | $80.44 |
| **New Balance** | | **$3,548.02** |
| Credit Limit | | $3,250.00 |
| Available Credit | | $0.00 |
| Cash Limit | | $650.00 |
| Available Cash | | $0.00 |
| Overlimit Amount | | $298.02 |
| Days in Billing Period | | 30 |

Pay online for free at: mysynchrony.com
For Synchrony Bank customer service or to report your
card lost or stolen, call (1-866-748-1585).

Best times to call are Wednesday - Friday.

| | |
|---|---|
| **New Balance** | **$3,548.02** |
| **Total Minimum Payment Due** | **$116.00** |
| **Payment Due Date** | **05/07/2020** |

**PAYMENT DUE BY 5 P.M. EASTERN ON THE DUE DATE.**
We may convert your payment into an electronic debit. See
reverse side.

**Late Payment Warning:** If we do not receive your Total
Minimum Payment Due by the Payment Due Date listed above,
you may have to pay a late fee up to $40.00.

**Minimum Payment Warning:** Making only the Total Minimum
Payment Due will increase the amount of interest you pay and
the time it takes to repay your balance. For example:

| Only the minimum payment | 15 years | $9,882.00 |
|---|---|---|
| $145.00 | 3 years | $5,214.00 (Savings = $4,668.00) |

If you would like information about credit counseling services,
call 1-877-302-8797.

| Tran Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 03/18/2020 | 03/18/2020 | F839500EY000BA | DEBT CAN CLAIM PAYMENT  KETTERING OH | ($485.00) |
| 03/29/2020 | 03/29/2020 | F136600F9000FC089 | *INTEREST CHARGE* PURCHASES REFUND | ($91.89) |
| 03/29/2020 | 03/29/2020 | F136600F9000LF089 | REFUND OF LATE FEES | ($39.00) |
| 03/29/2020 | 03/29/2020 | F136600F9000DB089 | REFUND OF DEBT CANCELLATION FEE | ($67.79) |
| | | | **FEES** | |
| | | | **TOTAL FEES FOR THIS PERIOD** | **$0.00** |
| | | | **INTEREST CHARGED** | |
| 04/14/2020 | 04/14/2020 | | INTEREST CHARGE ON PURCHASES | $68.42 |
| 04/14/2020 | 04/14/2020 | | INTEREST CHARGE ON CASH ADVANCES | $12.02 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | **$80.44** |

| | |
|---|---|
| Total Fees Charged in 2020 | $225.17 |
| Total Interest Charged in 2020 | $203.73 |
| Total Interest Paid in 2020 | $123.29 |

* NOTICE: See reverse side and additional pages (if any) for important information concerning your account.

5302     DJH     1    7  12  200414     E O PAGE 1 of 3     1366  2000  CDC4  01DG5302

Pay online at mysynchrony.com or enclose this coupon with your check. Please use blue or black ink.

**CareCredit**
**Rewards™**

| $116.00 | 05/07/2020 | $3,548.02 | 5243 0620 0524 0433 |
|---|---|---|---|

Payment Enclosed :  $ ☐☐☐☐☐.☐☐

☐ New address or e-mail?
Check the box at left and
print changes on back

DARRELL C BLOOMQUIST
1471 S 200 E
S SALT LAKE UT 84115-1613

Make Payment to: SYNCHRONY BANK
PO BOX 960061
ORLANDO, FL 32896-0061

0011600004850 0 001160000354802  000524306  2005240  43362

| Previous Balance | 0 |
|---|---|
| Earned this Period | 0 |
| Total Points Available | 0 |

Visit carecredit.com/mastercard
or call 866-748-1585 for information about
the CareCredit Rewards Mastercard
and to manage your rewards.

| Type of Balance | Expiration Date | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|---|
| Purchases | NA | 26.99% | $3,083.85 | $68.42 |
| Cash Advances | NA | 26.99% | $541.75 | $12.02 |

Did you know your Mastercard offers Mastercard ID Theft Protection. For more information about this benefit or to view the current benefits offered by Mastercard, please visit: www.mastercard.com/corecredit-GTB.

We are here to support you and are working hard to ensure our CareCredit team members can continue to provide you with uninterrupted, dependable service. As COVID-19 and its impact continue to evolve and develop, we remain focused on the health and safety of our employees and our communities, as well as our commitment to you, our cardholders.

We are also aware that some of our cardholders may experience financial hardship as a result of COVID-19. If you are impacted, please contact us to discuss how we can help. We encourage you to use our online and mobile servicing tools. To register or log in to your account, visit the www.CareCredit.com page or go to www.CareCredit.com/app to download the mobile app.

In order to protect your account privacy, we are unable to provide account information to anyone other than the cardholder(s) or an authorized party. If you wish to permit us to speak to an authorized party such as a spouse about your account, please send written authorization to the General Inquiries address.

**CareCredit Network:** See carecredit.com/mastercard for enrolled Provider and select retail locations.

**CARECREDIT REWARDS MASTERCARD**

DARRELL C BLOOMQUIST
Account Number :  5243 0620 0524 0433
Statement Closing Date: 01/15/2020

**CareCredit Rewards**
**Mastercard**

| | | | |
|---|---|---|---|
| Previous Balance | $116.94 | New Balance | $3,767.21 |
| + New Purchases | $2,878.93 | Minimum Payment This Period | $123.00 |
| + Cash Advance | $608.25 | Amount Past Due | $28.00 |
| - Payments | $0.00 | Total Minimum Payment Due | $151.00 |
| +/- Credits, Fees & Adjustments (net) | $121.63 | Payment Due Date | 02/07/2020 |
| +/- Interest Charge (net) | $41.46 | | |
| New Balance | $3,767.21 | | |

PAYMENT DUE BY 5 P.M. EASTERN ON THE DUE DATE.
We may convert your payment into an electronic debit. See reverse side.

| | |
|---|---|
| Credit Limit | $3,250.00 |
| Available Credit | $0.00 |
| Cash Limit | $650.00 |
| Available Cash | $0.00 |
| Overlimit Amount | $517.21 |
| Days in Billing Period | 31 |

**Late Payment Warning:** If we do not receive your Total Minimum Payment Due by the Payment Due Date listed above, you may have to pay a late fee up to $39.00.

**Minimum Payment Warning:** Making only the Total Minimum Payment Due will increase the amount of interest you pay and the time it takes to repay your balance. For example:

Pay online for free at: mysynchrony.com
For Synchrony Bank customer service or to report your card lost or stolen, call (1-866-748-1585).

Best times to call are Wednesday - Friday.

| | | |
|---|---|---|
| Only the minimum payment | 16 years | $10,556.00 |
| $154.00 | 3 years | $5,536.00 (Savings = $5,020.00) |

If you would like information about credit counseling services, call 1-877-302-8797.

| Tran Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 12/24/2019 | 12/24/2019 | 0230537B700H45D49 | AUTOZONE #0868 SALT LAKE CIT UT | $29.08 |
| 12/24/2019 | 12/24/2019 | 0230537B700H45D6S | AUTOZONE #0868 SALT LAKE CIT UT | $11.84 |
| 12/26/2019 | 12/26/2019 | 0514048B8LYPMB2QP | MAVERIK CNTRY STRE 3 SALT LAKE CIT UT | $8.94 |
| 12/26/2019 | 12/26/2019 | 0230537B95SA74174 | AUTOZONE #0868 SALT LAKE CIT UT | $9.46 |
| 12/27/2019 | 12/27/2019 | 2541575BA029ESGF5 | 7-ELEVEN 26836 SALT LAKE CIT UT | $15.04 |
| 12/29/2019 | 12/29/2019 | 5542135BQJ824AQ8E | PARACHUTE INN PARACHUTE CO | $50.86 |
| 12/29/2019 | 12/29/2019 | 1542202BQ00RTTTF0 | 000000000171577 PARACHUTE CO | $202.75 |
| 12/29/2019 | 12/29/2019 | 1542202BQ02LGDZXY | P389721 LAPOINT UT | $303.00 |
| 12/29/2019 | 12/29/2019 | 5543286BB5SQB1RM8 | CHEVRON 0209911 ROOSEVELT UT | $12.18 |
| 12/29/2019 | 12/29/2019 | 5530876BQFXT3QRYR | SHELL OIL 12598499007 SALT LAKE CIT UT | $8.18 |
| 12/29/2019 | 12/29/2019 | 0514047BQ2X47E89H | WASATCH EAGLE STOP HEBER CITY UT | $5.90 |
| 12/29/2019 | 12/29/2019 | 0514048BBLYPLTAN5 | KUM & GO #919 RANGELY CO | $10.76 |
| 12/30/2019 | 12/30/2019 | 1542202BD078V02K0 | 000000000156356 PARACHUTE CO | $102.50 |

Continued on next page

* NOTICE: See reverse side and additional pages (if any) for important information concerning your account.

5302     DJH     1     7  12  200115     X PAGE 1 of 4     1366  2000  CDC4  01DG5302

Pay online at mysynchrony.com or enclose this coupon with your check. Please use blue or black ink.

**CareCredit Rewards**

| $151.00 | $28.00 | 02/07/2020 | $3,767.21 | 5243 0620 0524 0433 |
|---|---|---|---|---|

Payment Enclosed :  $ ☐☐☐☐☐.☐☐

☐ New address or e-mail?
Check the box at left and print changes on back

Payment due includes $ 28.00 past due. Please pay the past due amount PROMPTLY.

DARRELL C BLOOMQUIST
1471 S 200 E
S SALT LAKE UT 84115-1613

Make Payment to: SYNCHRONY BANK
PO BOX 960061
ORLANDO, FL 32896-0061

| Tran Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 12/30/2019 | 12/30/2019 | 5543286BQ5SJL66ZL | SQU*SQ *RESTORED GRACE MEEKER CO | $13.21 |
| 12/30/2019 | 12/30/2019 | 5530876BDFY21HQB8 | SHELL OIL 57444275606 PARACHUTE CO | $15.14 |
| 12/30/2019 | 12/30/2019 | 0514048BQLYPLX8D1 | KUM & GO #919 RANGELY CO | $10.65 |
| 12/30/2019 | 12/30/2019 | 0514048BQLYPLX8QT | KUM & GO #919 RANGELY CO | $18.74 |
| 12/31/2019 | 12/31/2019 | 5543286BD5SNEEJ5G | SQU*SQ *UINTAH BASIN B MYTON UT | $1,024.00 |
| 12/31/2019 | 12/31/2019 | 5543286BD5STBEZZL | SQ *SQ *MY BUSINESS GO NAPLES UT | $5.00 |
| 12/31/2019 | 12/31/2019 | 5543286BD5STH1Z3W | CHEVRON 0355746 VERNAL UT | $1.64 |
| 12/31/2019 | 12/31/2019 | 5543286BD5ST2S08Z | SPLIT MOUNTAIN MOTEL 435-789-9020 UT | $44.84 |
| 12/31/2019 | 12/31/2019 | 5543286QH5SWG2MVK | UTAH-DMV OFFICES SALT LAKE CIT UT | $400.00 |
| 12/31/2019 | 12/31/2019 | 5530876QHFY4W3S5N | SHELL OIL 57445664105 VERNAL UT | $10.28 |
| 12/31/2019 | 12/31/2019 | 5530876QHFY56KKF4 | SHELL OIL 57446002008 HEBER CITY UT | $2.71 |
| 12/31/2019 | 12/31/2019 | 5530876QHFY57J413 | SHELL OIL 57446002008 HEBER CITY UT | $12.08 |
| 12/31/2019 | 12/31/2019 | 0514048QHLM7R170E | MYTON UTE PETROLEUM MYTON UT | $4.25 |
| 12/31/2019 | 12/31/2019 | 5550036BD615821LG | UINTAH ANIMAL CONTROL VERNAL UT | $32.00 |
| 12/31/2019 | 12/31/2019 | 5550036QH2MD4GJAH | BOB'S AUTO TOWING VERNAL UT | $276.00 |
| 01/01/2020 | 01/01/2020 | 2541575QJ003DNR0B | 7-ELEVEN 26836 SALT LAKE CIT UT | $11.50 |
| 01/01/2020 | 01/01/2020 | 0514048QJLM86P2KP | FRESH MKT 17TH SOUTH SALT LAKE CIT UT | $92.65 |
| 01/02/2020 | 01/02/2020 | 5526352QKBLHD6AT2 | PETSMART # 0172 SALT LAKE CIT UT | $10.99 |
| 01/07/2020 | 01/07/2020 | 5542950QPRTJPDWRZ | PAYPAL *CHENSHU EBAY C 4029357733 CA | $58.45 |
| 01/07/2020 | 01/07/2020 | 5542950QPRTJPGNMD | PAYPAL *TCBSPEEDLLC EB 4029357733 CA | $118.51 |
| 01/07/2020 | 01/07/2020 | 5542950QPRTJPST6N | PAYPAL *CRIPE DIST EBA 4029357733 CA | $9.45 |
| 01/07/2020 | 01/07/2020 | 5542950QPRTJPW1R8 | PAYPAL *HONGKONGYEE EB 4029357733 CA | $23.60 |
| 01/08/2020 | 01/08/2020 | 6542950QRJHKRRZ0G | CHILDRENS HOSP FN 4142666100 WI | $10.00 |
| 01/08/2020 | 01/08/2020 | 5550036QR2DLE46DS | WALMART.COM 8009666546 AR | $44.11 |
| 01/09/2020 | 01/09/2020 | 5542950QTRTLZKBG5 | PAYPAL *BULBEXPERT EBA 4029357733 CA | $23.65 |
| 01/09/2020 | 01/09/2020 | 5542950QTRTLZT8KS | PAYPAL *HONGKONGYEE EB 4029357733 CA | $19.40 |
| 01/09/2020 | 01/09/2020 | 5542950QTRTLZWBGN | PAYPAL *REGADGET EBAY 4029357733 CA | $161.61 |
| 01/09/2020 | 01/09/2020 | 5542950QTRTLZWQA8 | PAYPAL *SQUARETRADE EB 4029357733 CA | $24.99 |
| 01/09/2020 | 01/09/2020 | 5543286QT5SXAA9RM | WALMART.COM 800-966-6546 AR | $206.24 |
| 01/10/2020 | 01/10/2020 | 5542950QSRTN4L684 | PAYPAL *USHAPPYBUY EBA 4029357733 CA | $12.80 |
| 01/10/2020 | 01/10/2020 | 5542950QVRTP2GQ0Y | PAYPAL *YUCHENG EBAY Y 4029357733 CA | $12.81 |
| 01/13/2020 | 01/13/2020 | 5542950QXRTTTBG5W | PAYPAL *PMG EBAY PMG 4029357733 CA | $5.39 |
| | | | **FEES** | |
| 12/29/2019 | 12/29/2019 | | CASH ADVANCE FEE | $10.00 |
| 12/29/2019 | 12/29/2019 | | CASH ADVANCE FEE | $12.12 |
| 12/30/2019 | 12/30/2019 | | CASH ADVANCE FEE | $10.00 |
| 01/15/2020 | 01/15/2020 | | Card Security 1-800-815-4051 | $61.51 |
| 01/07/2020 | 01/07/2020 | | LATE FEE | $28.00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | $121.63 |
| | | | **INTEREST CHARGED** | |
| 01/15/2020 | 01/15/2020 | | INTEREST CHARGE ON PURCHASES | $32.97 |
| 01/15/2020 | 01/15/2020 | | INTEREST CHARGE ON CASH ADVANCES | $8.49 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | $41.46 |

| | |
|---|---|
| Total Fees Charged in 2020 | $121.63 |
| Total Interest Charged in 2020 | $41.46 |
| Total Interest Paid in 2020 | $0.00 |

| | |
|---|---|
| Previous Balance | 644 |
| Earned this Period | 3,349 |
| Bonus | 136 |
| Total Points Available | 4,129 |

You have earned 3,485 points this period.
Visit carecredit.com/mastercard
or call 866-748-1585 for information about
the CareCredit Rewards Mastercard
and to manage your rewards.

The following is a summary of changes that are being made to your account terms. Unless otherwise noted, these changes will take effect on 03/15/20.

| Late Payment Fee | Up to $40. |
| --- | --- |

**Additional Information about the Late Payment Fee change**
We are increasing the Late Payment Fee applicable to your account. The Late Payment Fee terms in your credit card agreement will be replaced with the Late Payment Fee terms shown below. Please keep this important document for your records.

**"Late Payment Fee**
We will charge this fee if we do not receive the total minimum payment due on your account by 5 p.m. (ET) on the due date. This fee is equal to:
1. $29, if you have paid your total minimum payment due by the due date in each of the prior six billing cycles;
 OR
2. $40, if you have failed to pay your total minimum payment due by the due date in any one or more of the prior six billing cycles.
The late payment fee will never be more than the total minimum payment that was due."

**Minimum Payment:** We are changing the total minimum payment calculation on your account. The Minimum Payment Calculation terms in your credit card agreement will be replaced with the Minimum Payment Calculation terms shown below. Please keep this important document for your records.

**"Minimum Payment Calculation**
Your total minimum payment is calculated as follows.
The sum of:
a. For the new balance shown on your billing statement (excluding any balance attributable to a special promotional purchase with a unique payment calculation), the greater of:
(i) $29; or

(ii) 3.25% of the new balance shown on your billing statement; or

(iii) The sum of 1% of your new balance shown on your billing statement plus interest and late payment fees charged in the current billing cycle; PLUS
b. Any past due amounts; PLUS
c. Any payment due in connection with a special promotional purchase with a unique payment calculation.

We round up to the next highest whole dollar in figuring your total minimum payment. Your total minimum payment will never be more than your new balance."

# GET FIT @ HOME



**18 months** special financing on Bowflex purchases of $200 or more*

*Ring in the New Year with a healthier you — CareCredit can help!*

Use your card for the Bowflex® product that's right for you. Whichever one you choose, you'll have a healthy and convenient addition to your in-home fitness routine

**Call 1.800.952.6927 to purchase Bowflex®
using CareCredit or visit bowflex.com/carecredit.**



Bowflex Max Trainer® M7

*Subject to credit approval. Minimum monthly payments required. See carecredit.com for details.

CARECREDIT/SYNCHRONY BANK

DARRELL C BLOOMQUIST
Account Number : **6019 1834 9034 1039**
Statement Closing Date: 12/15/2017

synchrony FINANCIAL

| | |
|---|---|
| Previous Balance | $0.00 |
| + New Purchases | $300.50 |
| - Payments | $0.00 |
| +/- Credits, Fees & Adjustments (net) | $4.99 |
| +/- Interest Charge (net) | $0.00 |
| **New Balance** | **$305.49** |
| Credit Limit | $2,800.00 |
| Available Credit | $2,494.00 |
| **Days in Billing Period** | **16** |

Pay online for free at: mysynchrony.com
For Synchrony Bank customer service or to report your card lost or stolen, call (1-866-893-7864).

Best times to call are Wednesday - Friday.

| | |
|---|---|
| **New Balance** | **$305.49** |
| **Total Minimum Payment Due** | **$27.00** |
| **Payment Due Date** | **01/07/2018** |

**PAYMENT DUE BY 5 P.M. EASTERN ON THE DUE DATE.**
We may convert your payment into an electronic debit. See reverse side.

**Late Payment Warning:** If we do not receive your Total Minimum Payment Due by the Payment Due Date listed above, you may have to pay a late fee up to $38.00.

**Minimum Payment Warning:** Making only the Total Minimum Payment Due will increase the amount of interest you pay and the time it takes to repay your balance. For example:

| | Only the minimum payment | 14 months | $361.00 |
|---|---|---|---|

If you would like information about credit counseling services, call 1-877-302-8797.

YOU MUST PAY EACH PROMOTIONAL BALANCE IN FULL BY ITS EXPIRATION DATE TO AVOID PAYING DEFERRED INTEREST CHARGES. PLEASE SEE THE PROMOTIONAL PURCHASE SUMMARY SECTION ON THIS STATEMENT FOR FURTHER DETAILS. YOU HAVE A PROMOTION(S) EXPIRING ON 06/14/18.

\* NOTICE: See reverse side and additional pages (if any) for important information concerning your account.

Pay online at mysynchrony.com or enclose this coupon with your check. Please use blue or black ink.

CareCredit

| $27.00 | 01/07/2018 | $305.49 | 6019 1834 9034 1039 |
|---|---|---|---|

**Payment Enclosed : $ ☐☐☐☐☐ . ☐☐**

☐ New address or e-mail? Check the box at left and print changes on back

If you only pay the Total Minimum Due it may not pay off the Promotional Purchase by the Expiration Date.

DARRELL C BLOOMQUIST
1471 S 200 E
S SALT LAKE UT 84115-1613

Make Payment to: SYNCHRONY BANK
PO BOX 960061
ORLANDO, FL 32896-0061

00027000000000  000270000030549  000601918  3490341  03962

 **CareCredit** **Have a payment due to your provider? Pay online, anytime.**

Making care possible...today.

CareCredit offers a simple and secure way to pay your provider online using your CareCredit credit card, with promotional financing options* available.

## How it works:

  ➡   ➡

Payment due to your provider.

Pay at carecredit.com/paymyprovider with your CareCredit credit card*

Payment is sent and provider is notified.

*Subject to credit approval. Minimum monthly payment required.

**Learn more at carecredit.com/paymyprovider**

| Promotional Expiration Date | Promotional Balance | Deferred Interest Charge | Tran Date | Description | Initial Purchase Amount |
|---|---|---|---|---|---|
| 06/14/2018 | $300.50 | $3.57 | 11/29/2017 | Deferred Interest/No Interest if Paid in Full | $300.50 |

A summary of your promotional purchase is provided above.
If you have a DEFERRED INTEREST/NO INTEREST IF PAID IN FULL promotion: To avoid paying Deferred Interest Charges on these promotion(s), you must pay the entire applicable Promotional Balance by the Promotional Expiration Date. On a Fixed Payment (Extended Payment Plan) promotional purchase, the Interest Charge is billed monthly and included as part of the Minimum Payment due.

To make more than one payment see Make Payment To address or pay online at mysynchrony.com.

| Tran Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 11/29/2017 | 11/30/2017 | 8534812AELGBHD2W8 | REDWOOD VETERINARY HOSP TAYLORSVILLE UT | $300.50 |
| | | | DEFERRED INTEREST/NO INTEREST IF PAID IN FULL | |
| | | | **FEES** | |
| 12/15/2017 | 12/15/2017 | | Card Security 1-800-815-4051 | $4.99 |
| | | | **TOTAL FEES FOR THIS PERIOD** | **$4.99** |
| | | | **INTEREST CHARGED** | |
| 12/15/2017 | 12/15/2017 | | INTEREST CHARGE ON PURCHASES | $0.00 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | **$0.00** |

| | |
|---|---|
| Total Fees Charged in 2017 | $4.99 |
| Total Interest Charged in 2017 | $0.00 |
| Total Interest Paid in 2017 | $0.00 |

| Type of Balance | Expiration Date | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|---|
| Purchases | NA | 26.99% | $0.00 | $0.00 |
| Deferred Interest/No Interest If Paid In Full | 06/14/2018 | 26.99% | $302.17 | $0.00 |

This notice is to let you know about some promotional financing plans that may be available for you when you use your card for future purchases. This is only a summary of key terms. At times, we may offer you other promotional financing plans for certain purchases. Details of available promotions will be provided to you at the time of your transactions. Not all plans or all plan periods will be available at every retailer. For purposes of this notification, your **Purchase Annual Percentage Rate ("APR") is 26.99%.** See the Interest Charge Calculation section of this billing statement to determine if this APR is variable. If a (v) is shown next to your APR, this APR will vary with the market based on the prime rate. Subject to credit approval. Regular account terms apply to non-promotional purchases and, after promotion ends, to promotional purchase.

**No Interest if Paid Within Promotional Period**
(These can be advertised as Deferred Interest promotions)
Under this promotion, no Interest Charges will be assessed if the promotional purchase balance is paid in full within the promotional period. If the promotional purchase balance is not paid in full by the end of the promotional period, interest will be imposed from the date of purchase at the **Purchase APR** stated above. Minimum or fixed monthly payments are required. This promotion may be offered for periods of **6, 12, 18, or 24 months.**

**Please keep this for your records.** If you have any questions, please call us at the Customer Service number shown on your statement.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Exhibits B was served upon Synchrony Bank Registered Agent by the method indicated below on 03/18/26:

Synchrony Bank
c/o Registered Agent
CT Corporation System
1108 E. South Union Ave, suite 101
Midvale, Utah 84047

☐ Hand delivery
☒ U.S. Mail, postage prepaid
☐ Email
☐ Other: _____

**Darrell Clint Bloomquist**

# CERTIFICATE OF SERVICE

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH


**DARRELL CLINT BLOOMQUIST,**
Plaintiff,

v.

**SYNCHRONY BANK,**
**170 West Election Rd.**
**Draper, Utah 84020**
Defendant.

**Case No. 269902203**
**Judge Monague**

**CERTIFICATE OF SERVICE**
**UPDATED DECLARATION IN SUPPORT OF DAMAGES, MOTION FOR DEFAULT**
**JUDGEMENT, REQUEST FOR HEARING ON DEFAULT JUDGEMENT**


# I. SERVICE CERTIFICATION

I, Darrell Clint Bloomquist, hereby certify that I am over the age of eighteen (18) years and not a party to this action. I further certify that on **March 18, 2026,** I served a true and correct copy of the **MOTION FOR DEFAULT JUDGEMENT, REQUEST FOR HEARING ON MOTION FOR DEFAULT JUDGEMENT, AND UPDATED DECLARATION IN SUPPORT OF DAMAGES,** upon the following party by the method(s) indicated below:

## II. PARTYS SERVED

**Synchrony Bank**
**c/o Registered Agent:**
**CT Corporation System**
**1108 E South Union Ave, Suite 101**
**Midvale, UT 84047**


**Richard A. Russell (Utah Bar#6437)**

Attorney for Defendant
9519 W. Sahara Ave, suite 250
Las Vegas, NV 89117

## III. METHOD OF SERVICE

☐ **Hand Delivery** - By personally delivering a copy to the party or authorized agent

☒ **U.S. Mail, Postage Prepaid** - By depositing a copy in the United States Mail, first-class postage prepaid, addressed to the party at the address shown above

☐ **Certified Mail, Return Receipt Requested** - By depositing a copy in the United States Mail via certified mail with return receipt requested

☐ **Email Service** - By transmitting a copy via electronic mail to: _____

☐ **\*\*Facsimile Transmission\*\*** - By transmitting a copy via facsimile to:
**\*\*_____Facsimile Transmission_____**

**Other Method_____**

## IV. ADDITIONAL SERVICE DETAILS

**Time of Service:**
**Date of Service:**
**Tracking Number (if applicable):_____**
**Receipt Confirmation:☐ Yes ☐ No**

## V. DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the State of Utah that the foregoing certificate of service is true and correct, and that service was made in accordance with the Utah Rules of Civil Procedure.

**Executed on March 18, 2026, at Salt Lake City, Utah.**

*Darrell Clint Bloomquist* 3/18/26

**Darrell Clint Bloomquist**
**Plaintiff, Pro Se**
**1471 S 200 E**
**Salt Lake City, UT 84115-1613**
**801-259-5161**
**darrellbloomquist05@gmail.com**